IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENNETH GORDON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   No. 08 C 0377 |
| RICHARD DEVINE, Cook County State's | ) |
| Attorney, MERLE SHEARER, Assistant Cook | ) |
| County State's Attorney, UNKNOWN | ) |
| ASSISTANT STATE'S ATTORNEYS of the | ) |
| Cook County State's Attorney's Office, COUNTY | )   JUDGE ASPEN |
| OF COOK CHICAGO POLICE OFFICER | ) |
| DOERGE (Star #16110); CHICAGO POLICE | ) |
| OFFICER R. BALTAZAR (Star #10905); | )   Magistrate Judge Denlow |
| CHICAGO POLICE SERGEANT MARK | ) |
| O'CONNOR (Star #2384); UNKNOWN | ) |
| OFFICERS OF THE CHICAGO POLICE | ) |
| DEPARTMENT; and THE CITY OF CHICAGO; | )   JURY DEMAND |
| | ) |
| Defendants. | ) |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND
JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendant City of Chicago (the "City"), by its attorney Mara S. Georges, Corporation

Counsel, answers plaintiff's complaint and states:

**INTRODUCTION**

1.      From July 2001 and continuing thereafter until June 2007, Defendants County of
Cook and the City of Chicago, by and through the above-named Defendant Officers and
Defendant State's Attorneys engaged in a conspiracy to cause Plaintiff Kenneth Gordon to be
convicted by the Circuit Court of Cook County of possession of a stolen motor vehicle - a crime
he did not commit.  As a result of the conspiracy, Ken endured four and one half (4½) years of
wrongful incarceration, followed by one year and eight months of parole. In spite of the fact that
it became clear to Cook County and the State's Attorneys Office, immediately after the filing of
his Petition for Post-Conviction Relief, that Ken was innocent of the charges, Cook County and
the State's Attorney's Office prolonged the post-conviction proceedings.  They even offered to
release Ken one (1) month prior to his scheduled release date if, and only if, he waived his civil
rights claims against them.  Finally, in June 2007, more than a year after Ken's release from
prison, Ken's sentence was vacated and the Indictment against him was dismissed.  This lawsuit
followed.

**ANSWER:**      The City denies the allegations in this paragraph to the extent that they pertain to

the City.  Upon information and belief, based on records of the Circuit Court of Cook County, the City admits that plaintiff was convicted of possession of a stolen motor vehicle.  The City further admits, upon information and belief, based on Orders of the Circuit Court of Cook County, that plaintiff's sentence was vacated and that the indictment against him was dismissed. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

## JURISDICTION

2.      The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983, the Judicial Code, 28 U.S.C. §1331 and 1343(a); the 14th Amendment of the Constitution of the United States and supplementary jurisdiction, as codified in 28 U.S.C. §1367(a).

**ANSWER:**    The City admits that this Court has original and supplementary jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a), and 1367(a) in that plaintiff purports to bring this action pursuant to 42 U.S.C. § 1983, the Fourteenth Amendment to the United States Constitution, and state law.

## PARTIES

3.      The Plaintiff Kenneth Gordon, at all times material, was, a citizen of the State of Illinois and the United States.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

4.      Merle Shearer ("Shearer"), [sic] was an attorney licensed to practice law by the State of Illinois and was a duly-appointed and sworn Assistant Cook County State's Attorney at all times material and relevant to the incidents complained of in this complaint.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

5.      Richard A. Devine ("Devine"), was the duly-appointed and sworn Cook County State's Attorney and was the supervisor of Defendants Shearer and the Unknown State's Attorney's [sic] at all times material and relevant to the incidents complained of in this complaint.

**ANSWER:**      The City admits, upon information and belief, that Richard A. Devine was the

Cook County State's Attorney at all times material and relevant to the incidents complained of in

this complaint.  The City is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.

6.      Defendants, Unknown Assistant State's Attorney's [sic] ("Unknown State's Attorneys") are duly appointed and sworn Assistant Cook County State's Attorney [sic] at all times material and relevant to the incidents complained of in this complaint. (collectively, Defendants Devine, Shearer and the Unknown State's Attorneys will at times be referred to as the "Defendant State's Attorneys").

**ANSWER:**      The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

7.      The Defendant States [sic] Attorneys engaged in the wrongful conduct set forth below in the course of their employment and while on duty.  This action is brought against the State's Attorneys in their individual capacities.

**ANSWER:**      The City admits that plaintiff purports to sue the State's Attorneys in their

individual capacities.  The City is without knowledge or information sufficient to form a belief as

to the truth of the remaining allegations in this paragraph.

8.      Cook County is a county within the State of Illinois that employed the Defendant State's Attorneys.

**ANSWER:**      The City admits that Cook County is a county within the State of Illinois.  The

City is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in this paragraph.

9.      Chicago Police Officer Doerge (Star #16110)("Officer Doerge") was a duly-appointed and sworn police officer of the City of Chicago, Illinois on July 25, 2001, and at all other times relevant.

**ANSWER:**      Upon information and belief, based on Chicago Police Department ("CPD")

records, the City admits that Defendant Officer Doerge was a duly-appointed and sworn police officer of the City of Chicago, Illinois on July 25, 2001, and at all other times relevant to this Complaint.

10.     Chicago Police Officer Baltazar (Star # 10905)("Officer Baltazar") was a duly-appointed and sworn police officer of the City of Chicago, Illinois on July 25, 2001, and at all other times relevant.

**ANSWER:**     Upon information and belief, based on CPD records, the City admits that

Defendant Officer Baltazar was a duly-appointed and sworn police officer of the City of Chicago,

Illinois on July 25, 2001, and at all other times relevant to this Complaint.

11.     Chicago Police Officer Sergeant Mark O'Connor (Star # 2384)("Sgt. O'Connor"), was a duly-appointed and sworn police officer of the City of Chicago, Illinois on July 25, 2001 and at all other times relevant.

**ANSWER:**     Upon information and belief, based on CPD records, the City admits that

Defendant Sergeant O'Connor was a duly-appointed and sworn police officer of the City of

Chicago, Illinois on July 25, 2001, and at all other times relevant to this Complaint..

12.     Defendants, [sic] Unknown City Of Chicago Police Officers ("Unknown Officers") are duly-appointed and sworn police officers of the City of Chicago, County of Cook, in the State of Illinois.  (Officer Doerge, Officer Baltazar, the Unknown Officers and Sgt. O'Connor hereinafter will be at times collectively referred to as the "Defendant Officers").  The Defendant Officers engaged in the wrongful conduct set forth below in the course of their employment and while on duty.  The Defendant Officers are being sued in their individual capacity [sic].

**ANSWER:**     The City admits that plaintiff purports to sue the Defendant Officers in their

individual capacities.  Upon information and belief, based on CPD records, the City admits that

Defendants Officer Doerge, Officer Baltazar, and Sergeant O'Connor acted in the course of their

employment and while on duty at all times relevant to this Complaint. The City is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

in this paragraph.

13.     The City of Chicago, Illinois (the "City"), is a duly incorporated municipal corporation and is the employer and principal of the above-referenced Defendants.  At all times material to this Complaint, the Defendant Officers acted under color of state law, ordinance and/or regulation, statutes, customs and usages of the City of Chicago, Illinois.

**ANSWER:**     The City admits that it is a duly incorporated municipal corporation.  Upon information and belief, based on CPD records, the City further admits that Defendants Officer Doerge, Officer Baltazar, and Sergeant O'Connor were employed by the City of Chicago as Police Officers at all times material to this Complaint.  Additionally, the City admits, upon information and belief, based on CPD records, that Defendants Officer Doerge, Officer Baltazar, and Sergeant O'Connor acted under color of state law at all times material to this Complaint. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

14.     Each of the individual defendants are sued in their individual capacity, and each acted under color of state law and in the scope of their employment while engaging in the actions alleged in this complaint.

**ANSWER:**     The City admits that plaintiff purports to sue the individual defendants in their individual capacities.  Upon information and belief, based on CPD records, the City admits that Defendants Officer Doerge, Officer Baltazar, and Sergeant O'Connor acted under color of state law and in the scope of their employment at all times relevant to this Complaint.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

## FACTS COMMON TO ALL COUNTS

15.     On July 25, 2001, Ken was on his way to start a new job as a helper loading trucks.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

-5-

16.    On that date, at approximately 4:30 a.m., the Defendant Officers stopped Ken while he was driving his automobile at or around 931 N. Kilpatrick.

**ANSWER:**    Upon information and belief, based on CPD records, the City admits that, on July 25, 2001, at approximately 4:45 a.m., Officers Doerge and Baltazar stopped plaintiff while he was driving an automobile in the area of 931 North Kilpatrick.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

17.    The Defendant Officers did not have probable cause to believe that Ken had committed or was committing any crime in violation of the laws of the State of Illinois.  In fact, Ken had not committed and was not committing any crime in violation of the laws of the State of Illinois.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

18.    Nonetheless, the Defendant Officers arrested Ken.

**ANSWER:**    Upon information and belief, based on CPD records, the City admits that, on July 25, 2001, Officers Doerge and Baltazar arrested plaintiff.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

19.    The Defendant Officers prepared a false complaint and false police report in which they stated, either individually or on behalf of the alleged complaining witness, that Ken was in possession of a stolen vehicle, namely, "Arthur Johnson's vehicle," a 1995 Oldsmobile/Buick (the "Car").[1]  Ken was arrested and charged for allegedly possessing a stolen vehicle belonging to "Arthur Johnson."  Ken was never in possession of the Car.

**ANSWER:**    Upon information and belief, based on CPD records, the City admits that, on July 25, 2001, plaintiff was arrested for possession of a stolen motor vehicle.  The City further admits, upon information and belief, based on records of the Circuit Court of Cook County, that plaintiff

---

[1] The criminal Complaint identifies the Car as an Oldsmobile.  The Police Report identifies the Car as a Buick.

-6-

was charged with possession of a stolen motor vehicle. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and in footnote one.

20.     Based on the false complaint and police report prepared by the Defendant Officers and approved by the Cook County State's Attorney's Office, the State filed criminal complaint numbered 01135885 against Ken on July 26, 2001, and purportedly contained the signature of "Arthur Johnson."

**ANSWER:**     Upon information and belief, based on records of the Circuit Court of Cook County, the City admits that the Cook County State's Attorney's Office filed criminal complaint number 01135885 against plaintiff on July 26, 2001.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

21.     According to the criminal complaint, Ken allegedly committed the offense of being in possession of the Car, which had been stolen from Arthur Johnson.

**ANSWER:**     Upon information and belief, the City admits that, according to criminal complaint number 01135885, plaintiff committed the offense of possession of a stolen motor vehicle.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

22.     Although the State purported that Arthur Johnson signed the criminal complaint described above, the complainant's name section indicated that the complainant was "Arthur Johnson/Todd Johnson."

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

23.     Neither Todd Johnson nor Arthur Johnson signed the criminal complaint. Moreover, neither Todd Johnson nor Arthur Johnson authorized the Chicago Police Department to sign the criminal complaint on their behalf.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

24.    More importantly, on July 25, 2001, neither Arthur Johnson nor Todd Johnson owned the Car.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

25.    On August 16, 2001, criminal complaint against Ken number 01135885 was superseded by indictment #01-CR-13901.

**ANSWER:**    Upon information and belief, based on records of the Circuit Court of Cook County, the City admits that criminal complaint number 01135885 was superseded by direct indictment number 01CR19301, on or about August 16, 2001.

26.    On said indictment, Ken was charged with a violation of 625 ILCS 5/4-103(a)(l) for receiving or possessing a stolen vehicle and with a violation of 720 ILCS 5-19-2 for possession of burglary tools.

**ANSWER:**    Upon information and belief, based on records of the Circuit Court of Cook County, the City admits the allegations in this paragraph.

27.    Count I of said indictment alleged that Ken possessed Arthur Johnson's 1995 Oldsmobile on July 25, 2001, and that he knew that the vehicle was stolen or converted. Count II claimed that Ken possessed burglary tools with the intent to commit a motor vehicle theft on July 25, 2001.

**ANSWER:**    Upon information and belief, based on records of the Circuit Court of Cook County, the City admits the allegations in this paragraph.

28.    On August 13, 2001, Officer Doerge appeared before a Grand Jury of Cook County.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

29.    The Cook County State's [sic] the Defendant State's Attorneys directed Officer Doerge's testimony.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

30.     During the grand jury proceedings, the Defendant State's Attorneys asked Officer Doerge if he spoke with the owner of the allegedly stolen vehicle, Arthur Johnson.  Doerge intentionally and falsely answered, "yes" in response to the Defendant State's Attorneys [sic] question, indicating that he personally spoke with Arthur Johnson.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

32.     Furthermore, during the grand jury proceedings, Officer Doerge knowingly and falsely testified that Arthur Johnson told him that he did not give Ken permission or authority to possess his vehicle.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

33.     After the Officer's false testimony the Grand Jury indicted Ken for the charges brought against him.

**ANSWER:**     Upon information and belief, based on records of the Circuit Court of Cook County, the City admits that the Grand Jury indicted plaintiff for the charges brought against him. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

34.     On September 6, 2001, the criminal case against Ken was first brought before the Honorable Judge Daniel Darcy.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

35.     On that date, the Defendant State's Attorneys represented Richard Devine and the States [sic] Attorney's Office of Cook County.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

36.     Ken was arraigned on September 6, 2001, and the case was continued until September 20, 2001.

**ANSWER:**     Upon information and belief, based on records of the Circuit Court of Cook

County, the City admits the allegations in this paragraph.

37.     On September 20, 2001, Case No. 01-CR-19301 was first brought before the Honorable Judge Vincent M. Gaughan.  On that date, the State of Illinois and Richard Devine were represented by the Defendant State's Attorneys.

**ANSWER:**    Upon information and belief, based on records of the Circuit Court of Cook

County, the City admits that case number 01CR19301 was before the Honorable Judge Vincent

M. Gaughan on September 20, 2001.   The City is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in this paragraph.

38.     On that date, Ken's attorney, an assistant public defender, informed the court that the matter could be set down for a bench trial.  Ken's attorney informed the court that they were missing the complaining witness' report that the Car had been stolen.  The case was continued until November 1, 2001.

**ANSWER:**    Upon information and belief, based on records of the Circuit Court of Cook

County, the City admits that the case was continued to November 21, 2001.  The City is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

in this paragraph.

39.     On November 1, 2001, the matter was continued until December 12, 2001.

**ANSWER:**    Upon information and belief, based on records of the Circuit Court of Cook

County, the City admits the allegations in this paragraph.

40.     On December 12, 2001, the Defendant State's Attorneys indicated to the court that the State was not ready to proceed at trial, but gave no reason as to why the State was not ready to proceed at trial.  The matter was continued until February 13, 2002.

**ANSWER:**    Upon information and belief, based on records of the Circuit Court of Cook

County, the City admits that the matter was continued to February 13, 2002.  The City is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

in this paragraph.

41.     However, on February 6, 2002, the criminal case against Ken was advanced and called.  At that time, the Defendant State's Attorneys represented the State and Richard Devine.

**ANSWER:**     Upon information and belief, based on records of the Circuit Court of Cook County, the City admits that plaintiff's criminal case was called on February 6, 2002.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

42.     On that date, the Defendant State's Attorneys informed the court that the State was not ready for trial because the "victim" was not present, thereby implying that they had spoken to Arthur Johnson when they had not.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

43.     Furthermore, on February 6, 2002, the Defendant State's Attorneys stated to the court that the State was still seeking to get vehicle records for the Car and, therefore, needed a continuance.  The matter was continued until March 14, 2002.

**ANSWER:**     Upon information and belief, based on records of the Circuit Court of Cook County, the City admits that the matter was continued to March 14, 2002.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

44.     On March 14, 2002, the State and Richard Devine, represented by the Defendant State's Attorneys were again not ready for trial.  The Defendant State's Attorneys informed the court that Officer Baltazar was injured and could not appear on this date.  The matter was continued until April 8, 2002.

**ANSWER:**     Upon information and belief, based on records of the Circuit Court of Cook County, the City admits that the matter was continued to April 8, 2002.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

45.     On April 8, 2002, Defendant Shearer represented the State and Richard Devine. Although the matter had been set for trial, Shearer informed the court that the State was not ready for trial because two officers were out of town or could not be located.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.


46.    Also, on April 8, 2002, the State and Richard Devine, by and through the Defendant States [sic] Attorneys, filed an answer to discovery in the Plaintiff's criminal matter intentionally and falsely indicating that the State may call "Arthur 'Todd' Johnson" as a witness, in spite of the fact that no one named Arthur Todd Johnson existed.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.


47.    Additionally, on April 8, 2002, the State and Richard Devine, by and through the Defendant States [sic] Attorneys, stated that both a representative of Bionic Auto Parts and Sales, Inc. and Representatives of Tech. Credit Union might be called to testify.  Secretary of State records subsequently obtained demonstrated that Bionic obtained a salvage certificate for the vehicle in late 2001.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.


48.    Clearly, the Defendant States [sic] Attorney who filed this discovery answer had obtained the names of these individuals from the Secretary of State Motor Vehicle Records. Those records, though requested, were never tendered to Ken's defense counsel.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.


49.    Despite the Defendants' intentionally false statement that they would call Arthur "Todd" Johnson, there was no one by that name relevant to Ken's criminal proceedings.

**ANSWER:**    The City denies the allegations in this paragraph to the extent that they pertain to

the City.  The City is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.


50.    On April 8, 2002, the Defendant, Shearer also intentionally and falsely indicated to the court that the State and Richard Devine would tender any copies of automobile records it received to Ken's criminal defense counsel.  Those automobile records were intentionally never tendered to defense counsel.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

51.    On April 25, 2002, Ken's criminal matter was set for a bench trial.  Shearer, represented the State of Illinois and Richard Devine.  The Cook County Public Defenders [sic] Office, by and through Craig Rosenthal, represented Ken.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

52.    Just prior to the bench trial on April 25, 2002, outside of the courtroom, Shearer intentionally and falsely informed Craig Rosenthal that the "owner" of the vehicle, Todd Johnson, was on "phone hold" and was willing and available to testify at trial that day.  Shearer also falsely and intentionally represented to Craig Rosenthal that the owner of the car had no criminal background.  Shearer made these misrepresentations in order to induce Craig Rosenthal to enter into a stipulation.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

53.    On April 25, 2002, Craig Rosenthal spoke with the individual Shearer identified as Todd Johnson "phone hold."  That individual falsely and intentionally identified himself as Todd Johnson, the owner of the Car.  This individual related to Craig Rosenthal that the Car was in perfect condition at the time that the car was stolen.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

54.    Based upon the false representations made by Shearer and the phone conversation with the alleged owner of the subject vehicle, Craig Rosenthal agreed to stipulate to the ownership/lack of consent element at Ken's criminal bench trial.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

55.    Shearer entered a stipulation into the Court Record indicating that he had spoken with the owner of the Car, Todd Johnson, and that if called to testify, Johnson would state that he was the owner of the Car, that the Car was in working condition, and that he had not given Ken permission to drive or use the Car.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

56.    At this time and at all relevant times before the April 25, 2002, proceedings, the Defendants had knowledge that neither Todd Johnson nor Arthur Johnson owned the Car on July 25, 2001.  In fact, based on the records of the Illinois Secretary of State in the possession or control of the Defendants, the owner of the vehicle on July 25, 2001, was Go America Auto Insurance, Inc.

**ANSWER:**    The City denies the allegations in this paragraph to the extent that they pertain to

the City.  The City is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.


57.    Upon investigating Ken's allegations in his Petition For Post-Conviction Relief ("Petition"), appointed post-conviction appellate counsel contacted the Illinois Secretary of State for a Title and Registration Search for the subject vehicle allegedly possessed by Ken.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.


58.    The Illinois Secretary of State thereafter conducted a prompt Title and Registration Search for a 1995 Oldsmobile Aurora, VIN #1G3GR62C8S41311039 which had a title number of Tl304132027 on October 31, 2001 and an Illinois License Plate #54447PV.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.


59.    Upon information received from the Secretary of State, post-conviction appellate counsel confirmed that "Todd Johnson" was not the owner of the subject vehicle on July 25, 2001, "Todd Johnson" surrendered Title to the vehicle on May 14, 2001, and Go America Insurance possessed the subject vehicle.  In September 2001 a salvage certificate was issued to Bionic Auto Parts for the Car, as such, at the time of the trial, Bionic Auto Parts was the owner of the salvage certificate for the Car.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.


60.    The information also revealed that no one named "Arthur Johnson" ever owned, possessed, or controlled the Car that was allegedly stolen by Ken.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

-14-

61.    As a result of their investigation the Defendants possessed actual knowledge that no one named "Arthur Johnson" ever owned or possessed the subject vehicle.  The Defendants nonetheless proceeded to prosecute Ken.

**ANSWER:**    The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

62.    It then and there became apparent that after the Defendants obtained these vehicle records that the indictment in Ken's criminal case naming "Arthur Johnson" as the owner of vehicle was fatally defective and false.  The Defendants nonetheless proceeded to prosecute Ken.

**ANSWER:**    The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

63.    After obtaining the vehicle records, the Defendants had actual knowledge that "Todd Johnson" did not own the subject vehicle on July 25, 2001. The Defendants nonetheless proceeded to prosecute Ken.

**ANSWER:**    The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

64.    Furthermore, on the date of trial, April 25, 2002, Shearer knowingly and intentionally misrepresented to Craig Rosenthal that the "owner" was on "phone hold" when in fact neither Arthur Johnson nor Todd Johnson were the owner of the car and neither Arthur Johnson nor Todd Johnson were on "phone hold."  Notably the Defendants did not advise Ken, Ken's counsel, and/or the Court of the facts outlined in paragraphs 55-64 above.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

65.    Shearer knew the misrepresentations he made to Craig Rosenthal were false at the time he made them and were made to induce Craig Rosenthal into believing that the testimony of either Arthur Johnson or Todd Johnson could establish the element of ownership/lack of consent at Ken's criminal trial.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

66.    The State's Attorneys Defendants and the Defendant Officers, representing the City of Chicago, the County of Cook, the State of Illinois and Richard Devine, entered into a conspiracy to knowingly use false police reports, false criminal complaints, false testimony and deceptive conduct in order to convict Ken at his bench trial on April 25, 2002.

**ANSWER:**    The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

67.    On April 25, 2002, Ken was found guilty of violating 625 ILCS 5/4-103(a)(l), possession of a stolen motor vehicle.  Ken was found not guilty on the charge of burglary tools (720 ILCS 5/19-2).

**ANSWER:**    Upon information and belief, based on records of the Circuit Court of Cook County, the City admits that plaintiff was found guilty of violating 625 ILCS 5/4-103(a)(1), possession of a stolen motor vehicle.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

68.    On May 23, 2002, Ken was sentenced to nine years of incarceration at the Illinois Department of Corrections.

**ANSWER:**    Upon information and belief, based on records of the Circuit Court of Cook County, the City admits the allegations in this paragraph.

69.    On February 23, 2004, Ken timely filed his Petition for Post-Conviction Relief ("Petition"), alleging, *inter alia*, substantial violations of Ken's civil rights through the prosecutorial misconduct of the Illinois State's Attorney's Office and violation of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).  On February 24, 2005, Ken's Petition was amended.

**ANSWER:**    Upon information and belief, based on records of the Circuit Court of Cook County, the City admits that plaintiff's Petition for Post-Conviction Relief was filed on February 23, 2004.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

70.    Upon receiving the Petition, the Defendant State's Attorneys were again apprised of the fact that Ken had been wrongfully convicted for a crime he did not commit.  The Defendant State's Attorneys did nothing to assist Ken in achieving justice.  Instead, the Defendant State's Attorneys delayed Ken's post-conviction proceedings and vigorously opposed them in an effort to protect their own interests, in spite of the fact that they knew that gross prosecutorial misconduct had taken place and that Ken was innocent of the charges.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

71.    Moreover, in an outrageous effort to conceal this misconduct the Defendant State's Attorneys offered to release Ken one (1) month prior to his scheduled release date if, and only if he would waive any potential civil rights claims against the Defendants in violation of their ethical duties under the Illinois Rules of Professional Conduct.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

72.    The acts complained of by the Defendant State's Attorneys in paragraphs 70 and 71 above were taken outside of the scope of their prosecutorial functions, as Ken had already been convicted.  The Defendant State's Attorneys purposefully concealed and delayed Ken's post-conviction proceedings in an effort to protect themselves from embarrassment, as well as potential liability.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

73.    Ken served four and one-half (4½) years in prison as a result of the conviction. Ken was released from incarceration and placed on parole for one year and eight months.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

74.    On June 14, 2007, nearly six years after Ken's wrongful arrest and prosecution, the Honorable Judge Vincent Gaughan granted Ken's Petition for Post-Conviction Relief, dismissed the indictment against Ken and vacated his conviction and sentence.

**ANSWER:**    Upon information and belief, based on records of the Circuit Court of Cook County, the City admits that, on June 14, 2007, the Honorable Judge Vincent Gaughan granted plaintiff's Supplemental Petition for Post-Conviction Relief, dismissed the indictment against

plaintiff, and vacated plaintiff's conviction and sentence. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

75.    Ken suffered enormous damages and injuries as a direct and proximate result of the misconduct of the Defendants outlined above. Ken spent more than four and a half years in prison for a crime of which he was completely innocent, not knowing whether he would ever be successful in proving the wrongfulness of his incarceration. Following his arrest, Ken was separated from his friends and family. He was also deprived of an opportunity to raise his two young children.

**ANSWER:**    The City denies the allegations in this paragraph to the extent that they pertain to the City. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

76.    Ken's years of incarceration were lonely and arduous. In addition to the loss of his relationship with his friends and family, Ken was deprived of opportunities to pursue a vocation and live as a free citizen.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

77.    While incarcerated, Ken suffered daily humiliations and indignities. Ken worked for virtually nothing while in prison. Ken anguished daily at his loss of freedom and the suffering his children were forced to endure in his absence.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

78.    Following his release from custody, Ken struggled with learning and pursuing a vocation while on parole and under the stigma of being a convicted felon. Ken suffered and continues to suffer from a feeling that life's opportunities have been stolen from him.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## COUNT I
## 42 USC § 1983 – DUE PROCESS

79.     Ken repeats and re-alleges paragraphs 1 through 78 above as if fully set forth herein.

**ANSWER:**     The City restates and realleges its answers to paragraphs 1 through 30 and paragraphs 32 through 78 as if stated here.  The City states that the Complaint does not include paragraph 31.

80.     As described more fully above, all of the Defendants, while acting individually, jointly and in conspiracy, as well as under color of law and within the scope of their employment, deprived Ken of his constitutional rights to a fair trial.

**ANSWER:**     The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

81.     In the manner described above, the Defendants deliberately withheld exculpatory evidence and fabricated false arrest reports, indictments, criminal complaints, suborned perjured [sic], attempted to conceal facts and delayed Ken's post-conviction proceedings, thereby misleading and misdirecting the criminal prosecution and post-conviction proceedings of Ken. Moreover, in connection with the post-conviction proceedings the Defendant State's Attorneys attempted to corerce [sic] ken [sic] to waive his civil rights.  Absent this misconduct the arrest, prosecution, incarceration and defense of the post-conviction proceedings, Ken could not and would not have been pursued, obtained, arrested and/or incarcerated.

**ANSWER:**     The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

82.     The Defendants' misconduct directly resulted in the unjust criminal conviction of Ken, thereby denying him of his constitutional right to a fair trial, fair appeal and fair post-conviction proceedings, in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

**ANSWER:**     The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

83.    As a result of this deprivation of his constitutional right to a fair trial, Ken suffered injuries, including, but not limited to, emotional distress as more fully alleged above.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

84.    The conduct described in this Count was objectively unreasonable and was undertaken with willful indifference to Ken's constitutional rights.

**ANSWER:**    The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

WHEREFORE, the City prays that this Court enter judgment in its favor on plaintiff's complaint, award it such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## COUNT II
## 42 USC § 1983 – CONSPIRACY

85.    Ken repeats and re-alleges paragraphs 1 through 84 above as if fully set forth herein.

**ANSWER:**    The City restates and realleges its answers to paragraphs 1 through 30 and 32 through 84 as if stated here.  The City states that the Complaint does not include paragraph 31.

86.    The Individual Defendants reached an agreement amongst themselves to falsely charge and prosecute Ken and violate Ken's constitutional rights as described above.  Moreover, the Individual Defendants conspired to prevent Ken's exoneration in connection with the post-conviction proceedings and specifically attempted to conceal the fact that prosecutorial misconduct had taken place by brokering a deal with Ken that would have involved waiving his civil rights and by delaying the post-conviction proceedings.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

87.    Each Defendant conspired to violate Ken's constitutional and civil rights by wrongfully charging and convicting Ken of charges he was innocent of and concealing their

-20-

wrongful conduct through, *inter alia*, manufacturing and withholding evidence, depriving Ken of exculpatory evidence and information to which he was lawfully entitled and which would have led to his more timely exoneration of the false charges described above.

**ANSWER:**    The City denies the allegations in this paragraph to the extent that they pertain to

the City.  The City is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.

88.    Moreover, the Defendant State's Attorneys conspired to delay Ken's post-conviction proceedings in an effort to conceal the truth, prolong the proceedings until Ken's ultimate release and/or convince Ken to waive his civil rights in an effort to promote their own interests and prevent embarrassment.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

89.    In this manner, the Individual Defendants, acting in concert with other unknown co-conspirators, have conspired by concerted action to accomplish an unlawful purpose by unlawful means.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

90.    In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint unlawful activity.

**ANSWER:**    The City denies the allegations in this paragraph to the extent that they pertain to

the City.  The City is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.

91.    As a direct and proximate result of the illicit prior agreement referenced above, Ken's civil rights were violated.  He also suffered injuries, including, but not limited to emotional distress, as described more fully above.

**ANSWER:**    The City denies the allegations in this paragraph to the extent that they pertain to

the City.  The City is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.

92.    The misconduct described above in this Count was taken with malice, willfulness and reckless indifference to Ken's rights.

**ANSWER:**    The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

WHEREFORE, the City prays that this Court enter judgment in its favor on plaintiff's complaint, award it such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## COUNT III
## 42 USC § 1983 – FAILURE TO INTERVENE

93.    Ken repeats and re-alleges paragraphs 1 through 92 above as if fully set forth herein.

**ANSWER:**    The City restates and realleges its answers to paragraphs 1 through 30 and 32 through 92 as if stated here.  The City states that the Complaint does not include paragraph 31.

94.    In the manner described above, during the constitutional violations described above, one or more of the Defendants (and other as-yet-unknown individuals) stood by without intervening to prevent this misconduct.

**ANSWER:**    The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

95.    As a result of this failure to intervene to prevent the Defendants from violating Ken's constitutional rights, Ken suffered injuries, including, but not limited to, emotional distress, as more fully alleged above.

**ANSWER:**    The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

96.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Ken's constitutional rights.

**ANSWER:**    The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

WHEREFORE, the City prays that this Court enter judgment in its favor on plaintiff's complaint, award it such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## COUNT IV
## STATE LAW CLAIM – MALICIOUS PROSECUTION

97.    Ken repeats and re-alleges paragraphs 1 through 96 above as if fully set forth herein.

**ANSWER:**    The City restates and realleges its answers to paragraphs 1 through 30 and 32 through 96 as if stated here.  The City states that the Complaint does not include paragraph 31.

98.    The Defendants caused criminal prosecutions to commence against Ken.

**ANSWER:**    The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

99.    The Defendant Officers, employed by the City of Chicago, and the Defendant State's Attorney's [sic], employed by the County of Cook, maliciously commenced and caused to be continued criminal actions against Ken without probable cause for the institution of the proceedings.  These judicial proceedings were instituted and continued maliciously, and all such proceedings were terminated in Ken's favor in a manner indicative of his innocence.   As a result Ken was injured emotionally, financially and otherwise as set forth more fully above, and lost certain constitutionally-protected liberties and related rights.

**ANSWER:**    Upon information and belief, based on CPD records, the City admits that Defendants Officer Doerge, Officer Baltazar, and Sergeant O'Connor are employed by the City of Chicago as Police Officers.  The City is without knowledge or information sufficient to form

-23-

 a belief as to the truth of the remaining allegations in this paragraph.

100.    The Defendants accused Ken as a perpetrator of criminal activity knowing those accusations to be without probable cause and knowing Ken to be innocent.  The Defendant State's Attorney's [sic] initiated the criminal prosecution of Ken knowing that Ken was innocent of said charges.  The Defendant Officers made false statements in complaints, reports, and orally to the Court and Grand Jury with the intent of exerting influence to institute and continue judicial proceedings.

**ANSWER:**    The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

101.    The Defendant State's Attorney's and Defendant Officer's actions were taken with knowledge that Ken was innocent of the charges.  The Defendant Officers [sic] statements regarding Ken's alleged guilt were made with knowledge that such statements were false and perjured.  All of the Defendants fabricated evidence and withheld exculpatory information.

**ANSWER:**    The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

102.    The misconduct described in this Count was undertaken with malice, willfulness and reckless indifference to Ken's civil rights.

**ANSWER:**    The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

103.    As a result of this misconduct Ken suffered injuries as described more fully above, including, but not limited to, emotional distress.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

104.    Moreover, Ken has been caused to incur substantial legal fees in connection with the initiation and prosecution of this action.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the

-24-

truth of the allegations in this paragraph.

WHEREFORE, the City prays that this Court enter judgment in its favor on plaintiff's complaint, award it such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## COUNT V
## STATE LAW CLAIM - CONSPIRACY

105.    Ken repeats and re-alleges paragraphs 1 through 104 above as if fully set forth herein.

**ANSWER:**    The City restates and realleges its answers to paragraphs 1 through 30 and 32 through 104 as if stated here.  The City states that the Complaint does not include paragraph 31.

106.    As described more fully above, the Defendant Officers and Defendant State's Attorney's [sic], acting in concert with other known and unknown co-conspirators, conspired by concerted action to accomplish an unlawful purpose by unlawful means.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

107.    In furtherance of the conspiracy, the Defendants committed overt acts and were otherwise willful participants in joint activity.

**ANSWER:**    The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

108.    The misconduct described in this Count was undertaken with malice, willfulness and reckless indifference to Ken's rights.

**ANSWER:**    The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

109.    As a proximate result of Defendants' conspiracy, Ken suffered injuries, as described above, including, but not limited to, emotional distress.

**ANSWER:**    The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

WHEREFORE, the City prays that this Court enter judgment in its favor on plaintiff's complaint, award it such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

### COUNT VI
### STATE LAW CLAIM
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

110.    Ken repeats and re-alleges paragraphs 1 through 110 above as if fully set forth herein.

**ANSWER:**    The City restates and realleges its answers to paragraphs 1 through 30 and 32 through 109 as if stated here.  The City states that the Complaint does not include paragraph 31.

111.    The acts and conduct of the individual Defendants as set forth above were extreme and outrageous.  The Defendants intended to cause and were in reckless disregard of the probability that their conduct would cause severe emotional distress to Ken, as is more fully alleged above.

**ANSWER:**    The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

112.    The Individual Defendants' actions and conduct did directly and proximately cause severe emotional distress to Ken, and thereby constituted intentional infliction of emotional distress.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

113.    The misconduct described in this Count was undertaken with malice, willfulness and reckless indifference to the rights of Ken.

**ANSWER:**    The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

114.    As a proximate result of Defendants' wrongful acts, Ken suffered injuries, as described above, including, but not limited to, emotional distress.

**ANSWER:**    The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

WHEREFORE, the City prays that this Court enter judgment in its favor on plaintiff's complaint, award it such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## COUNT VII
## 42 USC § 1983 - UNLAWFUL ARREST

115.    Ken repeats and re-alleges paragraphs 1 through 115 above as if fully set forth herein.

**ANSWER:**    The City restates and realleges its answers to paragraphs 1 through 30 and 32 through 114 as if stated here.  The City states that the Complaint does not include a paragraph 31.

116.    This Count is brought pursuant to the 42 U.S.C. § 1983 and the Constitution of the United States.

**ANSWER:**    The City admits that plaintiff purports to bring this Count pursuant to 42 U.S.C. § 1983 and the Constitution of the United States.

117.    The Defendant Officers caused Ken to be arrested even though the Defendant Officers were void of any justifiable basis for the arrest and lacked probable cause for the arrest, in violation of the Fourth Amendment to the United States Constitution.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

118.     The aforementioned actions of the Defendant Officers proximately caused Ken to be deprived of his Fourth Amendment rights to be free from arrest to which probable cause as to the arrest did not exist.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

WHEREFORE, the City prays that this Court enter judgment in its favor on plaintiff's complaint, award it such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.


## COUNT VIII
## FALSE ARREST

119.     Ken repeats and re-alleges paragraphs 1 through 119 above as if fully set forth herein.

**ANSWER**:     The City restates and realleges its answers to paragraphs 1 through 30 and 32 through 118 as if stated here.  The City states that the Complaint does not include a paragraph 31.

120.     The Defendant Officers caused Ken to be arrested even though the Defendant Officers were void of any justifiable basis for the arrest and lacked the probable cause for the arrest, in violation of the Forth Amendment to the United States Constitution and the Sixth Amendment to the Illinois Constitution.

**ANSWER**:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

121.     As a result of the Defendant Officer's unlawful arrest of Ken he was restrained without reason and deprived of his freedom without cause.

**ANSWER**:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

122.    The aforementioned actions of the Defendant Officers proximately caused Ken to be deprived of his Fourth Amendment right to be free from arrest to which probable cause as to the arrest did not exist.

**ANSWER**:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

WHEREFORE, the City prays that this Court enter judgment in its favor on plaintiff's complaint, award it such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## COUNT IX
## NEGLIGENCE - WILLFUL AND WANTON CONDUCT

123.    Ken repeats and re-alleges paragraphs 1 through 122 above as if fully set forth herein.

**ANSWER:**    The City restates and realleges its answers to paragraphs 1 through 30 and 32 through 122 as if stated here.  The City states that the Complaint does not include a paragraph 31.

124.    The Defendants, [sic] owed Ken a duty to exercise reasonable care during their interactions with Ken, including Ken's restraint, detention, arrest and prosecution.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

125.    The Defendants engaged in the following willful and wanton negligent conduct:

    a.    Arrested the Ken [sic] without reason and without probable cause;
    b.    Caused Ken to remain in a jail for an extended period of time;
    c.    Failed to intervene when Ken was being restrained, arrested, prosecuted and incarcerated;
    d.    Failed to intervene when Ken was restrained, arrested, prosecuted and incarcerated; and
    e.    Acted with reckless disregard for the civil rights of Ken.

**ANSWER:**    The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

126.   The City and County knew and/or should have known that their practices and policies caused their employees to violate the civil rights of citizens, including, but not limited to Ken.

**ANSWER:**   The City denies the allegations in this paragraph to the extent that they pertain to the City.  Specifically, the City denies that its practices and policies caused its employees to violate the civil rights of citizens, including, but not limited to, plaintiff.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

127.   Moreover, neither the City nor County have implemented policies and procedures to address the issues raised by Ken's petition for post-conviction relief, namely, clear evidence that a constitutional violation has taken place and an innocent man has been convicted of a crime he had not committed.  In this regard the City and County lacked adequate remedial measures to avoid the type of harm inflicted on Ken.

**ANSWER:**   The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

128.   Officials with final policy-making authority ratified and/or condoned the behavior of the Defendant Officers and Defendant State's Attorneys in affecting Ken's arrest, incarceration and conviction.  Moreover, these individuals allowed for the continued incarceration of Ken throughout the post-conviction proceedings by not requiring that the Defendant State's Attorneys withdraw any objection to Ken's post-conviction relief. Instead, the City and/or County authorized the Defendant State's Attorneys to offer Ken a deal in exchange for his civil rights claims.

**ANSWER:**   The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

128.   [sic] As a proximate result of the above-referenced conduct, Ken sustained injuries, endured pain and suffering and sustained further damages.

**ANSWER:**   The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

WHEREFORE, the City prays that this Court enter judgment in its favor on plaintiff's complaint, award it such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

### COUNT X
### VIOLATION OF 745 ILCS 10/9-102
### V. CITY OF CHICAGO

129.    Plaintiff re-alleges, restates and incorporates paragraphs one through 128 above as if fully set forth herein.

**ANSWER:**    The City restates and realleges its answers to paragraphs 1 through 30 and 32 through 128 as if stated here.  The City states that the Complaint does not include a paragraph 31. The City further states that there are two paragraphs numbered 128.

130.    The Defendant Officers were at all times relevant to this complaint employees of the City of Chicago, Illinois, and engaged in the conduct complained of in the course and scope of their employment and while they were on duty.

**ANSWER:**    Upon information and belief, based on CPD records, the City admits that Defendants Officer Doerge, Officer Baltazar, and Sergeant O'Connor were employees of the City of Chicago at all times relevant to this complaint.  The City further admits, upon information and belief, based on CPD records, that Defendants Officer Doerge, Officer Baltazar, and Sergeant O'Connor acted in the course and scope of their employment and while they were on duty at all times relevant to this Complaint.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

131.    Pursuant to 745 ILCS 10/9-102:

A local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages (and may pay any associated attorney's fees and costs) for which it or an employee while acting within the scope of his employment is liable in the manner provided in this Article.

**ANSWER:**    The City admits that plaintiff has accurately quoted a portion of 745 ILCS 10/9-

102, but denies that plaintiff has completely and accurately stated the City's liability under Illinois law.

132.    The City of Chicago is the employer and principal of the Defendant Officers.

**ANSWER:**    Upon information and belief, based on CPD records, the City admits that Defendants Officer Doerge, Officer Baltazar, and Sergeant O'Connor are employed by the City of Chicago.   The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

133.    The aforesaid acts of Defendant Officers were in the scope of their employment as Officers with the Police Department for the City of Chicago and under color of law and therefore the Defendant, the City of Chicago, as principal of [sic] is liable for the actions of its agents under 745 ILCS 10/102.

**ANSWER:**    Upon information and belief, based on CPD records, the City admits that Defendants Officer Doerge, Officer Baltazar, and Sergeant O'Connor were acting within the scope of their employment as Chicago Police Officers and under the color of state law at all times relevant to this Complaint.   The City states that plaintiff's allegation that the City, as principal, is liable for the actions of its agents under 745 ILCS 10/102 is a vague, incomplete, and/or incorrect statement of the nature of the City's liability under Illinois law; therefore, that allegation is denied.   The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

WHEREFORE, the City prays that this Court enter judgment in its favor on plaintiff's complaint, award it such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## COUNT XI
## RESPONDEAT SUPERIOR V. CITY OF CHICAGO AND COUNTY OF COOK

134.    Plaintiff re-alleges, restates and incorporates paragraphs one through 133 above as if fully set forth herein.

-32-

**ANSWER:**    The City restates and realleges its answers to paragraphs 1 through 30 and 32

through 133 as if stated here.  The City states that the Complaint does not include a paragraph 31.

The City further states that there are two paragraphs numbered 128.


135.    The Defendant Officers were employees of the City of Chicago, and engaged in
the conduct complained of in the course and scope of their employment while they were on duty.

**ANSWER:**    Upon information and belief, based on CPD records, the City admits that

Defendants Officer Doerge, Officer Baltazar, and Sergeant O'Connor were employees of the City

of Chicago at all times relevant to this Complaint.  The City further admits, upon information and

belief, based on CPD records, that Defendants Officer Doerge, Officer Baltazar, and Sergeant

O'Connor acted in the course and scope of their employment and while they were on duty at all

times relevant to this Complaint.   The City is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in this paragraph.


136.    The Defendant State's Attorney's [sic] were employees of the County of Cook, and
engaged in the conduct complained of in the course and scope of their employment while they
were on duty.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.


137.    The acts of the Defendant Officers and Defendant State's Attorney's [sic] were in
the scope of their employment as officers with the City of Chicago and State's Attorney's of the
County of Cook, respectively, were willful and wanton, and therefore the Defendants, the City of
Chicago and County of Cook, as principals are liable for the actions of their agents under the
doctrine of *respondeat superior*.

**ANSWER:**    Upon information and belief, based on CPD records, the City admits that

Defendants Officer Doerge, Officer Baltazar, and Sergeant O'Connor were acting within the

scope of their employment as Chicago Police Officers at all times relevant to this Complaint.

The City states that plaintiff's allegation that the City, as principal, is liable for the actions of its

agents under the doctrine of *respondeat superior* is a vague, incomplete, and/or incorrect

statement of the nature of the City's liability under Illinois law; therefore, that allegation is

-33-

denied.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

WHEREFORE, the City prays that this Court enter judgment in its favor on plaintiff's complaint, award it such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1.    The Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act") does not require the City to pay any tort judgment or settlement for any damages when its employee or agent was acting outside the scope of his or her employment. 745 ILCS 10/9-102 (2006).

2.    To the extent any employee or agent of the City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct.  745 ILCS 10/2-202 (2006).

3.    Under the Tort Immunity Act, the City is not required to pay punitive or exemplary damages in any action brought directly or indirectly against it to the injured party or a third party.  745 ILCS 10/2-102 (2006).

4.    The City is not liable for any injury caused by the act or omission of another person.  745 ILCS 10/2-204 (2006).

5.    To the extent that plaintiff failed to mitigate his damages, any verdict or judgment awarded to plaintiff must be reduced by application of the principle that plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to plaintiff by the jury in this case.

6.    To the extent any injuries or damages claimed by plaintiff were proximately

caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of plaintiff, any verdict or judgment obtained by plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this case.

7.      The City is not liable to plaintiff if its employees or agents are not liable to the plaintiff.  745 ILCS 10/2-109 (2006).

8.      The statue of limitations for any claim under Illinois state law that Plaintiff is attempting to plead is one year.  745 ILCS  10/8-101.  To the extent that Plaintiff's claims under state law accrued more than one year prior to the filing of this complaint against the Defendant Officers and the City, those claims are time barred and should be dismissed

### JURY DEMAND

The City requests a trial by jury.

Respectfully submitted,

MARA S. GEORGES,
CORPORATION COUNSEL
CITY OF CHICAGO

By:    /s/ Déja C. Nave
DÉJA C. NAVE
Assistant Corporation Counsel

30 N. LaSalle St., Suite 1020
Chicago, Illinois 60602
(312) 744-6951

-35-

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that, on April 28, 2008, a copy of the Defendant City of Chicago's Answer, Defenses and Jury Demand was served upon Christopher J. Stasko at the address listed below by depositing same in the U.S. mail, and it was electronically filed using the CM/ECF system, which will send notification of such filing to the attorneys of record who are registered to receive such notification.

Juliet E. Boyd
Christopher J. Stasko
Richardson, Stasko, Boyd & Mack, LLC
20 South Clark, Suite 500
Chicago, Illinois 60603
jboyd@rsbmlaw.com

Stephen L. Garcia
Cook County State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
sgarcia@cookcountygov.com

Scott J. Jebson
Assistant Corporation Counsel
30 North LaSalle Street, Suite 1400
Chicago, Illinois 60602
sjebson@cityofchicago.org

                                                /s/ Déja C. Nave
_____          _____
                                                DÉJA C. NAVE
                                                Assistant Corporation Counsel

_____