IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| **Kenneth Gordon,** | ) | |
| | ) | |
| Plaintiff, | ) | No.   08 C 377 |
| | ) | |
| v. | ) | Judge Marvin Aspen |
| | ) | |
| **Richard Devine, Cook County** | ) | Magistrate Judge Denlow |
| **State's Attorney, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS RICHARD A. DEVINE, MERLE SHEARER, AND COOK COUNTY'S MOTION TO STAY DISCOVERY

Defendants Richard A. Devine, State's Attorney of Cook County, Assistant State's Attorney Merle Shearer, and the County of Cook, by and through their counsel, Patrick T. Driscoll, Jr., Deputy State's Attorney, and Lous R. Hegeman and Stephen L. Garcia, Assistant State's Attorneys, hereby move this Court for the entry of an order staying discovery against them, stating in support:

1.   Kenneth Gordon ("Plaintiff") has brought suit against several Chicago police officers and the City of Chicago, as well as State's Attorney Richard A. Devine ("SA Devine"), Assistant State's Attorney Merle Shearer ("ASA Shearer"), and the County of Cook ("the County") (collectively the "SAO Defendants"), arising out of his arrest and prosecution for possession of a stolen motor vehicle.

2.   Plaintiff purports to set forth claims against the SAO defendants under 42 U.S.C. §1983 for alleged violations of his due process rights (Count I), conspiracy (Count II), and failure to intervene (Count III), as well as state law claims for malicious prosecution (Count IV),

conspiracy (Count V), intentional infliction of emotional distress (Count VI), willful and wanton negligent conduct (Count IX), and respondent superior (Count XI).

3. The SAO Defendants presently seek to move to dismiss Plaintiff's Complaint on the basis, *inter alia*, that Plaintiff's claims against them are barred by absolute prosecutorial immunity. *See, e.g., Imbler v. Pachtman*, 424 U.S. 409, 417, 424 (1976)(in initiating a prosecution and presenting the State's case, the prosecutor is immune from a civil suit for damages under §1983); *White v. City of Chicago*, 369 Ill. App. 3d 765, 769, 774, 779 (prosecutor immune from §1983 and state law claims for all activity intimately associated with the judicial phase of the criminal process).

4. All of the alleged conduct of ASA Shearer took place in the furtherance of his duties as the trial assistant at Plaintiff's criminal trial – obtaining a continuance of the trial, representations of what witnesses might be called and what their testimony would be, providing documents in discovery, or entering into a stipulation with Plaintiff's defense counsel that a certain witness would testify in a certain way if called to testify.

5. Although the SAO Defendants assert in their motion to dismiss that Plaintiff fails to state any claim against SA Devine, in that he had no personal involvement in the alleged violations of Plaintiff's rights, it is also asserted that, to the extent SA Devine is alleged to have been personally involved in the conduct alleged of ASA Shearer, Plaintiff's claims against SA Devine are likewise barred by absolute immunity.

6. The SAO Defendants further assert that Plaintiff's claim against Cook County under *respondeat superior*, based on the alleged conduct of SA Devine and ASA Shearer, fails as a matter of law in that State's Attorneys and Assistant State's Attorneys are not Cook County

employees and Cook County may not be held vicariously liable for any of their alleged conduct, or the customs and practices of the State's Attorney's Office.

7. On April 23, 2008, Plaintiff was given leave to file extensive Requests to Admit directed to each of the defendants in this matter. Copies of Plaintiff's requests to admit directed to the SAO Defendants are attached hereto as Exhibit A.

8. Based on the SAO Defendants' motion to dismiss Plaintiff's Complaint on the basis, *inter alia*, that they are entitled to absolute immunity from Plaintiff's claims against them, discovery should be stayed as to the SAO Defendants, including responses to Plaintiff's Requests to Admit directed to them, until such time as this Court rules on defendant's motion to dismiss.

9. In *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 2815 (1985), the Supreme Court, recognizing that qualified immunity shares the essential attribute of absolute immunity – an entitlement not to stand trial – observed:

> The entitlement is *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, [a qualified immunity] is effectively lost if a case is erroneously permitted to go to trial.

Therefore, the court held, "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal *before the commencement of discovery*." *Mitchell*, 472 U.S. *at* 526, 105 S.Ct. *at* 2815 (emphasis supplied). *See also Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 145, 113 S. Ct. 684, 688 (1993) ("the value to the States of their Eleventh Amendment immunity, like the benefit conferred by qualified immunity to individual officials, is for the most part lost as litigation proceeds past motion practice."

10. The *Mitchell* court explained the basis underlying the concept of qualified immunity thusly:

> The conception animating the qualified immunity doctrine as set forth in *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), is that "where an official's duties legitimately require action in which clearly established rights are not implicated, the public interest may be better served by action taken 'with independence and without fear

3

of consequences.'" [Citation omitted] . . . the "consequences" with which we are concerned in *Harlow* are not limited to liability for money damages; they also include "the general costs of subjecting officials to the risks of trial -- distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service."

*Mitchell*, 472 U.S. *at* 525-26, 105 S. Ct. *at* 2815.

11. In *Harlow v. Fitzgerald*, the court had previously addressed these concerns by holding that, until the threshold issue of immunity was resolved, discovery should not be allowed. *Harlow*, 457 U.S. *at* 818, 102 S.Ct. *at* 2738. *See also Hunter v. Bryant*, 502 U.S. 224, 227, 112 S.Ct. 534, 536 (1991) (". . . because the entitlement is an immunity from suit, rather than mere defense to liability, we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation.")(internal quotation marks and citations omitted).

12. The same concerns raised by the court in *Mitchell v. Fitzgerald* were recognized by the Supreme Court in *Imbler*, when it held that prosecutors are entitled to absolute, rather than qualified immunity:

> If a prosecutor had only qualified immunity, the threat of §1983 suits would undermine performance of his duties no less than would the threat of common-law suits for malicious prosecution. A prosecutor is duty bound to exercise his best judgment both in deciding which suits to bring and in conducting them in court. The public trust of the prosecutor's office would suffer if he were constrained in making every decision by the consequences in terms of his own potential liability in a suit for damages. Such suits could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate. [Citation omitted.] Further, if the prosecutor could be made to answer in court each time such a person charged him with wrongdoing, his energy and attention would be diverted from the pressing duty of enforcing the criminal law.

*Imbler v. Pachtman*, 424 U.S. at 425.

13. Addressing what it characterized as a conumdrum relating to compliance with the directives of *Harlow* and *Mitchell*, as presented in a case involving issues of qualified immunity

4

where artful pleading could possibly avoid the immunity, the court in *Elliot v. Thomas*, 937 F.2d 338 (7th Cir. 1991), observed: "Official immunity creates a 'right not to be tried'; yet if by arguing that the defendants acted with forbidden intent the plaintiff may obtain exhausting discovery and trial, the promise of a 'right not to be tried' is a hoax." 937 F.2d *at* 344. The *Elliot* court determined, consequently, that the issue should be resolved at the pleading stage:

> . . . we think that the best solution to the conumdrum is to require the plaintiff to produce specific, nonconclusory factual allegations which establish [the necessary mental state], or face dismissal. Unless the plaintiff has the kernel of a case in hand, the defendant wins on immunity grounds in advance of discovery.

*Elliot*, 937 F.2d *at* 344-45 (internal quotation marks omitted).

14.     Based on the foregoing authority establishing the proposition that the issue of immunity should be addressed before the commencement of discovery, the SAO Defendants respectfully request that this Court stay discovery as against them, including responses to Plaintiff's requests to admit directed to them, until such time as the Court rules on defendants' motion to dismiss Plaintiff's Complaint on the basis of absolute prosecutorial immunity.

WHEREFORE, for the above and foregoing reasons, defendants Richard A. Devine, State's Attorney of Cook County, Assistant State's Attorney Merle Shearer, and Cook County, pray that this Court enter an order staying discovery against them until such time as the Court has ruled on the assertion of absolute prosecutorial immunity raised by their motion to dismiss Plaintiff's Complaint.

>                         Respectfully submitted,
>                         RICHARD A. DEVINE
>                         State's Attorney of Cook County
>
>               By:       /s/ Stephen L. Garcia_____
>                         ARDC #06195546
>
>                         Patrick T. Driscoll, Jr.
>                         Deputy States Attorney

Chief, Civil Actions Bureau

Louis R. Hegeman
Supervisor, Special Projects and Assignments

Stephen L. Garcia
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-5475