IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| **Kenneth Gordon,** | ) | |
| | ) | |
| Plaintiff, | ) | No.    08 C 377 |
| | ) | |
| v. | ) | **Judge Marvin Aspen** |
| | ) | |
| **Richard Devine, Cook County** | ) | **Magistrate Judge Denlow** |
| **State's Attorney, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT RICHARD A. DEVINE, MERLE SHEARER, AND COOK COUNTY'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants Richard A. Devine, Cook County State's Attorney, Assistant State's Attorney Merle Shearer, and Cook County, by and through their attorneys, Patrick T. Driscoll, Jr., Deputy State's Attorney, and Louis Hegeman and Stephen L. Garcia, Assistant State's Attorneys, submit the following Memorandum of Law in support of their Motion to Dismiss Plaintiff's Complaint pursuant to FRCP 12(b)(1) and 12(b)(6).

### INTRODUCTION

Kenneth Gordon ("Plaintiff") has brought this suit against several Chicago police officers and the City of Chicago, as well as State's Attorney Richard A. Devine ("SA Devine"), Assistant State's Attorney Merle Shearer ("ASA Shearer") and the County of Cook ("the County") (collectively the "SAO Defendants"), arising out of his arrest and prosecution for possession of a stolen motor vehicle. Plaintiff purports to set forth claims against the SAO defendants under 42 U.S.C. §1983 for alleged violations of his due process rights (Count I), conspiracy (Count II), and failure to intervene (Count III), as well as state law claims for malicious prosecution (Count IV), conspiracy (Count V), intentional infliction of emotional distress (Count VI), willful and wanton negligent conduct (Count IX), and respondent superior (Count XI). Plaintiff's claims against the SAO defendants should be dismissed in their entirety with prejudice for several reasons.

First, Plaintiff's claims against ASA Shearer are barred by absolute prosecutorial immunity, because all of the conduct alleged of ASA Shearer occurred in the course of his role as an assistant state's attorney, as the trial assistant in Plaintiff's underlying criminal trial. Second, this Court lacks subject matter jurisdiction over Plaintiff's state law claims against SA Devine and ASA Weber, pursuant to the doctrine of sovereign immunity and the Illinois Court of Claims Act, which makes the Illinois Court of Claims the exclusive forum for damage suits against state officials. Third, Plaintiff fails to state any claim against SA Devine, in that he had no personal involvement in the alleged violations of Plaintiff's rights. Fourth, Plaintiff fails to state a claim against the SAO Defendants for failure to intervene. Fifth, Plaintiff fails to state a claim against Cook County, based on the alleged conduct of SA Devine and Assistant State's Attorney Shearer, in that State's Attorneys and Assistant State's Attorneys are not Cook County employees and Cook County may not be held liable for any of their alleged conduct, or the customs and practices of the State's Attorney's Office.

## RELEVANT FACTS

The relevant facts, as taken from Plaintiff's fact specific Complaint and assumed to be true solely for purposes of this motion, are as follows. Plaintiff alleges that on July 25, 2001, at approximately 4:30 a.m., he was stopped and arrested by defendant Chicago police officers. (Complaint, ¶¶ 15-18.) The defendant police officers allegedly prepared a false police report and complaint, in which they stated, on behalf of themselves or a complaining witness, that Plaintiff was in possession of a stolen motor vehicle belonging to Arthur Johnson. (Complaint, ¶19.) Based on the allegedly false complaint and police report, on July 26, 2001, the Cook County State's Attorney's Office ("SAO") initiated charges against Plaintiff under criminal complaint number 01135885, by which Plaintiff was charged with being in possession of a stolen car which had been stolen from Arthur Johnson. (Complaint, ¶¶ 20-21.) Although the criminal complaint filed on July 26, 2001, purported to bear the signature of Arthur Johnson, the name of the complainant was listed as "Arthur Johnson/Todd Johnson." (Complaint, ¶22.) Plaintiff alleges that neither Todd Johnson or Arthur Johnson signed the criminal complaint, nor authorized the Chicago Police Department to sign the complaint on their behalf. (Complaint, ¶ 23.)

On August 16, 2001, the criminal complaint was superceded by indictment #01-CR-13901, under which Plaintiff was charged with being in possession of a stolen motor vehicle and being in possession of burglary tools. (Complaint, ¶ 26.) On August 13, 2001, unnamed Cook

County assistant state's attorneys presented Officer Doerge before the Grand Jury, who allegedly testified falsely that he had spoken with Arthur Johnson, the owner of the stolen vehicle, and that Johnson told him that he did not give Plaintiff permission or authority to possess his vehicle. (Complaint, ¶¶ 31-32.) On September 6, 2001, Plaintiff was arraigned and the matter was continued to September 20, 2001. (Complaint, ¶¶ 34-35.) From September 20, 2001, through April 8, 2002, the matter came before the court several times and was continued for various reasons, including representations to the court by unnamed assistant state's attorneys that the victim was not present in court, the State was still seeking to get vehicle records for the car, and one of the police officer witnesses was not available. (Complaint, ¶¶ 38-44.)

On April 8, 2002, ASA Shearer appeared in court on behalf of the State and advised the court that the State was not ready for trial because two police officer witnesses were out of town or could not be located. (Complaint, ¶ 45.) On that date unnamed assistant state's attorneys filed an answer to discovery which indicated that the State may call "Arthur 'Todd' Johnson" as a witness, which representation was allegedly intentionally false, and stated that both a representative of Bionic Auto Parts and Sales and Tech Credit Union might be called to testify. (Complaint, ¶ 46-47.) The unnamed assistant state's attorneys had allegedly obtained the names of these individuals from Secretary of State Motor Vehicle Records which, though requested, were never tendered to Plaintiff's counsel. (Complaint, ¶48.) On April 8, ASA Shearer allegedly falsely indicated to the court that the State would tender any copies of automobile records it received to Plaintiff's defense counsel, but the records were never tendered. (Complaint, ¶ 50.)

Plaintiff's criminal matter was set for trial on April 25, 2002, for which ASA Shearer was the trial assistant. On that date, ASA Shearer allegedly informed Plaintiff's defense counsel that the owner of the vehicle was on "phone hold" and was willing and available to testify that day and that the owner of the car had no criminal background, which representations were allegedly false and made for the purpose of inducing Plaintiff's defense counsel to enter into a stipulation. (Complaint, ¶¶ 51-52.) Plaintiff's defense counsel spoke with the individual on "phone hold," who allegedly falsely identified himself as Todd Johnson and stated that the car was in perfect condition at the time it was stolen. (Complaint, ¶ 53.) Based upon the representations of ASA Shearer and the phone conversation with the alleged owner of the subject vehicle, Plaintiff's defense counsel agreed to stipulate to the ownership/lack of consent element at Plaintiff's criminal trial. (Complaint, ¶ 54.) ASA Shearer entered the parties' stipulation into the court

record, indicating that he had spoken with the owner of the car, Todd Johnson, and that if called to testify, Johnson would testify that he was the owner of the car, that the car was in working condition, and that he had not given Plaintiff permission to drive or use the car. (Complaint, ¶ 55.) At the time, defendants allegedly had knowledge that neither Todd Johnson nor Arthur Johnson owned the car on July 25, 2001. (Complaint, ¶ 56.) On April 25, 2002, Plaintiff was found guilty of possessing a stolen motor vehicle and, on May 23, 2002, was sentenced to nine years of incarceration at the Illinois Department of Corrections. (Complaint, ¶¶ 67-68.)

Plaintiff's post-conviction counsel conducted an investigation, including a title and registration search at the Secretary of State's Office, and obtained records which allegedly confirmed that Todd Johnson was not the owner of the subject vehicle on the date of Plaintiff's arrest and that no one named Arthur Johnson ever owned or possessed the vehicle. (Complaint, ¶¶ 57-61.) Plaintiff alleges that after obtaining these records, defendants had actual knowledge that Todd Johnson did not own the subject vehicle on July 25, 2001, and that no one named Arthur Johnson ever owned the vehicle. (Complaint, ¶¶ 61, 63.)

Plaintiff alleges that, upon receiving Plaintiff's post-conviction, the defendant State's Attorneys were apprised of the fact that Plaintiff has been wrongfully convicted, but delayed Plaintiff's post-conviction proceedings and opposed them. The defendant unnamed State's Attorneys offered to release Plaintiff one month prior to his scheduled release date, allegedly to conceal the misconduct of the state's attorneys. (Complaint, ¶¶ 70-71.) On June 14, 2007, the court granted Plaintiff's post-conviction petition, dismissed the indictment against him and vacated his conviction and sentence. (Complaint, ¶ 74.)

### **STANDARDS FOR DISMISSAL PURSUANT TO 12(b)(6) AND 12(b)(1)**

In determining the propriety of dismissal under Rule 12(b)(6), a court must accept as true all well-pled factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. *Jacobs v. City of Chicago*, 215 F.3d 758, 765 (7th Cir. 2000). However, courts need not accept as true mere "legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002); *see also Northern Trust Co. v. Peters*, 69 F.3d 123, 129 (7th Cir. 1995). Bare legal conclusions attached to narrated facts will not suffice to state a claim for which relief may be granted. *Strauss v. City of Chicago*, 760 F.2d 765, 768 (7th Cir. 1985). The United States Supreme Court recently addressed this concept in *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955 (2007). The Court announced that it will no longer follow the

language of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957), which has long been misconstrued as meaning "that any statement revealing the theory of the claim will suffice unless its factual impossibility may be shown from the face of the pleadings." *Twombly*, 127 S. Ct. at 1968. Rather, the Court held, a claim for relief must contain sufficient facts to make the claim "plausible on its face." *Id.* at 1974. A motion to dismiss for lack of Article III standing is considered under Rule 12(b)(1). *Muehlbauer v. General Motors Corp.*, 431 F. Supp. 2d 847, 865 (N.D. Ill. 2006). This Court may properly look beyond the jurisdictional allegations of the Complaint and view whatever evidence has been submitted on the issue to determine whether subject matter jurisdiction exits. *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993).

## ARGUMENT

I.  **ASA Shearer Is Entitled To Absolute Prosecutorial Immunity From Plaintiff's Claims.**

Plaintiff's claims against ASA Shearer arise solely out of his activities as the trial assistant in Plaintiff's underlying criminal trial. Based on the factual allegations set forth in Plaintiff's Complaint, ASA Shearer is entitled to absolute prosecutorial immunity from Plaintiff's claims under both federal and state law as discussed below.[1]

    A.    **Plaintiff's §1983 claims are barred by absolute prosecutorial immunity.**

It is well settled that prosecutors are absolutely immune from suits for damages under §1983 relating to their prosecution and presentment of the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). In *Imbler*, the court held that absolute prosecutorial immunity extends to the knowing use of false testimony and the deliberate suppression of exculpatory evidence. 424 U.S. at 430-31. For purposes of absolute immunity, it is irrelevant whether the protected party acted negligently, with malice or in bad faith. *Bradshaw v. DeGand*, 1992 U.S. Dist LEXIS 911, *4 (N.D. Ill. 1992)(*citing Stump v. Sparkman*, 435 U.S. 349, 356 (1978)(absolute immunity for judiciary precludes civil actions, even when judge acts in bad faith)).

---

[1] As set forth below in Part III, Plaintiff fails to set forth any claim against SA Devine based on personal involvement in the alleged violation of Plaintiff's rights. Plaintiff's alleges only that the defendant assistant state's attorneys involved with Plaintiff's criminal prosecution "represented Richard Devine and the State's Attorney's Office of Cook County." *See, e.g.,* Complaint, ¶¶ 35, 37, 41, 44, 45, 46, 47, 50, 51, 66. To the extent that Plaintiff's Complaint can be construed to allege that SA Devine was personally involved in prosecuting Plaintiff with Shearer (which he was not), then State's Attorney Devine is entitled to absolute immunity as well to the same extent as ASA Shearer.

Under Illinois law, the State's Attorney "is vested with the exclusive discretion in the initiation and management of a criminal prosecution." *Spiegel v. Rabinovitz,* 121 F.3d 251, 257 (7th Cir. 1997)(*citing Hunt v. Jaglowski*, 926 F.2d 689, 692 (7th Cir. 1991)). Absolute prosecutorial immunity "shields the prosecutor even if he initiates charges maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F. 2d 1228, 1238 (7th Cir. 1986). Here, all of the alleged conduct of ASA Shearer took place in the furtherance of his duties as the trial assistant at Plaintiff's criminal trial – obtaining a continuance of the trial, representations of what witnesses might be called and what their testimony would be, providing documents in discovery, or entering into a stipulation with Plaintiff's defense counsel that a certain witness would testify in a certain way if called to testify. Even if it were alleged (which it is not) that ASA Shearer had presented perjured testimony at the trial, under *Imbler* absolute immunity would still apply.

Plaintiff has alleged that he was arrested and that the SAO initiated charges against him based on a false complaint and police report. Absolute immunity must include "the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentment at trial or before a grand jury after a decision to seek an indictment has been made…." *Buckley v. Fitzsimmons,* 509 U.S. 259, 273. Thus, any assistant state's attorney, including ASA Shearer, would be entitled to absolute immunity for initiating Plaintiff's prosecution bases upon the allegedly false police report, or from claims that false testimony was presented before the Grand Jury. During the initiation stages of a prosecution, the prosecutor is constantly required to make decisions on extremely sensitive issues which include 'whether to present a case to a grand jury, whether to file an information, whether to dismiss an indictment against particular defendants, which witnesses to call and what other evidence to present. *Imbler* 424 U.S. 409, at 431 fn33. Likewise, any claims based on a violation of *Brady v. Maryland* for failure to turn over documents that may, or may not have been obtained from the Illinois Department of Motor Vehicles or the Secretary of State's Office are barred under *Imbler*. *See Woods v. Carey*, 563 F. Supp. 212, 213 (N.D. Ill. May 5, 1983)(Aspen, J.).

Plaintiff further alleges that the State's Attorney defendants, though this does not appear to include ASA Shearer, attempted to negotiate an agreement during the pendency of his post-conviction petition to release him one month prior to his scheduled release date, if he would waive any potential claims against them. In the first place, clearly the SAO does not have the

authority to unilaterally reduce the sentence of any individual convicted of a crime. Second, Plaintiff does not allege that he accepted any such agreement, or that he waived any of his rights in return for such an agreement. Therefore, Plaintiff cannot claim any injury from such an alleged offer. Third, a release-dismissal agreement offered to recommend a reduction in sentence as part of the resolution of Plaintiff's pending post-conviction petition would be akin to negotiating a plea agreement with plaintiff. In *Imbler*, the court recognized that "the duties of the prosecutor in his role as advocate for the State involve actions preliminary to the initiation of a prosecution and actions apart from the courtroom." *Id.* at 431. Such duties include plea bargaining with criminal defendants.

In *Santobello v. New York*, 404 U.S. 257, 260 (1971), the Supreme Court stated, "The disposition of criminal charges by agreement between the prosecutor and the accused, sometimes loosely called 'plea bargaining,' is an essential component of the administration of justice." Actions of a prosecutor associated with a plea bargain with a criminal defendant are entitled to absolute immunity. *Mendenhall v. Goldsmith*, 59 F.3d 685, 691 (7th Cir. 1995)(citing *Taylor v. Kavanagh*, 640 F.2d 450, 453 (2nd Cir. 1981) and *Santobello*). In *Mendenhall*, the Seventh Circuit applied the rule that absolute prosecutorial immunity applied to the actions of a prosecutor associated with a plea bargain to find that a prosecutor was entitled to absolute immunity for his conduct in negotiating a settlement agreement with a defendant in a seizure and civil forfeiture action arising out of plaintiff's operation of an adult bookstore. *Mendenhall*, 59 F.3d at 691. Thus, even if an inference was drawn that ASA Shearer or SA Devine was involved in the alleged offer to Plaintiff, he would be entitled to immunity for any claims arising therefrom.

Finally, Plaintiff's claims of conspiracy do not invalidate ASA Shearer's entitlement to absolute immunity. *See, e.g., House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992)(government witness entitled to immunity for testimony at post-conviction hearing even though it was alleged that he presented testimony in furtherance of a conspiracy); *French v. Corrigan*, 432 F.2d 1211 (7th Cir. 1970)(prosecutors did not lose their immunity by reason of alleged conspiracy). Merely recasting the same allegations in the form of a charge of conspiracy does not render invalid defendants' entitlement to absolute immunity, even if plaintiff has adequately pleaded a claim for conspiracy. *Bernal v. Shifflet*, 1995 U.S. Dist. LEXIS 9919 at **11-12 (N.D. Ill. July 13,

1995)(Marovich, J.); *Sears v. City of Chicago*, 1986 U.S. Dist. LEXIS 26328 at **7-8 (N.D. Ill. Apr. 28, 1986)(Rovner, J.).

Absolute immunity is immunity from suit, not merely a defense to liability. *See, e.g, Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 2815 (1985). It is clear from Plaintiff's fact specific Complaint that ASA Shearer was the trial assistant for Plaintiff's criminal trial and all of the conduct alleged of him occurred in the course of the trial. Therefore, Plaintiff's claims against ASA Shearer are barred by absolute immunity and should be dismissed in their entirety.

   **B.** **Plaintiff's state law claims are also barred by absolute quasi-judicial immunity.**

Because Plaintiff's state law claims against the SAO Defendants are based on the same factual allegations contained in his §1983 claims, they are absolutely immune from the state counts as well. The Illinois Appellate Court recently reaffirmed the ongoing vitality of absolute prosecutorial immunity in the face of allegations of intentional misconduct by a State's Attorney, in *White v. City of Chicago*, 369 Ill. App. 3d 765 (1st Dist. 2006). In *White*, the allegations of conduct against the state's attorney defendants were more egregious than those before this Court. There the plaintiffs alleged that the State's Attorney's Office: (a) re-investigated the murder for which the plaintiffs were charged and determined they had no connection to the crime; (b) determined that another person had committed the murders; (c) determined that the main prosecution witness was untruthful; and (d) determined that the physical evidence did not support the charges. *White*, 369 Ill. App. 3d at 768. The plaintiffs in *White* further alleged that the State's Attorney's Office conducted a second investigation that supported the findings of the original investigation. *Id.* Despite actual knowledge of these facts, alleged plaintiffs, the State's Attorney's Office (including the State's Attorney and one of his assistants) suppressed the information and induced a prosecution witness to testify falsely before the grand jury by paying him $4,000. *Id.*

While recognizing the severity of the allegations against the State's Attorney's Office defendants, the *White* court found that they were protected from suit on the grounds of absolute prosecutorial immunity. The court found that the assistant state's attorney's actions in interviewing witnesses fell within the purview of "the obtaining, reviewing, and evaluating of evidence" that is required to prepare for the initiation of the criminal process and a trial. *White*, 369 Ill. App. 3d at 772 (quoting *Imbler*). The court further held that paying, procuring, inducing, or encouraging a witness to testify falsely before the grand jury and at the plaintiff's trial were

8

the acts of advocates. *White*, 369 Ill. App. 3d at 777. See also *Barham v. McIntyre,* 2007 U.S.Dist LEXIS 39063 *23-26 (S.D. Ill. May 30, 2007)(Gilbert, J.)(following *White* and finding state's attorney defendants immune from state law claims of for intentional infliction of emotional distress, even if willful and malicious conduct alleged); *Houston v. Markey*, 2007 U.S. Dist. LEXIS 41440 (N.D. Ill. May 30, 2007)(Kendall, J.)(following *White* and dismissing state law claims against assistant state's attorney); *Sears v. City of Chicago*, 1986 U.S. Dist. LEXIS 26328 (N.D. Ill. April 24, 1986)(Rovner, J.)(finding prosecutors entitled to absolute immunity from state law claims for any actions taken pursuant to their duty to "commence and prosecute" criminal actions, citing *Coleson v. Spomer*, 31 Ill. App. 3d 563, 566 (5th Dist. 1975)).

In discussing judicial and quasi-judicial prosecutorial immunity, Illinois courts have mirrored the United States Supreme Court's pronouncement in *Imbler*. In *Coleson v. Spomer*, 31 Ill. App. 3d 563, 566 (5th Dist. 1975), the court discussed the extent of judicial immunity, relying extensively on the Supreme Court's opinion in *Pierson v. Ray*, 386 U.S. 547 (1967):

> "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine in *Bradley v. Fisher*, 13 Wall. 325, 20 L. Ed. 646 (1872). This immunity applies even when the judge is accused of acting maliciously and corruptly, and it 'is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their function with independence and without fear or consequences.' *Scott v. Stansfield*, L. R. 3 Ex. 220, 223 (1868), quoted in *Bradley v. Fisher*, *supra*, 349; note, at 350.) It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making but to intimidation."

In *Coleson*, the court affirmed the dismissal of state law claims against the defendant state's attorney on immunity grounds, holding "while acting in his official capacity, the State's Attorney enjoys the same immunity bestowed upon the judiciary." 31 Ill. App. 3d at 56. *See also Aboufaris v. City of DeKalb*, 305 Ill. App. 3d 1054, 1065 (2nd Dist. 1999)(following *Coleson* and dismissing state law claims against assistant state's attorney defendant, holding a prosecutor acting within the scope of her prosecutorial duties enjoys the same immunity from civil liability afforded to the judiciary). In *Weimann v. County of Kane*, 150 Ill. App. 3d 962, 970 (2nd Dist.

9

1986), which also involved §1983 and state law claims, the Illinois Appellate Court observed, "[t]he law is clear that prosecutors are immune from liability for any activities 'intimately associated with the judicial phase of the criminal process.'"

In *Generes v. Foreman*, 277 Ill. App. 3d 353, 354 (1st Dist. 1995), the Illinois Appellate Court noted that judicial immunity was well established in Illinois and should not be abrogated "absent clear legislative intent to do so." *See also* 5 ILCS 50/1 (2007)(adopting the English common law as the law of Illinois and stating that it "shall be considered as of full force until repealed by legislative authority."). In *Generes*, the court held that judges are absolutely immune for their judicial acts, but observed: "[t]wo exceptions to the rule granting immunity exist. `First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. [citations] Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.'" *Generes*, 277 Ill. App. 3d at 355 *citing Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). The *Generes* court emphasized that "'judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly.'" *Generes*, 277 Ill. App. 3d at 356 *citing Bradley*, 13 Wall. at 351.

As set forth in Part I.A above, all of Plaintiff's claims against ASA Shearer arise out of his conduct in the course of Plaintiff's criminal trial. *White* makes it clear that the Plaintiff's allegations against ASA Shearer relate solely to matters within the traditional scope of prosecutorial duties performed by assistant state's attorneys. Given the holdings in *White, Generes* and *Coleson*, Plaintiff's state law claims against ASA Weber are barred by absolute quasi-judicial immunity. And, as set forth in Part I.A., although there are no allegations that SA Devine personally took part in Plaintiff's prosecution, to the extent that SA Devine is alleged to have been personally involved in the conduct of ASA Shearer, he is entitled to the same immunity.

## II. This Court Lacks Subject Matter Jurisdiction Over Plaintiff's State Law Claims Because The Illinois Court Of Claims is the Exclusive Forum for Such Lawsuits

In Counts IV, V, VI, and IX, Plaintiff purports to set forth state law claims for malicious prosecution, conspiracy, intentional infliction of emotional distress, willful and wanton negligent conduct against the SAO Defendants. These claims are tort claims against the State of Illinois and a state officer for damages. These state law claims could not be brought in the state court of

Illinois and, thus, may not be brought as supplemental claims in this Court under 28 U.S.C. §1367. *See, e.g., Omosegbon v. Wells*, 335 F.3d 668 (7th Cir. 2003). In *Omosegbon*, the court reiterated that state rules of immunity are binding on federal courts with respect to state causes of action and found that the federal district court could hear pendant state claims against state defendants only where the state court could have done so. 335 F.3d at 673-74. Here, as discussed below, under the doctrine of sovereign immunity plaintiff's state law claims may not be brought in state court in Illinois, but must be brought in Illinois Court of Claims.

Under Illinois law, suits seeking monetary damages against state officials or employees may only be brought in the Illinois Court of Claims. *See* 745 ILCS 5/1 (2007)(except as provided in the Court of Claims Act, the State of Illinois shall not be made a defendant or party in any court). The Court of Claims Act provides, in part, that the Court of Claims "shall have exclusive jurisdiction to hear and determine . . . [a]ll claims against the State for damages in cases sounding in tort . . . ." 705 ILCS 505/8(d) (2007).

It is well established that the State's Attorney and his assistants are state, rather than county or local, officials. *See Hoyne v. Danisch*, 264 Ill. 467, 470-72 (1914); *Ingemunson v. Hedges*, 133 Ill. 2d 364, 369 (1990); *McGrath v. Gillis*, 44 F.3d 567, 571 (7th Cir. 1995). Specifically, the State's Attorney is a constitutional officer vested with the discretion to initiate and manage criminal prosecutions. *See People ex rel. Daley v. Moran*, 94 Ill. 2d 41, 45 (1983). The office of State's Attorney was created under the judiciary article of the Illinois Constitution. *Biggerstaff v. Moran*, 284 Ill. App. 3d 196, 200 (1st Dist. 1996)(citing *Moy v. County of Cook*, 159 Ill. 2d 519, 530 (1994)). The position of assistant state's attorney is an office, not mere employment, which exercises some portion of the sovereign power of the State. *Landers v. Toledo, St. Louis & Western R.R.*, 267 Ill. 142, 145-46 (1915).

It is also well established in Illinois that the Court of Claims is the proper forum for suits seeking damages against State's Attorneys. In *Sneed v. Howell*, 306 Ill. App. 3d 1149, 716 N.E.2d 336 (5th Dist. 1999), the plaintiff, administrator of an estate for a woman murdered by her ex-husband, filed suit against the Jefferson County State's Attorney for negligence and willful and wanton misconduct. 306 Ill. App. 3d at 1152. Two weeks prior to her murder, the victim complained that her ex-husband was stalking and harassing her, but the State's Attorney did not prosecute him, allegedly because the State's Attorney was a friend of the victim's ex-husband. *Id*. Regardless of any alleged negligence or misconduct, the *Sneed* court concluded that the

State's Attorney was a state employee acting within the scope of his employment. *Id*. at 1156. Thus, the circuit court lacked subject matter jurisdiction over the case; the plaintiff's claims against the State's Attorney's Office could only be brought in the Court of Claims. *Id*.

In *Price v. State of Illinois*, 354 Ill. App. 3d 90 (1st Dist. 2004), the First District of the Illinois Appellate Court adopted the reasoning in *Sneed* and held that the Illinois Court of Claims had exclusive jurisdiction over the plaintiff's tort claims against the State's Attorney, finding that the State's Attorney "is a state employee who was acting within the scope of his employment during sentencing." *Id*. at 93. Consequently, the court held "the circuit court lacks subject matter jurisdiction over plaintiff's claims against the State's Attorney; plaintiff's cause of action against the State's Attorney may only be brought in the Court of Claims." *Id.*

Most recently, in *White v. City of Chicago,* 369 Ill. App. 3d 765,861 N.E.2d 1083(1st Dist. 2006), discussed in Part I.B above, the Appellate Court affirmed the dismissal of claims against the State's Attorney and an assistant state's attorney of wrongful imprisonment, intentional infliction of emotional distress, and conspiracy on the basis that the claims belonged in the Court of Claims. *White*, 369 Ill. App. 3d at 1095. This was so even though "plaintiffs allege[d] that defendants were acting as investigators or administrators instead of advocates," because "the complained-of acts all occurred within the scope of the defendants' official duties as prosecutors in the criminal cases brought by the State against the plaintiffs." *White*, 369 Ill. App. 3d at 779-80.

Plaintiff alleges that ASA Shearer "was a duly-appointed and sworn Assistant Cook County State's Attorney" and that SA Devine "was the duly-appointed and sworn Cook County State's Attorney and was the supervisor of Defendants Shearer and the Unknown State's Attorneys" at all times material and relevant to the incidents complained of []." (Complaint, ¶¶ 4, 5.) Plaintiff's state law claims against ASA Shearer relate solely to his conduct as the trial assistant at Plaintiff's criminal trial – obtaining a continuance of the trial, representations of what witnesses might be called and what their testimony would be, providing documents in discovery, or entering into a stipulation with Plaintiff's defense counsel that a certain witness would testify in a certain way. Those activities fall well within the scope of the State's Attorney's authority. Supporting this position is Plaintiff's allegation that the "Defendant State's Attorneys were . . . engaged in the conduct complained of in the course and scope of their employment while they were on duty." (Complaint, ¶ 136.)

Although Plaintiff alleges that SA Devine and ASA Shearer are sued in their "individual capacities" (Complaint, ¶ 7), the concept of suing a government official in his "individual" capacity does not exist in Illinois law; it is unique to federal §1983 jurisprudence. More importantly, the Illinois Supreme Court has affirmatively stated that the determination of whether or not an action is one that must be brought in the Court of Claims "does not depend on the formal identification of the parties." *Healy v. Vaupel*, 133 Ill. 2d 295, 314 (1990). "A plaintiff may not avoid the scope of the Court of Claims Act by the simple expedient of only suing individual defendants." *Id*. And as the courts in *White* and *Sneed* have made clear, Plaintiffs' allegations of intentional conduct or malice do not alter the fact that this case concerns alleged conduct which falls with the scope of SA Devine's and ASA Shearer's positions as a prosecutor.

The grant of supplemental jurisdiction under 28 U.S.C §1367(a) does not extend to claims against non-consenting state defendants. *Raygor v. Regents of the University of Minnesota*, 534 U.S. 533, 541-42 (2002). Nothing in the Illinois constitution or the Court of Claims Act purports to waive Illinois' sovereign immunity under the Eleventh Amendment in federal court. *Williamson Towing Co. v. State of Illinois*, 396 F. Supp. 431, 433-34 (N.D. Ill. 1975), *aff'd* 534 F. 2d 758 (7th Cir. 1976). The state law immunity rules of the Illinois Lawsuit Immunity Act and the Court of Claims Act, as applied in *Sneed, Price* and *White*, apply to Plaintiff's state law claims brought in federal court in this matter. *See Omosegbon*; *Benning v. Board of Regents of Regency Universities*, 928 F.2d 775, 777-78 (7th Cir. 1991); *Richman v. Sheahan*, 270 F.3d 430, 441 (7th Cir. 2001); *Magdziak v. Byrd*, 96 F.3d 1045, 1048 (7th Cir. 1996). Therefore, because Plaintiff's claims against the SAO Defendants may not properly be brought in state court in Illinois, no basis exists for supplemental jurisdiction over those claims in this Court under 28 U.S.C. §1367 and they should be dismissed pursuant to FRCP 12(b)(1).

**III.   Plaintiff's Claims Against State's Attorney Devine In His Individual Capacity Fail As a Matter of Law.**

To the extent that SA Devine is sued in his individual capacity, plaintiff's claims against him fail. It is well established that personal involvement is a prerequisite for individual liability in a §1983 action. *Wolfe-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Gossmeyer v. McDonald*, 128 F.3d 481, 495 (7th Cir. 1997). In order to state a claim for compensatory damages for the alleged violation of his constitutional rights against defendant Devine, plaintiff must allege facts that show that the State's Attorney was personally involved in the alleged

13

deprivation of plaintiff's rights. *See Black v. Lane*, 22 F.3d 1395, 1401 (7th Cir. 1994); *Gossmeyer,* 128 F.3d *at* 494. Further, the doctrine of *respondeat superior* cannot be used to impose §1983 liability on a supervisor for the conduct of a subordinate. As the court in *Gossmeyer v. McDonald*, 128 F.3d 481, 495 (7th Cir. 1997), explained:

> Supervisors who are simply negligent in failing to detect and prevent subordinate misconduct are not personally involved. [Citation omitted] "Rather, supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." [Citation omitted.]

It is clear from Plaintiff's complaint that SA Devine was not personally involved in any of the alleged conduct of ASA Shearer. Plaintiff alleges only that ASA Shearer, (or other unnamed assistant state's attorneys) was "representing" State's Attorney Devine when appearing in court. Where there is no personal involvement in an alleged violation of plaintiff's rights, plaintiff's claims fail. *See Maltby v. Winston*, 36 F.3d 548, 559 (7th Cir. 1994)(§1983 claim against Sheriff fails where there was no evidence of Sheriff's personal involvement in the alleged constitutional violation). *See also Gens v. Speilman*, 1993 U.S. Dist. LEXIS 14665 at *28-29 (N.D. Ill. 1993)(Kocoras, J.)(dismissing state law claims of false arrest and false imprisonment against the State's Attorney where there were no allegations that he had any personal participation in plaintiff's alleged false arrest and false imprisonment).

To the extent that Plaintiff purports to bring claims against SA Devine in his official capacity, or against the Office of the Cook County State's Attorney itself, based on its decision to initiate or continue his prosecution, Plaintiff's claims under §1983 would be barred by the Eleventh Amendment. *See Hernandez v. Joliet Police Department*, 197 F.3d 256, 264-65 (7th Cir. 1999)(upholding an award of sanctions after plaintiff in that matter refused to withdraw his claim against the defendant State's Attorney's Office, in light of the fact that under the Eleventh Amendment there existed no basis in law supporting such a claim), citing *Garcia v. City of Chicago*, 24 F.3d 966, 969 (7th Cir. 1994), and *Ingemunson v. Hedges*, 133 Ill.2d 364, 549 N.E.2d 1269, 1272 (Ill. 1990). Likewise, any state law claims against the State's Attorney's Office (or claims against State's Attorney Devine that are really claims against the Office) are barred by sovereign immunity.

### IV. Plaintiff Fails to State a Claim For Failure to Intervene Against the SAO Defendants.

By Count III of his Complaint, Plaintiff purports to bring a claim against the SAO Defendants under §1983 for failure to intervene. While the SAO Defendants submit that this claim is barred by absolute prosecutorial immunity, as set forth in Part I.A above, this attempt to impose liability on the SAO Defendants for the conduct of other defendants fails as a matter of law as well. First, as applied in this Circuit, a claim for failure to intervene applies to the duty of a peace officer to intervene to prevent fellow law enforcement officers from infringing the constitutional rights of citizens, such as the imposition of summary punishment. *See, e.g., Byrd v. Brishke*, 466 F.2d 6, 11 (7th Cir. 1972). The elements of such a claim are set forth in *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994):

> An officer who is present and fails to intervene to prevent other law enforcement officers from infringing the constitutional rights of citizens is liable under §1983 if that officer had reason to know: (1) that excessive force was being used, (2) that a citizen has been unjustifiably arrested, or (3) that any constitutional violation has been committed by a law enforcement official; and the officer had a realistic opportunity to intervene to prevent the harm from occurring.

37 F.3d at 285, citing *Anderson v. Branen*, 17 F.3d 552, 557 (2nd Cir. 1994) and *Byrd*.

Defendants are unaware of any authority for the proposition that a State's Attorney may be held liable for the conduct of others under a theory of failure to intervene. First, it is clear from Plaintiff's Complaint that neither SA Devine nor ASA Shearer was even present at the time of his arrest. Second, as the court explained in *Anderson v. Simon*, 217 F.3d 472, 476 (7th Cir. 2000): "The police, not the state's attorney's office, decide whether to detain an individual following an arrest but prior to formal charging [citation omitted], and the police are not obligated to adhere to the suggestions of the state's attorney's office, a separate and distinct organization with no command authority over the Chicago Police Department." Therefore, even if a state's attorney was present at the time of Plaintiff's arrest, because the State's Attorney's Office has no authority over the police department, he or she would have no opportunity or authority to intervene. As set forth in Part III, above, there must be personal involvement for individual liability to attach under §1983. Therefore, Plaintiff fails to state a claim upon which relief may be granted against the SAO Defendants for failure to intervene in Count III of his Complaint.

**V.     Plaintiff's Claim For *Respondeat Superior* Against Cook County Fails.**

In Count XI, Plaintiff purports to set forth a claim against Cook County under a theory of *respondeat superior*, based on the alleged conduct of SA Devine and ASA Shearer. Plaintiff premises this claim on the allegation that the "Defendant State's Attorneys were employees of the County of Cook, and engaged in the conduct complained of in the courts and scope of their employment while they were on duty." (Complaint, ¶ 136.) The contention that the SAO Defendants were employees of Cook County is simply incorrect as a matter of law and Plaintiff's attempt to hold Cook County vicariously liable for the alleged conduct of the SAO Defendants therefore fails.

It is settled law that the County cannot be held liable under *Monell* or any other theory of vicarious liability, such as *respondeat superior*, for the alleged policies and practices or actions of an entity unrelated to the County. In *Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989) *cert. den.* 495 U.S. 929 (1990), for instance, the court held that a detainee at Cook County Jail "cannot maintain a section 1983 action against Cook County for 'practices, policies, or actions' which are unrelated to that entity," where he alleged he was beaten by another inmate while in custody at the Jail. The County likewise may not be held liable for the policies promulgated by the State's Attorney's Office. As a matter of law, there is no *respondeat superior* liability on the part of the County of Cook for either SA Devine's or ASA Weber's alleged actions, in that the County is not the employer of the State's Attorney or his Assistant State's Attorneys. *See Biggerstaff v. Moran*, 284 Ill.App.3d 196 (1st Dist. 1996). In *Biggerstaff*, following *Moy v. County of Cook*, 159 Ill.2d 519 (Ill. 1994), the court held that the County was not the employer of the State's Attorney's Office and not liable for the alleged conduct of Assistant State's Attorneys under the *respondeat superior* doctrine, because the State's Attorney is a state officer whose office was created under the judiciary article of the Illinois constitution.

In *Horstman v. County of DuPage*, 284 F.Supp.2d 1125, 1130-31 (N.D. Ill. 2003)(Bucklo, J.), relying on *Ingemunson v. Hedges*, 133 Ill.2d 364, 549 N.E.2d 1269 (Ill. 1990), the court found that state's attorneys are independently elected state officials and held that policies complained of on the part of the state's attorney are not attributable to the County. *See also Houston v. Cook County*, 758 F.Supp. 1225, 1226-27 (N.D. Ill. 1990)(Shadur, J.)(citing *Thompson v. Duke*); *Stokes v. City of Chicago*, 660 F.Supp. 1459, 1462-63 (N.D. Ill. 1987)(Bua, J.). Plaintiff's claims against SA Devine are really claims against the State's Attorney's Office as

a whole. To the extent that, by Count XI of the Complaint, Plaintiff purports to bring any claim under §1983 against the Office of the Cook County State's Attorney itself, or against State's Attorney Devine in his official capacity, such a claim is barred by the Eleventh Amendment. (*See* Part III, above.) Similarly, Plaintiff's state claims against the Office are barred by sovereign immunity. (*See* Part II, above.) Therefore, Plaintiff's claim against Cook County under *respondeat superior* should be dismissed.

## CONCLUSION

ASA Shearer and SA Devine are absolutely immune from this suit because the actions of ASA Shearer, as alleged in Plaintiff's Complaint, fall squarely within the scope of his prosecutorial duties as an assistant state's attorney. Similarly, this Court lacks subject matter jurisdiction over Plaintiff's state law tort claims against the SAO Defendants because the Illinois Court of Claims is the exclusive forum for suits for monetary damages against state officials. Plaintiff also fails to state any claim against ASA Devine in his individual capacity, or against the SAO Defendants for failure to intervene. Finally, Plaintiff's claims against Cook County, seeking to impose vicarious liability for the alleged conduct of the SAO Defendants, fail as a matter of law, in that the SAO Defendants are not County employees.

WHEREFORE, for the above and foregoing reasons, defendants State's Attorney Richard A. Devine, Assistant State's Attorney Merle Shearer and the County of Cook, pray that this Court dismiss Plaintiff's Complaint against them pursuant to FRCP 12(b)(1) and 12(b)(6), with prejudice.

    Respectfully submitted,

    RICHARD A. DEVINE
    State's Attorney of Cook County

By:   /s/ Stephen L. Garcia_____
    ARDC #06195546

    Patrick T. Driscoll, Jr.
    Deputy States Attorney
    Chief, Civil Actions Bureau

    Louis R. Hegeman
    Supervisor, Special Projects and Assignments
    Stephen L. Garcia
    Assistant State's Attorney
    500 Richard J. Daley Center
    Chicago, Illinois 60602
    (312) 603-5475