IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENNETH GORDON<br><br>  Plaintiff,<br><br>  v.<br><br>RICHARD DEVINE, Cook County State's Attorney; MERLE SHEARER, Assistant Cook County State's Attorney; UNKNOWN ASSISTANT STATE'S ATTORNEYS of the Cook County State's Attorney's Office; COUNTY OF COOK; CHICAGO POLICE OFFICER DOERGE (Star #16110); CHICAGO POLICE OFFICER R. BALTAZAR (Star # 10905); CHICAGO POLICE SERGEANT MARK O'CONNOR (Star #2384); UNKNOWN OFFICERS OF THE CHICAGO POLICE DEPARTMENT; and THE CITY OF CHICAGO,<br><br>  Defendants. | No.   08 C 377 |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STAY DISCOVERY

Kenneth Gordon, by and through his attorneys, Scott W. Kummer, and Juliet E. Boyd, by way of response to defendants Richard A. Devine, Merle Shearer and the County of Cook's ("Defendants") motion to stay discovery, respectfully states as follows:

### INTRODUCTION

Kenneth Gordon ("Ken") served approximately four and one-half years in prison for a crime he did not commit. Ken was convicted of this crime based on fraudulent conduct on the part of, *inter alia*, the Defendants. Moreover, in spite of the fact that it

was clear to the Defendants that Ken had been convicted of a crime he did not commit, the Defendants delayed Ken's post-conviction proceedings and attempted to coerce Ken into waiving his civil rights claims in exchange for an early release, thereby acting as *de facto* defense attorneys for the Defendants.

Specifically, in his Complaint, Ken alleged that the Defendants:

- Conspired to cause Ken to be convicted by the Circuit Court of Cook County of possession of a stolen motor vehicle – a crime he did not commit and for which his conviction was subsequently overturned;

- Committed a fraud on both Ken's attorney and the Circuit Court of Cook County in connection with the criminal proceedings by making false representations to Ken, Ken's attorney and the Court;

- Prolonged Ken's post conviction proceedings in an effort to avoid liability for wrongfully charging and convicting Plaintiff of a crime he did not commit; and

- Attempted to coerce Ken to waive his civil rights in return for an early release from prison for a crime Defendants knew he did not commit to shield themselves from liability.

After the filing of Ken's Complaint, the Defendants requested an additional sixty (60) days to answer or otherwise plead. Ken posed no objection to said request. While waiting for the responsive pleadings by the defendants, Ken requested, and this Court granted Ken leave to serve requests to admit to the defendants regarding critical issues in the case. These requests to admit were aimed at expediting this case by obtaining admissions that would be central to, *inter alia*, any dispositive motions filed by the defendants and/or issues related to possible amendments by Plaintiff to his Complaint. By way of example, the Requests to Admit seek admissions that:

- On the date of Ken's trial, the defendant State's Attorneys knew the complaining witness in question did not own the car Ken was accused of stealing;

- Nonetheless, the defendant State's Attorney falsely represented to Ken's counsel and the court that he had spoken to the owner of the car and that if called to testify he would state he owned the car, it was in working condition and Ken did not have permission to use it;

- Upon receiving Ken's Petition for Post-Conviction relief, the Defendants knew Ken could not have committed the crime he was convicted of; and

- Prior to the completion of Ken's prison sentence, in open court before Hon. Judge Gaughan, the Defendants offered to release Ken from prison if he agreed to waive his civil rights claims against the Defendants.

See, Requests to admit, attached as Exhibit A to Defendants' motion, ¶¶ 15, 18, 19, 24, 26, 27).

Ken did not issue any other discovery to the Defendants. Each defendant was provided with roughly thirty (30) requests to admit.

Defendants have now filed a motion to stay discovery in an effort to avoid responding to the requests to admit. Defendants' motion should be denied.

### KEN'S "DISCOVERY" IN THE FORM OF APPROXIMATELY THIRTY (30) REQUESTS TO ADMIT DOES NOT PRESENT AN UNDUE BURDEN TO THE DEFENDANTS

Ken's case presents serious allegations of civil rights voilations as well as gross misconduct on the part of the Defendants. Contrary to the assertions of the Defendants, Ken has not issued "exhaustive discovery" to them. Instead, he has carefully crafted a handful of requests to admit to the Defendants regarding key issues in this case. The Defendants can either admit that they knew about Ken's innocence and proceeded to trial, or deny it. Moreover, either they admit that they offered him an early release from prison in an effort to get him to waive his civil rights, or they did not. The admissions in question are simple, direct, and aimed at key points relevant to Ken's case. Answering approximately thirty (30) requests to admit does not present an undue burden for the

Defendants. Plaintiff is moving diligently to prosecute its case as required by the Federal Rules of Civil Procedure. The requests to admit will help this case move forward. As such, this Court allowed Ken to issue them. Correspondingly, Ken respectfully requests that this Court require the Defendants to answer them.

## NONE OF THE CASES CITED BY THE DEFENDANT INVOLVE A MOTION TO STAY DISCOVERY

The Defendants have not met their burden of providing this Court with any authority for the proposition that discovery should be stayed during the pendency of a briefing schedule in connection with a motion to dismiss. The Defendants cite to several cases in support of their motion. None of these cases involves a stay motion. *See* Elliot v. Thomas, 937 F.2d 338 (7th Cir. 1991)(reversal of denial of summary judgment motion with respect to immunity issue); Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc, 506 U. S. 139 (1993)(collateral order doctrine appeal available with respect to denial of motion to dismiss on immunity issue); Hunter v. Bryant, 502 U. S. 224 (1991)(appeal regarding determination of qualified immunity issue); Harlow v. Fitzgerald, 457 U. S. 800 (1982)(presidential aide entitled only to qualified immunity); and Mitchell v. Forsyth, 472 U. S. 511 (1985)(United States Attorney General entitled to qualified immunity in connection with warrantless wiretaps). None of these cases concerned a motion to stay discovery. Not one involved the issuance of requests to admit.

It is interesting to note, though, that at least two (2) of the cases cited involved a determination of immunity issues <u>after</u> discovery had been engaged in. *See* Harlow v. Fitzgerald, 457 U. S. at 800, ("after extensive pretrial discovery"); and Mitchell v. Forsyth, 472 U. S. 511, 515 (1985)("Discovery and related preliminary proceedings

4

dragged on for the next five and a half years."). In fact, in <u>Harlow</u> Justice Brennan acknowledge the need for discovery in cases involving immunity issues. In concurring with the majority's decision in <u>Harlow</u> regarding the availability of qualified immunity to presidential aides, Justice Brennan (with Justices Marshall and Blackmun joining in the concurrence) observed that some measure of discovery may be required in cases involving immunity defenses: "…it seems inescapable to me that some measure of discovery may sometimes be required to determine exactly what a public-official defendant did "know" at the time of his actions. …" <u>Harlow v. Fitzgerald</u>, 457 U. S. at 821. Here, this is exactly the type of information sought by Ken – what the Defendants knew at the time they obtained his conviction, and what they knew at the time that they defended his post-conviction petition. As such, and for the reasons stated above, the Defendants' stay motion should be denied.

<u>/s/ Scott W. Kummer</u>

One of Plaintiff's Attorneys
Juliet Boyd
Scott W. Kummer
BOYD & KUMMER, LLC
20 S. Clark, Ste. 500
Chicago, IL 60603
312-363-6100
312-372-7076 (Fax)
ARDC No. 6255657
ARDC No. 6273348