IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| Kenneth Gordon, | ) | |
| | ) | |
| Plaintiff, | ) | No.   08 C 377 |
| | ) | |
| v. | ) | Judge Marvin Aspen |
| | ) | |
| Richard Devine, Cook County | ) | Magistrate Judge Denlow |
| State's Attorney, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPLY OF DEFENDANTS RICHARD A. DEVINE, MERLE SHEARER, AND COOK COUNTY IN SUPPORT OF THEIR MOTION TO STAY DISCOVERY

Defendants Richard A. Devine, State's Attorney of Cook County, Assistant State's Attorney Merle Shearer, and the County of Cook (collectively the "SAO Defendants"), by and through their counsel, Patrick T. Driscoll, Jr., Deputy State's Attorney, and Louis R. Hegeman and Stephen L. Garcia, Assistant State's Attorneys, submit this reply in support of their motion for the entry of an order staying discovery directed against them until the resolution of their motion to dismiss on the basis of absolute prosecutorial immunity.

The SAO Defendants have moved to dismiss plaintiff's claims against them in this matter on the basis, *inter alia*, that the claims barred by absolute prosecutorial immunity (*see, e.g., Imbler v. Pachtman*, 424 U.S. 409, 417, 424 (1976)(in initiating a prosecution and presenting the State's case, the prosecutor is immune from a civil suit for damages under §1983); *White v. City of Chicago*, 369 Ill. App. 3d 765, 769, 774, 779 (prosecutor immune from §1983 and state law claims for all activity intimately associated with the judicial phase of the criminal process)). The SAO Defendants' motion to dismiss is premised on the fact that all of the alleged conduct of ASA Shearer, as set forth in plaintiff's fact specific Complaint, took place in the course of his

actions as the trial assistant at plaintiff's underlying criminal trial – obtaining a continuance of the trial, representations of what witnesses might be called and what their testimony would be, providing documents in discovery, or entering into a stipulation with Plaintiff's defense counsel that a certain witness would testify in a certain way if called to testify. Both State's Attorney Devine and the County's liability would be derivative of ASA Shearer's and, thus, State's Attorney Devine would be entitled to the same immunity as ASA Shearer. If both are immune from plaintiff's suit, the County would fall out.

Because plaintiff's claims are barred by absolute immunity, the SAO Defendants have also moved to stay discovery against them on the basis that the immunity issue should be decided before discovery is allowed to take place, since immunity is not merely a defense to liability, but a bar to suit. In response to the SAO Defendants' motion to stay, plaintiff confirms that his claims are premised on trial related conduct, but characterizes his requests to admit as regarding "critical" or "key" issues in the case, aimed at "key points relevant to Ken's case." (Response at pp. 2, 3.) In fact, the requests are directed to underlying issues of liability as to the merits and the truth of the allegations of plaintiff's Complaint, including whether defendants "knew about Ken's innocence and proceeded to trial" or that they "offered him an early release from prison in an effort to get him to waive his civil rights." (Response, p. 3.)

Although Plaintiff argues that the requests (and presumably any additional discovery he may wish to serve on the SAO Defendants) "will help move this case forward" (*see* Response at 4), the whole point of the SAO Defendants' motion to dismiss is that this case should *not* move forward past the pleading stage, because it is barred by absolute immunity. Refusing to acknowledge the admonitions contained in the authority cited by the SAO Defendants, that immunity issues should be decided before the suit is allowed to proceed to discovery, plaintiff

2

seeks to distinguish these cases on the basis that none of them specifically involved a motion to stay discovery. (*See* Response, p. 4.) Plaintiff discusses in particular *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), and *Mitchell v. Forsyth*, 472 U.S. 511 (1985), which involved qualified immunity and which help illustrate the flaw in Plaintiff's reasoning here.

Plaintiff focuses on language from *Harlow* regarding the knowledge a public official has at the time of his conduct as it affects the entitlement to qualified immunity and attempts to draw a comparison with this case and "what the Defendants knew at the time they obtained his conviction, and what they knew at the time they defended his post-conviction petition. (Response at 5.) This argument is misplaced because state of mind is not an element of *absolute* prosecutorial immunity, which is what is asserted by the SAO defendants here. As set forth in the SAO Defendants' motion to dismiss, absolute prosecutorial immunity "shields the prosecutor even if he initiates charges maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F. 2d 1228, 1238 (7th Cir. 1986).

Very simply, absolute immunity applies to claims for all activity intimately associated with the judicial phase of the criminal process. As set forth in Paragraph 12 of the SAO Defendants' motion to stay, the *Imbler* court recognized this important difference in qualified and absolute immunity, observing that if a prosecutor had only qualified immunity "a defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate." This is the gist of plaintiff's claims here and is the only issue upon which any issue as to defendants' knowledge can arguably bear. Therefore, plaintiff's argument on this point fails.

3

Plaintiff's fact specific complaint clearly establishes that plaintiff complains of conduct that is prosecutorial and trial related. Because the SAO Defendants have asserted absolute immunity from plaintiff's claims, which is based on defendants' roles as prosecutors rather than their state of mind, and because absolute immunity is a bar to suit rather than merely a defense to liability, a determination on the issue of absolute immunity should be made before plaintiff is entitled to proceed to discovery on the underlying issues of liability.

WHEREFORE, for the above and foregoing reasons, together with those set forth in the SAO Defendants' motion to stay discovery, defendants Richard A. Devine, State's Attorney of Cook County, Assistant State's Attorney Merle Shearer, and Cook County, pray that this Court enter an order staying discovery against them, including their responses to the Requests to Admit served on them by Plaintiff, until such time as the Court has ruled on the assertion of absolute prosecutorial immunity raised by their motion to dismiss Plaintiff's Complaint.

    Respectfully submitted,

    RICHARD A. DEVINE
    State's Attorney of Cook County

By:   /s/ Stephen L. Garcia_____
    ARDC #06195546

    Patrick T. Driscoll, Jr.
    Deputy States Attorney
    Chief, Civil Actions Bureau

    Louis R. Hegeman
    Supervisor, Special Projects and Assignments

    Stephen L. Garcia
    Assistant State's Attorney
    500 Richard J. Daley Center
    Chicago, Illinois 60602
    (312) 603-5475

## **CERTIFICATE OF SERVICE**

      I, Stephen L. Garcia, Assistant State's Attorney, hereby certify that I caused a copy of the foregoing Reply of Defendants Richard A. Devine, Merle Shearer, and Cook County in Support of Their Motion to Stay Discovery, to be served on the individuals listed below at their respective addresses by CM/ECF electronic filing on May 23, 2008.

Juliet Boyd
Scott W. Kummer, Esq.
BOYD & KUMMER, LLC
20 South Clark Street, Ste. 500
Chicago, IL  60603
*Attorneys for Plaintiff*

Scott Jebson
Assistant Corporation Counsel
30 North LaSalle Street, Ste. 1400
Chicago, IL  60602
*Attorney for Defendants Baltazar,
O'Connor and Doerge*

Rita C. Moran
Assistant Corporation Counsel
30 North LaSalle Street, Ste. 1020
Chicago, IL  60602
*Attorneys for Defendant
City of Chicago*

                                              s/ Stephen L. Garcia