**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| KENNETH GORDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARD DEVINE, Cook County State's | ) | |
| Attorney; MERLE SHEARER, Assistant | ) | |
| Cook County State's Attorney; MARK | ) | |
| ERTLER, Assistant Cook County State's | ) | No. 08 C 377 |
| Attorney; RIVANDA DOSS, Assistant Cook | ) | JURY DEMANDED |
| County State's Attorney; ANDREW | ) | |
| DALKIN, Assistant Cook County State's | ) | |
| Attorney; CELESTE STACK, Assistant | ) | |
| Cook County State's Attorney; UNKNOWN | ) | |
| ASSISTANT STATE'S ATTORNEYS of | ) | |
| the Cook County State's Attorneys Office; | ) | |
| COUNTY OF COOK; CHICAGO POLICE | ) | |
| OFFICER DOERGE (Star #16110); | ) | |
| CHICAGO POLICE OFFICER R. | ) | |
| BALTAZAR (Star # 10905); CHICAGO | ) | |
| POLICE SERGEANT MARK O'CONNOR | ) | |
| (Star #2384); UNKNOWN OFFICERS OF | ) | |
| THE CHICAGO POLICE DEPARTMENT; | ) | |
| and THE CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>AMENDED COMPLAINT</u>**

Now comes the Plaintiff, Kenneth Gordon ("Ken"), by his attorneys, Boyd &

Kummer, LLC, and in complaining of the Defendants Richard Devine, Merle Shearer,

Mark Ertler, Rivanda Doss, Andrew Dalkin, Celeste Stack, Unknown Assistant State's

Attorneys, County of Cook, Chicago Police Officer Doerge, Chicago Police Officer

Baltazar, Chicago Police Sergeant O'Connnor, Unknown Officers of the Chicago Police

Department and the City of Chicago, states as follows:

1

## INTRODUCTION

1.      From July 2001 and continuing thereafter until June 2007, Defendants County of Cook and the City of Chicago, by and through the above-named Defendant Officers and Defendant State's Attorneys engaged in a conspiracy to cause Plaintiff Kenneth Gordon to be convicted by the Circuit Court of Cook County of possession of a stolen motor vehicle – a crime he did not commit.  As a result of the conspiracy, Ken endured four and one half (4 ½) years of wrongful incarceration, followed by one year and eight months of parole.  In spite of the fact that it became clear to Cook County and the State's Attorneys, immediately after the filing of his Petition for Post-Conviction Relief, that Ken was innocent of the charges, Cook County and the State's Attorneys prolonged the post-conviction proceedings.  They even offered to release Ken one (1) month prior to his scheduled release date if, and only if, he waived his civil rights claims against them.  Finally, in June 2007, more than a year after Ken's release from prison, Ken's sentence was vacated and the Indictment against him was dismissed.  This lawsuit followed.

## JURISDICTION

2.      The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983, 28 U.S.C. §1331 and 1343(a); the 4th, 5th, and 14th Amendments of the Constitution of the United States, and supplementary jurisdiction, as codified in 28 U.S.C. §1367(a).

## PARTIES

3.      The Plaintiff Kenneth Gordon, at all times material, was, a citizen of the State of Illinois and the United States.

4.      Defendant Merle Shearer ("Shearer"), was an attorney licensed to practice law by the State of Illinois and was a duly-appointed and sworn Assistant Cook County State's Attorney at all times material and relevant to the incidents complained of in this complaint.

5.      Defendant Mark Ertler ("Ertler"), was an attorney licensed to practice law by the State of Illinois and was a duly-appointed and sworn Assistant Cook County State's Attorney at all times material and relevant to the incidents complained of in this complaint.

6.      Defendant Rivanda Doss ("Doss") was an attorney licensed to practice law by the State of Illinois and was a duly-appointed and sworn Assistant Cook County State's Attorney at all times material and relevant to the incidents complained of in this complaint.

7.      Defendant Andrew Dalkin ("Dalkin") was an attorney licensed to practice law by the State of Illinois and was a duly-appointed and sworn Assistant Cook County State's Attorney at all times material and relevant to the incidents complained of in this complaint.

8.      Defendant Celeste Stack ("Stack") was an attorney licensed to practice law by the State of Illinois and was a duly-appointed and sworn Assistant Cook County State's Attorney at all times material and relevant to the incidents complained of in this complaint.   Stack was the supervisor of Defendants Ertler, Doss and Dalkin.

9.      Defendant Richard A. Devine ("Devine") was the duly-appointed and sworn Cook County State's Attorney and was the supervisor of Defendants Shearer,

Ertler, Doss and Dalkin, Stack and the Unknown State's Attorneys at all times material and relevant to the incidents complained of in this complaint.

10.    Defendants, Unknown Assistant State's Attorneys ("Unknown State's Attorneys") were duly appointed and sworn Assistant Cook County State's Attorneys at all times material and relevant to the incidents complained of in this complaint. (collectively, Defendants Devine, Shearer, Ertler, Dalkin, Doss, Stack and the Unknown State's Attorneys will at times be referred to as the "Defendant State's Attorneys").

11.    The Defendant State's Attorneys engaged in the wrongful conduct set forth below in the course of their employment and while on duty.  This action is brought against the Defendant State's Attorneys in their individual capacities.

12.    Defendant Cook County is a county within the State of Illinois that employed the Defendant State's Attorneys.

13.    Defendant Chicago Police Officer Doerge (Star # 16110)("Officer Doerge") was a duly-appointed and sworn police officer of the City of Chicago, Illinois on July 25, 2001, and at all other times relevant.

14.    Defendant Chicago Police Officer Baltazar (Star # 10905)("Officer Baltazar") was a duly-appointed and sworn police officer of the City of Chicago, Illinois on July 25, 2001, and at all other times relevant.

15.    Defendant Chicago Police Officer Sergeant Mark O'Connor (Star # 2384)("Sgt. O'Connor"), was a duly-appointed and sworn police officer of the City of Chicago, Illinois on July 25, 2001 and at all other times relevant.

16.    Defendants, Unknown City of Chicago Police Officers ("Unknown Officers") are duly-appointed and sworn police officers of the City of Chicago, County of

Cook, in the State of Illinois. (Officer Doerge, Officer Baltazar, the Unknown Officers and Sgt. O'Connor hereinafter will be at times collectively referred to as the "Defendant Officers"). The Defendant Officers engaged in the wrongful conduct set forth below in the course of their employment and while on duty. The Defendant Officers are being sued in their individual capacities.

17.    The City of Chicago, Illinois (the "City"), is a duly incorporated municipal corporation and is the employer and principal of the above-referenced Defendant Officers. At all times material to this Complaint, the Defendant Officers acted under color of state law, ordinance and/or regulation, statutes, customs and usages of the City of Chicago, Illinois.

18.    Each of the individual defendants are sued in their individual capacity, and each acted under color of state law and in the scope of their employment while engaging in the actions alleged in this complaint.

## **FACTS COMMON TO ALL COUNTS**

19.    On July 25, 2001, Ken was on his way to start a new job as a helper loading trucks.

20.    On that date, at approximately 4:30 a.m., the Defendant Officers stopped Ken while he was driving his automobile at or around 931 N. Kilpatrick.

21.    The Defendant Officers did not have probable cause to believe that Ken had committed or was committing any crime in violation of the laws of the State of Illinois. In fact, Ken had not committed and was not committing any crime.

22.    Nonetheless, the Defendant Officers arrested Ken.

23. The Defendant Officers prepared a false complaint and false police report in which they stated, either individually or on behalf of the alleged complaining witness, that Ken was in possession of a stolen vehicle, namely, "Arthur Johnson's vehicle," a 1995 Oldsmobile/Buick (the "Car").[1]  Ken's arrest did not involve the Car.  Ken was never in possession of the Car.  In spite of this, Ken was arrested and charged for allegedly possessing a stolen vehicle belonging to "Arthur Johnson."

24. Based on the false complaint and police reports prepared by the Defendant Officers and approved by the Cook County State's Attorneys Office, the State filed criminal complaint numbered 01135885 against Ken on July 26, 2001, which purportedly contained the signature of "Arthur Johnson."

25. According to the criminal complaint, Ken allegedly committed the offense of being in possession of the Car that had been stolen from Arthur Johnson.

26. Although the State purported that Arthur Johnson signed the criminal complaint described above, the complainant's name section indicated that the complainant was "Arthur Johnson/Todd Johnson."

27. Neither Todd Johnson nor Arthur Johnson signed the criminal complaint. Moreover, neither Todd Johnson nor Arthur Johnson authorized the Chicago Police Department to sign the criminal complaint on their behalf.

28. More importantly, on July 25, 2001, neither Arthur Johnson nor Todd Johnson owned the Car.

29. On August 16, 2001, criminal complaint against Ken number 01135885 was superseded by indictment #01-CR-13901.

---

[1] The criminal Complaint identifies the Car as an Oldsmobile.  The Police Report identifies the Car as a Buick.

6

30.    On said indictment, Ken was charged with a violation of 625 ILCS 5/4-103(a)(1) for receiving or possessing a stolen vehicle and with a violation of 720 ILCS 5-19-2 for possession of burglary tools.

31.    Count I of said indictment alleged that Ken possessed Arthur Johnson's 1995 Oldsmobile on July 25, 2001, and that he knew that the vehicle was stolen or converted.  Count II claimed that Ken possessed burglary tools with the intent to commit a motor vehicle theft on July 25, 2001.

32.    On August 13, 2001, Officer Doerge appeared before a Grand Jury of Cook County.

33.    The Defendant State's Attorneys under the direction of defendant Richard Devine directed Officer Doerge's testimony.  Officer Doerge's testimony was a complete fabrication.

34.    Specifically, during the grand jury proceedings, the Defendant State's Attorney asked Officer Doerge if he spoke with the owner of the allegedly stolen vehicle, Arthur Johnson.  Doerge intentionally and falsely answered, "yes" in response to the Defendant State's Attorney's question, indicating that he personally spoke with Arthur Johnson.

35.    Furthermore, during the grand jury proceedings, Officer Doerge knowingly and falsely testified that Arthur Johnson told him that he did not give Ken permission or authority to possess his vehicle.

36.    Based on Officer Doerge's false testimony, the Grand Jury indicted Ken for the charges brought against him.

37.    On September 6, 2001, the criminal case against Ken was first brought before the Honorable Judge Daniel Darcy.

38.    On that date, the Defendant State's Attorneys acted under the direction of defendant Richard Devine and the State's Attorneys Office of Cook County.

39.    Ken was arraigned on September 6, 2001, and the case was continued until September 20, 2001.

40.    On September 20, 2001, Case No. 01-CR-19301 was first brought before the Honorable Judge Vincent M. Gaughan.  On that date, the State of Illinois and Richard Devine and the Office of the Cook County State's Attorney were represented by the Defendant State's Attorneys.

41.    On that date, Ken's attorney, an assistant public defender, informed the court that the matter could be set down for a bench trial.  Ken's attorney informed the court that they were missing the complaining witness' report that the Car had been stolen. The case was continued until November 1, 2001.

42.    The matter was continued from time to time until February 6, 2002.  On that date, the Defendant State's Attorneys informed the court that the State was not ready for trial because the "victim" was not present, thereby implying that they had spoken to Arthur Johnson when they had not.

43.    Furthermore, on February 6, 2002, the Defendant State's Attorneys stated to the court that the State was still seeking to get vehicle records for the Car and, therefore, needed a continuance.  The matter was continued until March 14, 2002, and then until April 18, 2002.

44.    On April 8, 2002, Defendant Shearer represented Richard Devine and the Office of the Cook County State's Attorney.  Although the matter had been set for trial, Shearer informed the court that the State was not ready for trial because two officers were out of town or could not be located.

45.    On April 8, 2002, Richard Devine and the Office of the Cook County State's Attorney, by and through the Defendant Shearer, filed an answer to discovery in the Plaintiff's criminal matter intentionally and falsely indicating that the State may call "Arthur 'Todd' Johnson" as a witness, in spite of the fact that no one named Arthur Todd Johnson existed.

46.    Additionally, on April 8, 2002, Richard Devine and the Office of the Cook County State's Attorney, by and through Shearer, stated that both a representative of Bionic Auto Parts and Sales, Inc. and Representatives of Tech. Credit Union might be called to testify.  Secretary of State records subsequently obtained demonstrated that Bionic obtained a salvage certificate for the vehicle in late 2001.

47.    Clearly, the Defendant State's Attorneys who filed their discovery answer had obtained the names of these individuals from the Secretary of State Motor Vehicle Records.  Those records, though requested, were never tendered to Ken's defense counsel in violation of Brady v. Maryland.

48.    Despite the Defendants' intentionally false statement that they would call Arthur "Todd" Johnson, there was no one by that name relevant to Ken's criminal proceedings.

49.    On April 8, 2002, the Defendant, Shearer also intentionally and falsely indicated to the court that the Devine and the Office of the Cook County State's Attorney

would tender any copies of automobile records it received to Ken's criminal defense counsel. Those automobile records were intentionally never tendered to defense counsel.

50.    On April 25, 2002, Ken's criminal matter was set for a bench trial. Shearer, represented Devine and the Office of the Cook County State's Attorney. The Cook County Public Defender's Office, by and through Craig Rosenthal ("Rosenthal"), represented Ken.

51.    Just prior to the bench trial on April 25, 2002, outside of the courtroom and off the record Shearer intentionally and falsely informed Rosenthal that the "owner" of the vehicle, "Todd Johnson", was on "phone hold" and was willing and available to testify at trial that day. Shearer also falsely and intentionally represented to Rosenthal that the owner of the car had no criminal background. Shearer made these misrepresentations outside of Court acting in an investigative and/or administrative capacity. Shearer used these representations to defraud Rosenthal and the Court into believing that the owner of the vehicle was Todd Johnson and that he would be available to testify at trial that day, in an effort to induce Rosenthal to enter into a false stipulation regarding the element of ownership.

52.    On April 25, 2002, Rosenthal spoke with the individual Shearer identified as Todd Johnson on "phone hold." Shearer arranged the call. That individual falsely and intentionally identified himself as Todd Johnson, the owner of the Car and stipulated that he did not know Ken or give Ken permission to use the Car. This individual related to Rosenthal that the Car was in perfect condition at the time that the car was stolen. This entire communication, constructed by Shearer, was a fabrication.

53.    Based upon the false representations made by Shearer and the fabrications contained in the telephone conversation, Rosenthal agreed to stipulate to the ownership/lack of consent element at Ken's criminal bench trial.

54.    In furtherance of this fraud on the Court, Shearer entered a stipulation into the Court Record indicating that he had spoken with the owner of the Car, Todd Johnson, and that if called to testify, Johnson would state that he was the owner of the Car, that the Car was in working condition, and that he had not given Ken permission to drive or use the Car.  At the time that this stipulation was read into the Court record Shearer knew that each of these representations were false.

55.    Specifically, at this time and at all relevant times before the April 25, 2002, proceedings, the Defendants, including, but not limited to Shearer, knew that neither Todd Johnson nor Arthur Johnson were the person identified as such on the telephone and neither individual owned the Car on July 25, 2001.  In fact, based on the records of the Illinois Secretary of State in the possession or control of the Defendants, the owner of the vehicle on July 25, 2001, was Go America Auto Insurance, Inc.  Nonetheless, the Defendants proceeded to trial and obtained Ken's conviction based on this fraudulent representation and stipulation.

56.    Importantly, Devine, through Shearer, never turned over any of the vehicle records they obtained from the Illinois Secretary of State to Ken's counsel.  These records contained material, exculpatory evidence that would have led to Ken's exoneration.  The failure of the SA Defendants to turn this information over constituted a violation of <u>Brady v. Maryland</u>.

57.    Ken later filed a Petition for Post-Conviction Relief ("Petition").  Upon investigating Ken's allegations in his Petition, appointed post-conviction appellate counsel contacted the Illinois Secretary of State for a Title and Registration Search for the subject vehicle allegedly possessed by Ken.

58.    The Illinois Secretary of State thereafter conducted a Title and Registration Search for a 1995 Oldsmobile Aurora, VIN #1G3GR62C8S41311039 which had a title number of T1304132027 on October 31, 2001 and an Illinois License Plate #54447PV.

59.    Upon information received from the Secretary of State, post-conviction appellate counsel confirmed that "Todd Johnson" was not the owner of the subject vehicle on July 25, 2001, "Todd Johnson" surrendered Title to the vehicle on May 14, 2001, and Go America Insurance possessed the subject vehicle.  In September 2001 a salvage certificate was issued to Bionic Auto Parts for the Car. As such, at the time of Ken's trial, Bionic Auto Parts was the owner of the Car.

60.    The information also revealed that no one named "Arthur Johnson" <u>ever</u> owned the Car that was allegedly stolen by Ken.

61.    As a result of the investigation conducted by the Defendant State's Attorneys and Devine, the Defendant State's Attorneys possessed actual knowledge that no one named "Arthur Johnson" ever owned or possessed the subject vehicle.  Devine did not turn the evidence over to Ken that they obtained in connection with this investigation, in violation of <u>Brady v. Maryland</u>.  Instead, Defendants proceeded to prosecute Ken.

62.    Moreover, the Defendant State's Attorneys and Devine knew that the indictment in Ken's criminal case naming "Arthur Johnson" as the owner of vehicle was fatally defective and false. The Defendants nonetheless proceeded to prosecute Ken.

63.    After obtaining the vehicle records, the Defendants had actual knowledge that "Todd Johnson" did not own the subject vehicle on July 25, 2001. The Defendants nonetheless proceeded to prosecute Ken.

64.    Furthermore, on the date of trial, April 25, 2002, Shearer knowingly and intentionally misrepresented to Rosenthal that the "owner" was on "phone hold" when in fact neither Arthur Johnson nor Todd Johnson were the owner of the car and neither Arthur Johnson nor Todd Johnson were on "phone hold." Notably the Defendants did not advise Ken, Ken's counsel, and/or the Court of the facts outlined in paragraphs 55-64 above.

65.    Shearer knew the misrepresentations he made to Rosenthal were false at the time he made them and were made to induce Rosenthal into believing that the testimony of either Arthur Johnson or Todd Johnson could establish the element of ownership/lack of consent at Ken's criminal trial.

66.    The Defendant Officers and the Defendant State's Attorneys, representing the City of Chicago, the County of Cook and Devine, respectively, entered into a conspiracy to withhold exculpatory evidence, knowingly use false police reports, false criminal complaints, false testimony and deceptive conduct in order to convict Ken at his bench trial on April 25, 2002.

67.    On April 25, 2002, based on the false testimony of the Defendant Officers and the fraudulent stipulation obtained by the Defendant State's Attorneys, Ken was

found guilty of violating 625 ILCS 5/4-103(a)(1), possession of a stolen motor vehicle. Ken was found not guilty on the charge of burglary tools (720 ILCS 5/19-2).

68.    On May 23, 2002, Ken was sentenced to nine years of incarceration at the Illinois Department of Corrections.

69.    On February 23, 2004, Ken timely filed his Petition for Post-Conviction Relief ("Petition"), alleging, *inter alia*, substantial violations of Ken's civil rights through the prosecutorial misconduct of the Illinois State's Attorneys Office and violation of Brady v. Maryland, 373 U.S. 83 (1963).    On February 24, 2005, Ken's Petition was amended.

70.    Upon receiving the Petition, the Defendant State's Attorneys were again apprised of the fact that Ken had been wrongfully convicted for a crime he did not commit.

71.    The Defendant State's Attorneys that were assigned to Ken's case included Defendants Ertler, Dalkin and Doss, who reported to Defendant Stack.    The Defendant State's Attorneys and Devine did nothing to assist Ken in achieving justice. Instead, these defendants engaged in a course of conduct designed to delay Ken's post-conviction proceedings and vigorously oppose them in an effort to protect their own interests, in spite of the fact that they knew that gross prosecutorial misconduct had taken place, and that Ken was innocent of the charges.    In this regard, the Defendant State's Attorneys and Devine were not acting to perform a prosecutorial function, but rather, as *de facto* defense attorneys endeavoring to limit their own liability.

72.    Moreover, in an outrageous effort to conceal this misconduct SA Ertler offered to release Ken one (1) month prior to his scheduled release date if, and only if he

would waive any potential civil rights claims against the Defendant State's Attorneys and Devine, in violation of their ethical duties under the Illinois Rules of Professional Conduct.

73.    The acts complained of by the Defendant State's Attorneys in paragraphs 69 through 72 above were taken outside of the scope of their prosecutorial functions, as Ken had already been convicted.    The Defendant State's Attorneys purposefully concealed and delayed Ken's post-conviction proceedings in an effort to protect themselves from embarrassment, as well as potential liability.

74.    Ken served four and one-half (4 ½) years in prison as a result of the conviction.    Ken was released from incarceration and placed on parole for one year and eight months.

75.    On June 14, 2007, nearly six years after Ken's wrongful arrest and prosecution, the Honorable Judge Vincent Gaughan granted Ken's Petition, dismissed the indictment against Ken and vacated his conviction and sentence.

76.    Ken suffered enormous damages and injuries as a direct and proximate result of the misconduct of the Defendants outlined above.    Ken spent more than four and a half years in prison for a crime of which he was completely innocent, not knowing whether he would ever be successful in proving the wrongfulness of his incarceration. Following his arrest, Ken was separated from his friends and family.    He was also deprived of an opportunity to raise his two young children.

77.    Ken's years of incarceration were lonely and arduous.    In addition to the loss of his relationship with his friends and family, Ken was deprived of opportunities to pursue a vocation and live as a free citizen.

78.    While incarcerated, Ken suffered daily humiliations and indignities.  Ken worked for virtually nothing while in prison.  Ken anguished daily at his loss of freedom and the suffering his children were forced to endure in his absence.

79.    Following his release from custody, Ken struggled with learning and pursuing a vocation while on parole and under the stigma of being a convicted felon. Ken suffered and continues to suffer from a feeling that life's opportunities have been stolen from him.

80.    The City and County, through the State's Attorneys Office, knew and/or should have known that their practices and policies caused their employees to violate the civil rights of citizens, including, but not limited to Ken.

81.    Officials with final policy-making authority ratified and/or condoned the behavior and conduct of the Defendant Officers and Defendant State's Attorneys involved in Ken's arrest, incarceration and conviction, including, without limitation, Devine and Stack.  Moreover, these individuals allowed for the continued incarceration of Ken throughout the post-conviction proceedings in order to maintain leverage over Ken.  In furtherance of this policy/procedure, the City and County authorized the Defendant State's Attorneys to offer Ken a deal releasing him from prison in exchange for the waiver of his civil rights claims.

82.    This practice of facilitating abuse by aggressively opposing Ken's Petition was so prevalent and widespread that it constituted a de facto policy for the Defendant State's Attorneys, City and County.

83.    Moreover, neither the City nor County have implemented policies and procedures to address the issues raised by Ken's Petition, namely, widespread

misconduct by the Defendants in disregarding clear evidence that a constitutional violation has taken place and an innocent man had been convicted of a crime he had not committed.  In this regard, the City and County lacked adequate remedial measures to avoid the type of harm inflicted on Ken.

84.    The acquiescence of Devine, the City and County, through the State's Attorneys Office, continues through the present.  Devine, the City and County have continued to shield the Defendant Officers and Defendant State's Attorneys from prosecution notwithstanding the crimes they committed against Ken and others.

## COUNT I – V. DEFENDANT OFFICERS AND CITY
## 42 USC § 1983 – DUE PROCESS

85.    Ken repeats and re-alleges paragraphs 1 through 84 above as if fully set forth herein.

86.    As described more fully above, all of the Defendants, while acting individually, jointly and in conspiracy, as well as under color of law and within the scope of their employment, deprived Ken of his constitutional rights to a fair trial.

87.    In the manner described above, the Defendants deliberately withheld exculpatory evidence and fabricated false arrest reports, evidence, criminal complaints, provided perjured testimony, suborned perjured and attempted to conceal facts thereby misleading and misdirecting the criminal prosecution and post-conviction proceedings of Ken.   Absent this misconduct in connection with Ken's arrest, prosecution, and incarceration, Ken could not and would not have been pursued, obtained, arrested and/or incarcerated.

88.    The Defendants' misconduct directly resulted in the unjust criminal conviction of Ken, thereby denying him of his constitutional right to a fair trial, fair

appeal and fair post-conviction proceedings, in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

89.   As a result of this deprivation of his constitutional right to a fair trial, Ken suffered injuries, including, but not limited to, lost wages, loss of normal life, humiliation, fear, pain, suffering, a conviction for a crime he did not commit, incarceration and emotional distress, as more fully alleged above.

90.   The conduct described in this Count was objectively unreasonable and was undertaken with willful, deliberate indifference to Ken's constitutional rights.

WHEREFORE, the Plaintiff, Kenneth Gordon, respectfully request that this Honorable Court enter judgment in his favor and against the Defendants, Chicago Police Officer Doerge, Chicago Police Officer Baltazar, Chicago Police Sergeant O'Connnor, Unknown Officers of the Chicago Police Department and the City of Chicago, and award him compensatory damages in an amount to be established by the proofs, but in no event less than $6,800,000.00, punitive damages against those persons sued in their individual capacity, the costs and attorney's fees incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT II – V. DEFENDANT STATE'S ATTORNEYS, COOK COUNTY AND THE OFFICE OF THE COOK COUNTY STATE'S ATTORNEYS 42 USC § 1983 – DUE PROCESS

91.   Ken repeats and re-alleges paragraphs 1 through 90 above as if fully set forth herein.

92.   As described more fully above, all of the Defendants, while acting individually, jointly and in conspiracy, as well as under color of law and within the scope of their employment, deprived Ken of his constitutional rights to a fair trial.

93.     In the manner described above, the Defendants deliberately withheld exculpatory evidence, fabricated evidence, attempted to conceal facts and delayed Ken's post-conviction proceedings, thereby misleading and misdirecting the criminal prosecution, fraudulently obtained Ken's conviction and prolonged Ken's post-conviction proceedings.

94.     In connection with the post-conviction proceedings these Defendants acted to protect their own interests and limit their own liability by prolonging Ken's post-conviction proceedings and attempting to induce Ken to waive his civil rights.  In this regard these defendants acted outside of their role as prosecutors and instead, as *de facto* defense attorneys in an effort to cover-up their wrongdoing, and limit their own liability.

95.     Absent the misconduct of these defendant described above in connection with the prosecution, incarceration and defense of the post-conviction proceedings, Ken could not and would not have been pursued, obtained, arrested and/or incarcerated for over four years and placed on probation for another year and a half.

96.     The Defendants' misconduct directly resulted in the unjust and fraudulent criminal conviction of Ken, and an extended incarceration of Ken even after they obtained and/or became aware of the fact that Ken was innocent, thereby denying him of his constitutional right to a fair trial, fair appeal and fair post-conviction proceedings, in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

97.     As a result of this deprivation of his constitutional right to a fair trial, Ken suffered injuries, including, but not limited to, lost wages, loss of normal life,

humiliation, fear, pain, suffering, a conviction for a crime he did not commit, incarceration and emotional distress, as more fully alleged above.

98.    The conduct described in this Count was objectively unreasonable and was undertaken with willful, deliberate indifference to Ken's constitutional rights.

WHEREFORE, the Plaintiff, Kenneth Gordon, respectfully request that this Honorable Court enter judgment in his favor and against the Defendants, Richard Devine, Merle Shearer, Mark Ertler, Rivanda Doss, Andrew Dalkin, Celeste Stack, Unknown Assistant State's Attorney's, and the County of Cook, and award him compensatory damages in an amount to be established by the proofs, but in no event less than $6,800,000.00, punitive damages against those persons sued in their individual capacities, the costs and attorney's fees incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT III – V. DEFENDANT STATE'S ATTORNEYS, COOK COUNTY AND THE OFFICE OF THE COOK COUNTY STATE'S ATTORNEYS
### 42 USC § 1983 – DUE PROCESS
#### (*Brady* Violations)

99.    Ken repeats and re-alleges paragraphs 1 through 98 above as if fully set forth herein.

100.    As described more fully above, all of the Defendants, while acting individually, jointly and in conspiracy, as well as under color of law and within the scope of their employment, deprived Ken of his constitutional rights to a fair trial.

101.    In the manner described above, the Defendants deliberately withheld exculpatory evidence, thereby violating their constitutional obligations to disclose exculpatory information to Ken and his defense counsel.

102.    Absent the misconduct of these defendant described above in connection with the arrest, prosecution, incarceration and defense of the post-conviction proceedings, Ken could not and would not have been pursued, obtained, arrested and/or incarcerated for over four years and placed on probation for another year and a half.

103.    The Defendants' misconduct directly resulted in the unjust and fraudulent criminal conviction of Ken, and an extended incarceration of Ken even after they obtained and/or became aware of exculpatory evidence, thereby denying him of his constitutional right to a fair trial, fair appeal and fair post-conviction proceedings, in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

104.    As a result of this deprivation of his constitutional right to a fair trial, Ken suffered injuries, including, but not limited to, lost wages, loss of normal life, humiliation, fear, pain, suffering, a conviction for a crime he did not commit, incarceration and emotional distress, as more fully alleged above.

105.    The conduct described in this Count was objectively unreasonable and was undertaken with willful, deliberate indifference to Ken's constitutional rights.

WHEREFORE, the Plaintiff, Kenneth Gordon, respectfully request that this Honorable Court enter judgment in his favor and against the Defendants, Richard Devine, Merle Shearer, Mark Ertler, Rivanda Doss, Andrew Dalkin, Celeste Stack, Unknown Assistant State's Attorney's, and County of Cook, and award him compensatory damages in an amount to be established by the proofs, but in no event less than $6,800,000.00, punitive damages against those persons sued in their individual capacities, the costs and

attorney's fees incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT IV - V. ALL DEFENDANTS
## 42 USC § 1983 – CONSPIRACY

106.    Ken repeats and re-alleges paragraphs 1 through 105 above as if fully set forth herein.

107.    The Individual Defendants reached an agreement amongst themselves to fabricated evidence and falsely charge and prosecute Ken and violate Ken's constitutional rights as described above.  Moreover, the Individual Defendants conspired to prevent Ken's exoneration in connection with the post-conviction proceedings and specifically attempted to conceal the fact that prosecutorial misconduct had taken place by delaying the post-conviction proceedings and by attempting to broker a deal with Ken that would have involved waiving his civil rights.

108.    Each Defendant furthered the conspiracy to violate Ken's constitutional and civil rights by willfully and dilliberately charging and convicting Ken of charges he was innocent of and concealing their wrongful conduct through, *inter alia*, manufacturing and withholding evidence, thereby depriving Ken of exculpatory evidence and information to which he was lawfully entitled to and which would have led to his more timely exoneration of the false charges described above.

109.    Moreover, the Defendant State's Attorneys conspired to delay Ken's post-conviction proceedings in an effort to conceal the truth, prolong the proceedings until Ken's ultimate release and/or convince Ken to waive his civil rights in an effort to promote their own interests and prevent embarrassment.

110.    In this manner, the Individual Defendants, acting in concert with other unknown co-conspirators, have conspired by concerted action to accomplish an unlawful purpose by unlawful means.

111.    In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint unlawful activity.

112.    As a direct and proximate result of the illicit agreement referenced above, Ken suffered injuries, including, but not limited to, lost wages, loss of normal life, humiliation, fear, pain, suffering, a conviction for a crime he did not commit, incarceration and emotional distress, as more fully alleged above.

113.    The misconduct described above in this Count was taken with malice, willfulness and reckless indifference to Ken's rights.

WHEREFORE, the Plaintiff, Kenneth Gordon, respectfully request that this Honorable Court enter judgment in his favor and against the Defendants, Richard Devine, Merle Shearer, Mark Ertler, Rivanda Doss, Andrew Dalkin, Celeste Stack, Unknown Assistant State's Attorney's, County of Cook, Chicago Police Officer Doerge, Chicago Police Officer Baltazar, Chicago Police Sergeant O'Connnor, Unknown Officers of the Chicago Police Department and the City of Chicago, and award him compensatory damages in an amount to be established by the proofs, but in no event less than $6,800,000.00, punitive damages against those persons sued in their individual capacity, the costs and attorney's fees incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT V - V. DEFENDANT OFFICERS AND CITY
## 42 USC § 1983 – FAILURE TO INTERVENE

114.    Ken repeats and re-alleges paragraphs 1 through 113 above as if fully set forth herein.

115.    In the manner described above, during the constitutional violations described above, one or more of the Defendant Officers stood by without intervening to prevent this misconduct.

116.    The Defendants had a duty to intervene in the unlawful conduct and committed by the other Defendant Officers.

117.    The Defendant Officers knew or should have known of the unlawful conduct.

118.    Further, the Defendant Officers had a reasonable opportunity to prevent the harm to Gordon but failed to do so.

119.    As a result of this failure to intervene to prevent the Defendants from violating Ken's constitutional rights, Ken suffered injuries, including, but not limited to, lost wages, loss of normal life, humiliation, fear, pain, suffering, a conviction for a crime he did not commit, incarceration and emotional distress, as more fully alleged above.

120.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful, deliberate indifference to Ken's constitutional rights.

WHEREFORE, the Plaintiff, Kenneth Gordon, respectfully request that this Honorable Court enter judgment in his favor and against the Defendants, Chicago Police Officer Doerge, Chicago Police Officer Baltazar, Chicago Police Sergeant O'Connnor, as well as Unknown Officers of the Chicago Police Department and the City of Chicago,

24

and award him compensatory damages in an amount to be established by the proofs, but in no event less than $6,800,000.00, punitive damages against those persons sued in their individual capacity, the costs and attorney's fees incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT VI - V. DEFENDANT STATE'S ATTORNEYS, COOK COUNTY AND THE OFFICE OF THE COOK COUNTY STATE'S ATTORNEYS
### 42 USC § 1983 – FAILURE TO INTERVENE

121.    Ken repeats and re-alleges paragraphs 1 through 120 above as if fully set forth herein.

122.    In the manner described above, during the constitutional violations described above, one or more of the Defendants stood by without intervening to prevent this misconduct.

123.    The Defendants had a duty to intervene in the unlawful conduct committed by the other Defendant State's Attorneys.

124.    The Defendant State's Attorneys knew or should have known of the unlawful conduct.

125.    Further, the Defendants had a reasonable opportunity to prevent the harm to Gordon but failed to do so.

126.    As a result of this failure to intervene to prevent the Defendants from violating Ken's constitutional rights, Ken suffered injuries, including, but not limited to, lost wages, loss of normal life, humiliation, fear, pain, suffering, a conviction for a crime he did not commit, incarceration and emotional distress, as more fully alleged above.

127.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful, deliberate indifference to Ken's constitutional rights.

WHEREFORE, the Plaintiff, Kenneth Gordon, respectfully request that this Honorable Court enter judgment in his favor and against the Defendants, Defendants, Richard Devine, Merle Shearer, Mark Ertler, Rivanda Doss, Andrew Dalkin, Celeste Stack, Unknown Assistant State's Attorney's, and the County of Cook, and award him compensatory damages in an amount to be established by the proofs, but in no event less than $6,800,000.00, punitive damages against those persons sued in their individual capacity, the costs and attorney's fees incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT VII V. ALL DEFENDANTS
## STATE LAW CLAIM - MALICIOUS PROSECUTION

128.    Ken repeats and re-alleges paragraphs 1 through 127 above as if fully set forth herein.

129.    The Defendants caused criminal prosecutions to commence against Ken.

130.    The Defendant Officers, employed by the City of Chicago, and the Defendant State's Attorney's, employed by the County of Cook and the Office of the Cook County State's Attorney, maliciously commenced and perpetrated criminal prosecutions against Ken without probable cause.

131.    All such proceedings were terminated in Ken's favor, in a manner indicative of his innocence.

132.    The Defendants accused Ken as a perpetrator of criminal activity, knowing those accusations to be without probable cause, and knowing Ken to be

innocent.  Nonetheless, the Defendant Officers and Defendant State's Attorneys initiated the criminal prosecution of Ken knowing that Ken was innocent of said charges.

133.    The Defendant Officers and State's Attorneys knowingly falsified evidence made false statements in complaints, reports, and orally to the Court and Grand Jury with the intent of exerting influence to institute and continue judicial proceedings in spite of the fact that they knew Ken was innocent.

134.    The Defendant State's Attorneys and Defendant Officer's actions were taken with knowledge that Ken was innocent of the charges.  The Defendant Officers statements regarding Ken's alleged guilt were made with knowledge that such statements were false and perjured.  All of the Defendants fabricated evidence and/or presented false evidence to the Court in an effort to commit a fraud, and withheld exculpatory information from Ken and Ken's attorney in violation of <u>Brady v. Maryland</u>.

135.    The misconduct described in this Count was undertaken with malice, willfulness and deliberate indifference to Ken's civil rights.

136.    As a direct and proximate result, Ken suffered injuries, including, but not limited to, lost wages, loss of normal life, humiliation, fear, pain, suffering, a conviction for a crime he did not commit, incarceration and emotional distress, as more fully alleged above.

137.    Moreover, Ken has been caused to incur substantial legal fees in connection with the initiation and prosecution of this action.

WHEREFORE, the Plaintiff, Kenneth Gordon, respectfully request that this Honorable Court enter judgment in his favor and against the Defendants, Richard Devine, Merle Shearer, Mark Ertler, Rivanda Doss, Andrew Dalkin, Celeste Stack, Unknown

Assistant State's Attorney's, County of Cook, Chicago Police Officer Doerge, Chicago Police Officer Baltazar, Chicago Police Sergeant O'Connnor, Unknown Officers of the Chicago Police Department and the City of Chicago, and award him compensatory damages in an amount to be established by the proofs, but in no event less than $6,800,000.00, punitive damages against those persons sued in their individual capacity, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT VIII - V. ALL DEFENDANTS
## STATE LAW CLAIM – CONSPIRACY

138.    Ken repeats and re-alleges paragraphs 1 through 137 above as if fully set forth herein.

139.    The Defendant Officers and Defendant State's Attorney's, acting in concert with other known and unknown co-conspirators, conspired by concerted action to accomplish an unlawful purpose by unlawful means – namely, the violation of Ken's constitutional rights as described above.

140.    In furtherance of the conspiracy, the Defendants committed overt acts and were otherwise willful participants in joint activity.

141.    The misconduct described in this Count was undertaken with malice, willfulness and deliberate indifference to Ken's rights.

142.    As a proximate result of Defendants' conspiracy, Ken suffered injuries, including, but not limited to, lost wages, loss of normal life, humiliation, fear, pain, suffering, a conviction for a crime he did not commit, incarceration and emotional distress, as more fully alleged above.

WHEREFORE, the Plaintiff, Kenneth Gordon, respectfully request that this Honorable Court enter judgment in his favor and against the Defendants, Richard Devine, Merle Shearer, Mark Ertler, Rivanda Doss, Andrew Dalkin, Celeste Stack, Unknown Assistant State's Attorney's, County of Cook, Chicago Police Officer Doerge, Chicago Police Officer Baltazar, Chicago Police Sergeant O'Connnor, Unknown Officers of the Chicago Police Department and the City of Chicago, and award him compensatory damages in an amount to be established by the proofs, but in no event less than $6,800,000.00, punitive damages against those persons sued in their individual capacity, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT IX - V. COOK COUNTY
## SECTION 1983 MONELL CLAIM

143.    Ken repeats and re-alleges paragraphs 1 through 142 above as if fully set forth herein.

144.    Beginning as early as Ken's criminal case, the City and County, through its State's Attorneys' Office, knew and/or should have known that their practices and policies caused their employees to violate the civil rights of citizens, including, but not limited to Ken.

145.    Officials with final policy-making authority including Devine ratified and/or condoned the behavior and conduct of the Defendant Officers and Defendant State's Attorneys involved in Ken's arrest, incarceration and conviction, including, without limitation, Devine and Stack.  Moreover, these individuals allowed the continued incarceration of Ken throughout the post-conviction proceedings in order to maintain leverage over Ken.  In furtherance of this policy/procedure, the County authorized the

Defendant State's Attorneys to offer Ken a deal releasing him from prison in exchange for the waiver of his civil rights claims.

146.    This practice of facilitating the abuse by aggressively opposing Ken's Petition was so prevalent and widespread that it constituted a *de facto* policy and of the Defendant State's Attorneys and County.

147.    Moreover, the County has failed to implement policies and procedures to address the issues raised by Ken's Petition or avoid Ken's continued harm, namely, widespread misconduct from the Defendants by disregarding clear evidence that a constitutional violation has taken place and an innocent man had been convicted of a crime he had not committed.  In this regard, the County knew or should have known about the misconduct, yet took no steps to remedy it such that the failure to do so was deliberately indifferent.

148.    The acquiescence of Devine, and the County, through the State's Attorneys' Office, continues through the present.  Devine, and the County have continued to shield the Defendant Officers and Defendant State's Attorneys from prosecution notwithstanding the crimes they committed against Ken and others.

WHEREFORE, the Plaintiff, Kenneth Gordon, respectfully request that this Honorable Court enter judgment in his favor and against the Defendant County of Cook and award him compensatory damages in an amount to be established by the proofs, but in no event less than $6,800,000.00, punitive damages against those persons sued in their individual capacity, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT X V. ALL DEFENDANTS
## STATE LAW CLAIM

## <u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

149.    Ken repeats and re-alleges paragraphs 1 through 148 above as if fully set forth herein.

150.    The acts and conduct of the individual Defendants as set forth above were extreme and outrageous.

151.    The Defendants acted with malice and willfulness and intended to cause severe emotional distress to Ken, as is more fully alleged above.

152.    The Individual Defendants' actions and conduct did directly and proximately cause severe emotional distress to Ken, and thereby constituted intentional infliction of emotional distress.

153.    The misconduct described in this Count was undertaken with malice, willfulness and deliberate indifference to the rights of Ken.

154.    As a proximate result of Defendants' wrongful acts, Ken suffered injuries, including, but not limited to, lost wages, loss of normal life, humiliation, fear, pain, suffering, a conviction for a crime he did not commit, incarceration and emotional distress, as more fully alleged above.

WHEREFORE, the Plaintiff, Kenneth Gordon, respectfully request that this Honorable Court enter judgment in his favor and against the Defendants, Richard Devine, Merle Shearer, Mark Ertler, Rivanda Doss, Andrew Dalkin, Celeste Stack, Unknown Assistant State's Attorney's, County of Cook, Chicago Police Officer Doerge, Chicago Police Officer Baltazar, Chicago Police Sergeant O'Connnor, Unknown Officers of the Chicago Police Department and the City of Chicago, and award him compensatory damages in an amount to be established by the proofs, but in no event less than

$6,800,000.00, punitive damages against those persons sued in their individual capacity, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

### COUNT XI V. DEFENDANT OFFICERS AND CITY
### 42 USC § 1983 – UNLAWFUL ARREST

155.    Ken repeats and re-alleges paragraphs 1 through 154 above as if fully set forth herein.

156.    This Count is brought pursuant to the 42 U.S.C. § 1983 and the Constitution of the United States.

157.    The Defendant Officers caused Ken to be arrested even though the Defendant Officers were void of any justifiable basis for the arrest and lacked probable cause for the arrest, in violation of the Fourth Amendment to the United States Constitution and Article I Section Six of the Illinois Constitution.

158.    Specifically, the Defendant Officers procured Ken's arrest based solely on planted and/or fabricated evidence of a stolen car.

159.    The arrest, based solely on the basis of the planted/fabricated stolen car, impugns the legality of the conviction based solely on that evidence.

160.    The aforementioned actions of the Defendant Officers proximately caused Ken to be deprived of his Fourth Amendment rights to be free from arrest to which probable cause as to the arrest did not exist.

161.    As a direct and proximate result of the unlawful arrest described above, Ken suffered injuries, including, but not limited to, lost wages, loss of normal life, humiliation, fear, pain, suffering, a conviction for a crime he did not commit, incarceration and emotional distress, as more fully alleged above.

WHEREFORE, the Plaintiff, Kenneth Gordon, respectfully request that this Honorable Court enter judgment in his favor and against the Defendants, Chicago Police Officer Doerge, Chicago Police Officer Baltazar, Chicago Police Sergeant O'Connnor, Unknown Officers of the Chicago Police Department and the City of Chicago, and award him compensatory damages in an amount to be established by the proofs, but in no event less than $6,800,000.00, punitive damages against those persons sued in their individual capacity, the costs and attorney's fees incurred in this matter and any further relief that this Honorable Court deems fair and just.

### COUNT XII V. DEFENDANT OFFICERS AND CITY
### STATE LAW CLAIM
### FALSE IMPRISONMENT

162.    Ken repeats and re-alleges paragraphs 1 through 161 above as if fully set forth herein.

163.    The Defendant Officers caused Ken to be arrested even though the Defendant Officers were void of any justifiable basis for the arrest and lacked the probable cause for the arrest, in violation of the Fourth Amendment to the United States Constitution and Article I Section Six of the Illinois Constitution.

164.    Specifically, the Defendant Officers procured Ken's arrest based solely on planted and/or fabricated evidence of a stolen car.

165.    The arrest, based solely on the basis of the planted/fabricated stolen car, impu8gns the legality of Ken's conviction based solely on that evidence.

166.    Defendants false imprisonment of Ken continued from his arrest in July 2001 until his release.

167. As a result of the Defendant Officer's unlawful arrest of Ken he was restrained without reason and deprived of his freedom without cause.

168. The aforementioned actions of the Defendant Officers proximately caused Ken to be deprived of his right to be free from arrest to which probable cause as to the arrest did not exist.

169. As a direct and proximate cause of the Defendant's false imprisonment of Ken Ken suffered injuries, including, but not limited to, lost wages, loss of normal life, humiliation, fear, pain, suffering, a conviction for a crime he did not commit, incarceration and emotional distress, as more fully alleged above.

WHEREFORE, the Plaintiff, Kenneth Gordon, respectfully request that this Honorable Court enter judgment in his favor and against the Defendants, Chicago Police Officer Doerge, Chicago Police Officer Baltazar, Chicago Police Sergeant O'Connnor, Unknown Officers of the Chicago Police Department and the City of Chicago, and award him compensatory damages in an amount to be established by the proofs, but in no event less than $6,800,000.00, punitive damages against those persons sued in their individual capacity, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT XIII – V. ALL DEFENDANTS
## NEGLIGENCE - WILLFUL AND WANTON CONDUCT

170. Ken repeats and re-alleges paragraphs 1 through 169 above as if fully set forth herein.

171. The Defendants, owed Ken a duty to exercise reasonable care during their interactions with Ken, including Ken's restraint, detention, arrest and prosecution.

172.    The Defendants engaged in the following willful and wanton negligent conduct:

a.    Arrested the Ken without reason and without probable cause;

b.    Caused Ken to remain in a jail for an extended period of time;

c.    Failed to intervene when Ken was being restrained, arrested, prosecuted and incarcerated;

d.    Manufactured and/or fabricated false evidence;

e.    Obtained a conviction of Ken through false and perjured testimony as well as a stipulation procured by fraud which was used to commit a fraud on the Court;

f.    Failed to disclose exculpatory evidence that would have exonerated Ken to Ken and his counsel; and

g.    Acted with reckless disregard for the civil rights of Ken as described above.

173.    The City and County knew and/or should have known that their practices and policies caused their employees to violate the civil rights of citizens, including, but not limited to Ken.

174.    Moreover, neither the City nor County have implemented policies and procedures to address the issues raised by Ken's petition for post-conviction relief, namely, clear evidence that a constitutional violation has taken place and an innocent man has been convicted of a crime he had not committed.  In this regard the City and County lacked adequate remedial measures to avoid the type of harm inflicted on Ken.

175.    Officials with final policy-making authority ratified and/or condoned the behavior of the Defendant Officers and Defendant State's Attorneys in affecting Ken's arrest, incarceration and conviction, including, without limitation Richard Devine and Celeste Stack.  Moreover, these individuals allowed for the continued incarceration of

Ken throughout the post-conviction proceedings by not requiring that the Defendant State's Attorneys withdraw any objection to Ken's post-conviction relief.  Instead, the City and/or County authorized the Defendant State's Attorneys to offer Ken a deal in exchange for his civil rights claims.

176.    Moreover, neither the City nor County have implemented policies and procedures to address the issues raised by Ken's Petition, namely, widespread misconduct by the Defendants in disregarding clear evidence that a constitutional violation has taken place and an innocent man had been convicted of a crime he had not committed.  In this regard, the City and County lacked adequate remedial measures to avoid the type of harm inflicted on Ken.

177.    The acquiescence of Devine, the City and County, through the State's Attorneys Office, continues through the present.  Devine, the City and County have continued to shield the Defendant Officers and Defendant State's Attorneys from prosecution notwithstanding the crimes they committed against Ken and others.

178.    As a proximate result of the above-referenced conduct, Ken suffered injuries, including, but not limited to, lost wages, loss of normal life, humiliation, fear, pain, suffering, a conviction for a crime he did not commit, incarceration and emotional distress, as more fully alleged above.

WHEREFORE, the Plaintiff, Kenneth Gordon, respectfully request that this Honorable Court enter judgment in his favor and against the Defendants, Richard Devine, Merle Shearer, Mark Ertler, Rivanda Doss, Andrew Dalkin, Celeste Stack, Unknown Assistant State's Attorney's, County of Cook, Chicago Police Officer Doerge, Chicago Police Officer Baltazar, Chicago Police Sergeant O'Connnor, Unknown Officers of the

Chicago Police Department and the City of Chicago, and award him compensatory damages in an amount to be established by the proofs, but in no event less than $6,800,000.00, punitive damages against those persons sued in their individual capacity, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

**COUNT XIV**
**VIOLATION OF 745 ILCS 10/9-102– V. CITY OF CHICAGO AND COOK COUNTY**

179.    Plaintiff re-alleges, restates and incorporates paragraphs one through 178 above as if fully set forth herein.

180.    The Defendant Officers were at all times relevant to this complaint employees of the City of Chicago, Illinois, and engaged in the conduct complained of in the course and scope of their employment and while they were on duty.

181.    The Defendant State's attorneys were at all times relevant to this complaint employees of the County of Cook, Illinois and the Office of the Cook County State's Attorney's, and engaged in the conduct complained of in the course and scope of their employment and while they were on duty.

182.    Pursuant to 745 ILCS 10/9-102:

> A local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages (and may pay any associated attorney's fees and costs) for which it or an employee while acting within the scope of his employment is liable in the manner provided in this Article.

183.    The City of Chicago is the employer and principal of the Defendant Officers.

184. The County of Cook, Illinois and the Office of the Cook County State's Attorneys is the employer and principal of the Defendant State's Attorneys.

185. The aforesaid acts of Defendant Officers were in the scope of their employment as Officers with the Police Department for the City of Chicago and under color of law and therefore the Defendant, the City of Chicago, as principal is liable for the actions of its agents under 745 ILCS 10/102.

186. The aforesaid acts of Defendant State's Attorney's were in the scope of their employment as State's Attorney's for the County of Cook, Illinois and the Office of the Cook County State's Attorneys, and under color of law and therefore the Defendant, the City of Chicago, as principal is liable for the actions of its agents under 745 ILCS 10/102.

WHEREFORE, the Plaintiff, Kenneth Gordon, respectfully request that this Honorable Court enter judgment in his favor and against the Defendants, City of Chicago, County of Cook and the Office of the Cook County State's Attorney and award him compensatory damages in an amount to be established by the proofs, but in no event less than $6,800,000.00, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT XV
## RESPONDEAT SUPERIOR V. CITY OF CHICAGO, COOK COUNTY AND THE OFFICE OF THE COOK COUNTY STATE'S ATTORNEY

187. Plaintiff re-alleges, restates and incorporates paragraphs one through 186 above as if fully set forth herein.

188.    The Defendant Officers were employees of the City of Chicago, and engaged in the conduct complained of in the course and scope of their employment while they were on duty.

189.    The Defendant State's Attorneys were employees of the County of Cook and the Office of the Cook County State's Attorney, and engaged in the conduct complained of in the course and scope of their employment while they were on duty.

190.    The acts of the Defendant Officers and Defendant State's Attorneys were in the scope of their employment as officers with the City of Chicago and State's Attorneys of the County of Cook and the Office of the Cook County State's Attorney, respectively, were willful and wanton, and therefore the Defendants, the City of Chicago and County of Cook, as principals are liable for the actions of their agents under the doctrine of *respondeat superior.*

WHEREFORE, the Plaintiff, Kenneth Gordon, respectfully request that this Honorable Court enter judgment in his favor and against the Defendants, City of Chicago and County of Cook, and award him compensatory damages in an amount to be established by the proofs, but in no event less than $6,800,000.00, the costs and incurred in this matter and any further relief that this Honorable Court deems fair and just.

_____
One of Plaintiff's Attorneys

SCOTT W. KUMMER
JULIET E. BOYD
BOYD & KUMMER, LLC
20 S. Clark Street, Suite 500
Chicago, IL 60603
312-363-6100
312-372-7076 (FAX)
ARDC No. 6255657
ARDC No. 6273348