**IN THE UNITED STATES DISTRICT COURT
FOR TH E NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KENNETH GORDON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| RICHARD DEVINE, Cook County State's | ) |
| Attorney; MERLE SHEARER, Assistant Cook | ) |
| County State's Attorney; MARK ERTLER, | ) |
| Assistant Cook County State's Attorney; | ) |
| RIVANDA DOSS, Assistant Cook County State's | ) |
| Attorney; ANDREW DALKIN, Assistant Cook | ) |
| County State's Attorney; CELESTE STACK, | ) |
| Assistant Cook County State's Attorney; | ) |
| UNKNOWN ASSISTANT STATE'S | ) |
| ATTORNEYS of the Cook County State's | ) |
| Attorneys Office; COUNTY OF COOK; | ) |
| CHICAGO POLICE OFFICER DOERGE | ) |
| (Star #16110) CHICAGO POLICE OFFICER | ) |
| R. BALTAZAR (Star #10905); CHICAGO | ) |
| POLICE SERGEANT MARK O'CONNOR | ) |
| (Star #2384); UNKNOWN OFFICERS OF THE | ) |
| CHICAGO POLICE DEPARTMENT; and THE | ) |
| CITY OF CHICAGO, | ) |
| | ) |
| Defendant(s). | ) |

**No. 08 C 0377**

JUDGE ASPEN

Magistrate Judge Denlow

JURY DEMAND

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND
JURY DEMAND TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant, City of Chicago, ("City") by Mara S. Georges, Corporation Counsel for the City

of Chicago, for its Answer, Defenses, and Jury Demand to Plaintiff's Amended Complaint, states

as follows:

**INTRODUCTION**

1.      From July 2001 and continuing thereafter until June 2007, Defendants County of
Cook and the City of Chicago, by and through the above-named Defendant Officers and Defendant
State's Attorneys engaged in a conspiracy to cause Plaintiff Kenneth Gordon to be convicted by the

Circuit Court of Cook County of possession of a stolen motor vehicle - a crime he did not commit. As a result of the conspiracy, Ken endured four and one half (41/2) years of wrongful incarceration, followed by one year and eight months of parole. In spite of the fact that it became clear to Cook County and the State's Attorneys, immediately after the filing of his Petition for Post-Conviction Relief, that Ken was innocent of the charges, Cook County and the State's Attorneys prolonged the post-conviction proceedings. They even offered to release Ken one (1) month prior to his scheduled release date if, and only if, he waived his civil rights claims against them. Finally, in June 2007, more than a year after Ken's release from prison, Ken's sentence was vacated and the Indictment against him was dismissed. This lawsuit followed.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to

the City. Upon information and belief, based on records of the Circuit Court of Cook County, the

City admits that plaintiff was convicted of possession of a stolen motor vehicle. The City further

admits, upon information and belief, based on Orders of the Circuit Court of Cook County, that

plaintiff's sentence was vacated and that the indictment against him was dismissed. The City is

without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in this paragraph.

## JURISDICTION

2.    The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983, 28 U.S.C. §1331 and 1343(a); the 4th, 5th, and 14th Amendments of the Constitution of the United States, and supplementary jurisdiction, as codified in 28 U.S.C. §1367(a).

ANSWER:    The City admits that this Court has original and supplementary jurisdiction

pursuant to 28 U.S.C. §§ 1331, 1343(a), and 1367(a) in that plaintiff purports to bring this action

pursuant to 42 U.S.C. § 1983, the Fourteenth Amendment to the United States Constitution, and

state law.

## PARTIES

3.    The Plaintiff Kenneth Gordon, at all times material, was, a citizen of the State of

Illinois and the United States.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.


    4.    Defendant Merle Shearer ("Shearer"), was an attorney licensed to practice law by the State of Illinois and was a duly-appointed and sworn Assistant Cook County State's Attorney at all times material and relevant to the incidents complained of in this complaint.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.


    5.    Defendant Mark Ertler ("Ertler"), was an attorney licensed to practice law by the State of Illinois and was a duly-appointed and sworn Assistant Cook County State's Attorney at all times material and relevant to the incidents complained of in this complaint.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.


    6.    Defendant Rivanda Doss ("Doss") was an attorney licensed to practice law by the State of Illinois and was a duly-appointed and sworn Assistant Cook County State's Attorney at all times material and relevant to the incidents complained of in this complaint.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.


    7.    Defendant Andrew Dalkin ("Dalkin") was an attorney licensed to practice law by the State of Illinois and was a duly-appointed and sworn Assistant Cook County State's Attorney at all times material and relevant to the incidents complained of in this complaint.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

8.    Defendant Celeste Stack ("Stack") was an attorney licensed to practice law by the State of Illinois and was a duly-appointed and sworn Assistant Cook County State's Attorney at all times material and relevant to the incidents complained of in this complaint.  Stack was the supervisor of Defendants Ertler, Doss and Dalkin.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

9.    Defendant Richard A. Devine ("Devine") was the duly-appointed and sworn Cook County State's Attorney and was the supervisor of Defendants Shearer, Ertler, Doss and Dalkin, Stack and the Unknown State's Attorneys at all times material and relevant to the incidents complained of in this complaint.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

10.    Defendants, Unknown Assistant State's Attorneys ("Unknown State's Attorneys") were duly appointed and sworn Assistant Cook County State's Attorneys at all times material and relevant to the incidents complained of in this complaint, (collectively, Defendants Devine, Shearer, Ertler, Dalkin, Doss, Stack and the Unknown State's Attorneys will at times be referred to as the "Defendant State's Attorneys").

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

11.    The Defendant State's Attorneys engaged in the wrongful conduct set forth below in the course of their employment and while on duty. This action is brought against the Defendant State's Attorneys in their individual capacities.

ANSWER:    The City admits that plaintiff purports to sue the State's Attorneys in their

individual capacities.  The City is without knowledge or information sufficient to form a belief as

to the truth of the remaining allegations in this paragraph.

12.    Defendant Cook County is a county within the State of Illinois that employed the Defendant State's Attorneys.

ANSWER:    The City admits that Cook County is a county within the State of Illinois.  The

City is without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in this paragraph.

13.    Defendant Chicago Police Officer Doerge (Star # 16110)("Officer Doerge") was a duly-appointed and sworn police officer of the City of Chicago, Illinois on July 25, 2001, and at all other times relevant.

ANSWER:    Upon information and belief, based on Chicago Police Department ("CPD")

records, the City admits that Defendant Officer Doerge was a duly-appointed and sworn police

officer of the City of Chicago, Illinois on July 25, 2001, and at all other times relevant to this

Complaint.

14.    Defendant Chicago Police Officer Baltazar (Star # 10905) ("Officer Baltazar") was a duly-appointed and sworn police officer of the City of Chicago, Illinois on July 25, 2001, and at all other times relevant.

ANSWER:    Upon information and belief, based on CPD records, the City admits that

Defendant Officer Baltazar was a duly-appointed and sworn police officer of the City of Chicago,

Illinois on July 25, 2001, and at all other times relevant to this Complaint.

15.    Defendant Chicago Police Officer Sergeant Mark O'Connor (Star # 2384)("Sgt. O'Connor"), was a duly-appointed and sworn police officer of the City of Chicago, Illinois on July 25, 2001 and at all other times relevant.

5

ANSWER:      Upon information and belief, based on CPD records, the City admits that

Defendant Sergeant O'Connor was a duly-appointed and sworn police officer of the City of Chicago,

Illinois on July 25, 2001, and at all other times relevant to this Complaint.


16.      Defendants, Unknown City of Chicago Police Officers ("Unknown Officers") are
duly-appointed and sworn police officers of the City of Chicago, County of Cook, in the State of
Illinois. (Officer Doerge, Officer Baltazar, the Unknown Officers and Sgt. O'Connor hereinafter will
be at times collectively referred to as the "Defendant Officers"). The Defendant Officers engaged
in the wrongful conduct set forth below in the course of their employment and while on duty. The
Defendant Officers are being sued in their individual capacities.

ANSWER:      The City admits that plaintiff purports to sue the Defendant Officers in their

individual capacities.  Upon information and belief, based on CPD records, the City admits that

Defendants Officer Doerge, Officer Baltazar, and Sergeant O'Connor acted in the course of their

employment and while on duty at all times relevant to this Complaint. The City is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

this paragraph.


17.      The City of Chicago, Illinois (the "City"), is a duly incorporated municipal
corporation and is the employer and principal of the above-referenced Defendant Officers.    At all
times material to this Complaint, the Defendant Officers acted under color of state law, ordinance
and/or regulation, statutes, customs and usages of the City of Chicago, Illinois.

ANSWER:      The City admits that it is a duly incorporated municipal corporation.  Upon

information and belief, based on CPD records, the City further admits that Defendants Officer

Doerge, Officer Baltazar, and Sergeant O'Connor were employed by the City of Chicago as Police

Officers at all times material to this Complaint.  Additionally, the City admits, upon information and

belief, based on CPD records, that Defendants Officer Doerge, Officer Baltazar, and Sergeant

6

O'Connor acted under color of state law at all times material to this Complaint. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

18.    Each of the individual defendants are sued in their individual capacity, and each acted under color of state law and in the scope of their employment while engaging in the actions alleged in this complaint.

ANSWER:    The City admits that plaintiff purports to sue the individual defendants in their individual capacities. Upon information and belief, based on CPD records, the City admits that Defendants Officer Doerge, Officer Baltazar, and Sergeant O'Connor acted under color of state law and in the scope of their employment at all times relevant to this Complaint. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

## FACTS COMMON TO ALL COUNTS

19.    On July 25, 2001, Ken was on his way to start a new job as a helper loading trucks.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph

20.    On that date, at approximately 4:30 a.m., the Defendant Officers stopped Ken while he was driving his automobile at or around 931 N. Kilpatrick.

ANSWER:    Upon information and belief, based on CPD records, the City admits that, on July 25, 2001, at approximately 4:45 a.m., Plaintiff was stopped while he was driving an automobile in the area of 931 North Kilpatrick. The City is without knowledge or information sufficient to form

a belief as to the truth of the remaining allegations in this paragraph.

21.    The Defendant Officers did not have probable cause to believe that Ken had committed or was committing any crime in violation of the laws of the State of Illinois. In fact, Ken had not committed and was not committing any crime.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

22.    Nonetheless, the Defendant Officers arrested Ken.

ANSWER:    Upon information and belief, based on CPD records, the City admits that, on July 25, 2001, Officers Doerge and Baltazar arrested plaintiff.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

23.    The Defendant Officers prepared a false complaint and false police report in which they stated, either individually or on behalf of the alleged complaining witness, that Ken was in possession of a stolen vehicle, namely, "Arthur Johnson's vehicle," a 1995 Oldsmobile/Buick (the "Car"). [1]  Ken's arrest did not involve the Car.  Ken was never in possession of the Car.  In spite of this, Ken was arrested and charged for allegedly possessing a stolen vehicle belonging to "Arthur Johnson."

ANSWER:    Upon information and belief, based on CPD records, the City admits that, on July 25, 2001, plaintiff was arrested for possession of a stolen motor vehicle.  The City further admits, upon information and belief, based on records of the Circuit Court of Cook County, that plaintiff was charged with possession of a stolen motor vehicle. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph

---

[1] The criminal Complaint identifies the Car as an Oldsmobile.  The Police Report identifies the Car as a Buick.

8

and in footnote one.

24.    Based on the false complaint and police reports prepared by the Defendant Officers and approved by the Cook County State's Attorneys Office, the State filed criminal complaint numbered 01135885 against Ken on July 26, 2001, which purportedly contained the signature of "Arthur Johnson."

ANSWER:    Upon information and belief, based on records of the Circuit Court of Cook County, the City admits that the Cook County State's Attorney's Office filed criminal complaint number 01135885 against plaintiff on July 26, 2001. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

25.    According to the criminal complaint, Ken allegedly committed the offense of being in possession of the Car that had been stolen from Arthur Johnson.

ANSWER:    Upon information and belief, the City admits that, according to criminal complaint number 01135885, plaintiff committed the offense of possession of a stolen motor vehicle. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

26.    Although the State purported that Arthur Johnson signed the criminal complaint described above, the complainant's name section indicated that the complainant was "Arthur Johnson/Todd Johnson."

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

27.    Neither Todd Johnson nor Arthur Johnson signed the criminal complaint. Moreover, neither Todd Johnson nor Arthur Johnson authorized the Chicago Police Department to sign the

criminal complaint on their behalf.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.


28.    More importantly, on July 25, 2001, neither Arthur Johnson nor Todd Johnson owned the Car.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.


29.    On August 16, 2001, criminal complaint against Ken number 01135885 was superseded by indictment #01-CR-13901.

ANSWER:    Upon information and belief, based on records of the Circuit Court of Cook

County, the City admits that criminal complaint number 01135885 was superseded by direct

indictment number 01CR19301, on or about August 16, 2001.


30.    On said indictment, Ken was charged with a violation of 625 ILCS 5/4-103(a)(l) for receiving or possessing a stolen vehicle and with a violation of 720 ILCS 5-19-2 for possession of burglary tools.

ANSWER:    Upon information and belief, based on records of the Circuit Court of Cook

County, the City admits the allegations in this paragraph.


31.    Count I of said indictment alleged that Ken possessed Arthur Johnson's 1995 Oldsmobile on July 25, 2001, and that he knew that the vehicle was stolen or converted. Count II claimed that Ken possessed burglary tools with the intent to commit a motor vehicle theft on July 25, 2001.

ANSWER:    Upon information and belief, based on records of the Circuit Court of Cook

County, the City admits the allegations in this paragraph.

32.     On August 13, 2001, Officer Doerge appeared before a Grand Jury of Cook County.

ANSWER:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

33.     The Defendant State's Attorneys under the direction of defendant Richard Devine directed Officer Doerge's testimony. Officer Doerge's testimony was a complete fabrication.

ANSWER:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

34.     Specifically, during the grand jury proceedings, the Defendant State's Attorney asked Officer Doerge if he spoke with the owner of the allegedly stolen vehicle, Arthur Johnson.  Doerge intentionally and falsely answered, "yes" in response to the Defendant State's Attorney's question, indicating that he personally spoke with Arthur Johnson.

ANSWER:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

35.     Furthermore, during the grand jury proceedings, Officer Doerge knowingly and falsely testified that Arthur Johnson told him that he did not give Ken permission or authority to possess his vehicle.

ANSWER:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

36.     Based on Officer Doerge's false testimony, the Grand Jury indicted Ken for the charges brought against him.

ANSWER:    Upon information and belief, based on records of the Circuit Court of Cook

County, the City admits that the Grand Jury indicted plaintiff for the charges brought against him.

The City is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in this paragraph.


37.    On September 6, 2001, the criminal case against Ken was first brought before the
Honorable Judge Daniel Darcy.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.


38.    On that date, the Defendant State's Attorneys acted under the direction of defendant
Richard Devine and the State's Attorneys Office of Cook County.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.


39.    Ken was arraigned on September 6, 2001, and the case was continued until
September 20, 2001.

ANSWER:    Upon information and belief, based on records of the Circuit Court of Cook

County, the City admits the allegations in this paragraph.


40.    On September 20, 2001, Case No. 01-CR-19301 was first brought before the
Honorable Judge Vincent M. Gaughan. On that date, the State of Illinois and Richard Devine and
the Office of the Cook County State's Attorney were represented by the Defendant State's Attorneys.

ANSWER:    Upon information and belief, based on records of the Circuit Court of Cook

County, the City admits that case number 01CR19301 was before the Honorable Judge Vincent M.

Gaughan on September 20, 2001. The City is without knowledge or information sufficient to form

a belief as to the truth of the remaining allegations in this paragraph.

41.    On that date, Ken's attorney, an assistant public defender, informed the court that the matter could be set down for a bench trial. Ken's attorney informed the court that they were missing the complaining witness' report that the Car had been stolen. The case was continued until November 1, 2001.

ANSWER:    Upon information and belief, based on records of the Circuit Court of Cook

County, the City admits that the case was continued to November 1, 2001. The City is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

in this paragraph.

42.    The matter was continued from time to time until February 6, 2002. On that date, the Defendant State's Attorneys informed the court that the State was not ready for trial because the "victim" was not present, thereby implying that they had spoken to Arthur Johnson when they had not.

ANSWER:    Upon information and belief, based on records of the Circuit Court of Cook

County, the City admits that the matter was continued to February 6, 2002. The City is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

this paragraph.

43.    Furthermore, on February 6, 2002, the Defendant State's Attorneys stated to the court that the State was still seeking to get vehicle records for the Car and, therefore, needed a continuance. The matter was continued until March 14, 2002, and then until April 18, 2002.

ANSWER:    Upon information and belief, based on records of the Circuit Court of Cook County,

the City admits that the matter was continued until March 14, 2002. Upon information and belief,

based on records of the Circuit Court of Cook County, the City denies the matter was continued until

April 18, 2002. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.


44.     On April 8, 2002, Defendant Shearer represented Richard Devine and the Office of the Cook County State's Attorney. Although the matter had been set for trial, Shearer informed the court that the State was not ready for trial because two officers were out of town or could not be located.

ANSWER:     Upon information and belief, based upon records of the Circuit Court of Cook County, the City admits the matter was before the court on April 8, 2002. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.


45.     On April 8, 2002, Richard Devine and the Office of the Cook County State's Attorney, by and through the Defendant Shearer, filed an answer to discovery in the Plaintiffs criminal matter intentionally and falsely indicating that the State may call "Arthur 'Todd' Johnson" as a witness, in spite of the fact that no one named Arthur Todd Johnson existed.

ANSWER:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.


46.     Additionally, on April 8,2002, Richard Devine and the Office of the Cook County State's Attorney, by and through Shearer, stated that both a representative of Bionic Auto Parts and Sales, Inc. and Representatives of Tech. Credit Union might be called to testify. Secretary of State records subsequently obtained demonstrated that Bionic obtained a salvage certificate for the vehicle in late 2001.

ANSWER:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

47.    Clearly, the Defendant State's Attorneys who filed their discovery answer had obtained the names of these individuals from the Secretary of State Motor Vehicle Records. Those records, though requested, were never tendered to Ken's defense counsel in violation of <u>Brady v. Maryland</u>.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

48.    Despite the Defendants' intentionally false statement that they would call Arthur "Todd" Johnson, there was no one by that name relevant to Ken's criminal proceedings.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

49.    On April 8, 2002, the Defendant, Shearer also intentionally and falsely indicated to the court that the Devine and the Office of the Cook County State's Attorney would tender any copies of automobile records it received to Ken's criminal defense counsel. Those automobile records were intentionally never tendered to defense counsel.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

50.    On April 25, 2002, Ken's criminal matter was set for a bench trial.  Shearer, represented Devine and the Office of the Cook County State's Attorney.  The Cook County Public Defender's Office, by and through Craig Rosenthal ("Rosenthal"), represented Ken.

ANSWER:    Upon information and belief, based on records of the Circuit Court of Cook County, the City admits that the criminal matter was before the court on April 25, 2002.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

15

51.    Just prior to the bench trial on April 25, 2002, outside of the courtroom and off the record Shearer intentionally and falsely informed Rosenthal that the "owner" of the vehicle, "Todd Johnson", was on "phone hold" and was willing and available to testify at trial that day.   Shearer also falsely and intentionally represented to Rosenthal that the owner of the car had no criminal background.    Shearer made these misrepresentations outside of Court acting in an investigative and/or administrative capacity.   Shearer used these representations to defraud Rosenthal and the Court into believing that the owner of the vehicle was Todd Johnson and that he would be available to testify at trial that day, in an effort to induce Rosenthal to enter into a false stipulation regarding the element of ownership.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.


52.    On April 25, 2002, Rosenthal spoke with the individual Shearer identified as Todd Johnson on "phone hold." Shearer arranged the call. That individual falsely and intentionally identified himself as Todd Johnson, the owner of the Car and stipulated that he did not know Ken or give Ken permission to use the Car.  This individual related to Rosenthal that the Car was in perfect condition at the time that the car was stolen.  This entire communication, constructed by Shearer, was a fabrication.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.


53.    Based upon the false representations made by Shearer and the fabrications contained in the telephone conversation, Rosenthal agreed to stipulate to the ownership/lack of consent element at Ken's criminal bench trial.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.


54.    In furtherance of this fraud on the Court, Shearer entered a stipulation into the Court Record indicating that he had spoken with the owner of the Car, Todd Johnson, and that if called to testify, Johnson would state that he was the owner of the Car, that the Car was in working condition, and that he had not given Ken permission to drive or use the Car. At the time that this stipulation was read into the Court record Shearer knew that each of these representations were false.

16

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.


55.    Specifically, at this time and at all relevant times before the April 25, 2002, proceedings, the Defendants, including, but not limited , to Shearer, knew that neither Todd Johnson nor Arthur Johnson were the person identified as such on the telephone and neither individual owned the Car on July 25, 2001.  In fact, based on the records of the Illinois Secretary of State in the possession or control of the Defendants, the owner of the vehicle on July 25, 2001, was Go America Auto Insurance, Inc.  Nonetheless, the Defendants proceeded to trial and obtained Ken's conviction based on this fraudulent representation and stipulation.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to

the City.  The City is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.


56.    Importantly, Devine, through Shearer, never turned over any of the vehicle records they obtained from the Illinois Secretary of State to Ken's counsel.  These records contained material, exculpatory evidence that would have led to  Ken's exoneration. The failure of the SA Defendants to turn this information over constituted a violation of <u>Brady v. Maryland</u>.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.


57.    Ken later filed a Petition for Post-Conviction Relief ("Petition").  Upon investigating Ken's allegations in his Petition, appointed post-conviction appellate counsel contacted the Illinois Secretary of State for a Title and Registration Search for the subject vehicle allegedly possessed by Ken.

ANSWER:     Upon information and belief, based upon records of Circuit Court of Cook County,

the City admits Plaintiff later filed a Petition for Post-Conviction Relief.  The City is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

this paragraph.

17

58.    The Illinois Secretary of State thereafter conducted a Title and Registration Search for a 1995 Oldsmobile Aurora, VIN #1G3GR62C8S41311039 which had a title number of T1304132027 on October 31, 2001 and an Illinois License Plate #54447PV.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

59.    Upon information received from the Secretary of State, post-conviction appellate counsel confirmed that "Todd Johnson" was not the owner of the subject vehicle on July 25, 2001, "Todd Johnson" surrendered Title to the vehicle on May 14, 2001, and Go America Insurance possessed the subject vehicle.   In September 2001 a salvage certificate was issued to Bionic Auto Parts for the Car. As such, at the time of Ken's trial, Bionic Auto Parts was the owner of the Car.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

60.    The information also revealed that no one named "Arthur Johnson" ever owned the Car that was allegedly stolen by Ken.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

61.    As a result of the investigation conducted by the Defendant State's Attorneys and Devine, the Defendant State's Attorneys possessed actual knowledge that no one named "Arthur Johnson" ever owned or possessed the subject vehicle. Devine did not turn the evidence over to Ken that they obtained in connection with this investigation, in violation of Brady v. Maryland. Instead, Defendants proceeded to prosecute Ken.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

62.    Moreover, the Defendant State's Attorneys and Devine knew that the indictment in Ken's criminal case naming "Arthur Johnson" as the owner of vehicle was fatally defective and false. The Defendants nonetheless proceeded to prosecute Ken.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to the City. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

63.    After obtaining the vehicle records, the Defendants had actual knowledge that 'Todd Johnson" did not own the subject vehicle on July 25, 2001. The Defendants nonetheless proceeded to prosecute Ken.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to the City. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

64.    Furthermore, on the date of trial, April 25, 2002, Shearer knowingly and intentionally misrepresented to Rosenthal that the "owner" was on "phone hold" when in fact neither Arthur Johnson nor Todd Johnson were the owner of the car and neither Arthur Johnson nor Todd Johnson were on "phone hold." Notably the Defendants did not advise Ken, Ken's counsel, and/or the Court of the facts outlined in paragraphs 55-64 above.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to the City. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

65.    Shearer knew the misrepresentations he made to Rosenthal were false at the time he made them and were made to induce Rosenthal into believing that the testimony of either Arthur Johnson or Todd Johnson could establish the element of ownership/lack of consent at Ken's criminal trial.

ANSWER:    The City is without knowledge or information sufficient to from a belief as to the

19

truth of the allegations in this paragraph.

66.     The Defendant Officers and the Defendant State's Attorneys, representing the City of Chicago, the County of Cook and Devine, respectively, entered into a conspiracy to withhold exculpatory evidence, knowingly use false police reports, false criminal complaints, false testimony and deceptive conduct in order to convict Ken at his bench trial on April 25,2002.

ANSWER:     The City denies the allegations in this paragraph to the extent that they pertain to

the City.  The City is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.

67.     On April 25, 2002, based on the false testimony of the Defendant Officers and the fraudulent stipulation obtained by the Defendant State's Attorneys, Ken was found guilty of violating 625 ILCS 5/4-103(a)(l), possession of a stolen motor vehicle. Ken was found not guilty on the charge of burglary tools (720 ILCS 5/19-2).

ANSWER:      Upon information and belief, based upon records of the Circuit Court of Cook

County, the City admits that on April 25, 2003, plaintiff was found guilty of violating 625 ILCS

5/4-103(a)(l), possession of a stolen motor vehicle and  not guilty on the charge of burglary tools

(720 ILCS 5/19-2).  The City is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations in this paragraph.

68.     On May 23, 2002, Ken was sentenced to nine years of incarceration at the Illinois Department of Corrections.

ANSWER:      Upon information and belief, based upon records of the Circuit Court of Cook

County, the City admits that Plaintiff was sentenced to nine years of incarcerations at the Illinois

Department of Corrections.

20

69.    On February 23, 2004, Ken timely filed his Petition for Post-Conviction Relief ("Petition"), alleging, inter alia, substantial violations of Ken's civil rights through the prosecutorial misconduct of the Illinois State's Attorneys Office and violation of <u>Brady v. Maryland</u>. 373 U.S. 83 (1963).   On February 24, 2005, Ken's Petition was amended.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.


70.    Upon receiving the Petition, the Defendant State's Attorneys were again apprised of the fact that Ken had been wrongfully convicted for a crime he did not commit.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.


71.    The Defendant State's Attorneys that were assigned to Ken's case included Defendants Ertler, Dalkin and Doss, who reported to Defendant Stack.   The Defendant State's Attorneys and Devine did nothing to assist Ken in achieving justice.   Instead, these defendants engaged in a course of conduct designed to delay Ken's post-conviction proceedings and vigorously oppose them in an effort to protect their own interests, in spite of the fact that they knew that gross prosecutorial misconduct had taken place, and that Ken was innocent of the charges.   In this regard, the Defendant State's Attorneys and Devine were not acting to perform a prosecutorial function, but rather, as *de facto* defense attorneys endeavoring to limit their own liability.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.


72.    Moreover, in an outrageous effort to conceal this misconduct SA Ertler offered to release Ken one (1) month prior to his scheduled release date if, and only if he would waive any potential civil rights claims against the Defendant State's Attorneys and Devine, in violation of their ethical duties under the Illinois Rules of Professional Conduct.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

73.    The acts complained of by the Defendant State's Attorneys in paragraphs 69 through 72 above were taken outside of the scope of their prosecutorial functions, as Ken had already been convicted. The Defendant State's Attorneys purposefully concealed and delayed Ken's post-conviction proceedings in an effort to protect themselves from embarrassment, as well as potential liability.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.


74.    Ken served four and one-half (4-1/2) years in prison as a result of the conviction. Ken was released from incarceration and placed on parole for one year and eight months.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.


75.    On June 14, 2007, nearly six years after Ken's wrongful arrest and prosecution, the Honorable Judge Vincent Gaughan granted Ken's Petition, dismissed the indictment against Ken and vacated his conviction and sentence.

ANSWER:    Upon information and belief, based upon records of the Circuit Court of Cook

County, the City admits that Judge Vincent Gaughan dismissed the indictment and vacated the

Plaintiff's conviction and sentence under case number 01 CR 1930101.  The City is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

this paragraph.


76.    Ken suffered enormous damages and injuries as a direct and proximate result of the misconduct of the Defendants outlined above. Ken spent more than four and a half years in prison for a crime of which he was completely innocent, not knowing whether he would ever be successful in proving the wrongfulness of his incarceration.  Following his arrest, Ken was separated from his friends and family.   He was also deprived of an opportunity to raise his two young children.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to

the City.  The City is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.

77.    Ken's years of incarceration were lonely and arduous.  In addition to the loss of his relationship with his friends and family, Ken was deprived of opportunities to pursue a vocation and live as a free citizen.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

78.    While incarcerated, Ken suffered daily humiliations and indignities.  Ken worked for virtually nothing while in prison. Ken anguished daily at his loss of freedom and the suffering his children were forced to endure in his absence.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

79.    Following his release from custody, Ken struggled with learning and pursuing a vocation while on parole and under the stigma of being a convicted felon.  Ken suffered and continues to suffer from a feeling that life's opportunities have been stolen from him.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

80.    The City and County, through the State's Attorneys Office, knew and/or should have known that their practices and policies caused their employees to violate the civil rights of citizens, including, but not limited to Ken.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to

the City.  The City is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.

23

81.    Officials with final policy-making authority ratified and/or condoned the behavior and conduct of the Defendant Officers and Defendant State's Attorneys involved in Ken's arrest, incarceration and conviction, including, without limitation, Devine and Stack. Moreover, these individuals allowed for the continued incarceration of Ken throughout the post-conviction proceedings in order to maintain leverage over Ken. In furtherance of this policy/procedure, the City and County authorized the Defendant State's Attorneys to offer Ken a deal releasing him from prison in exchange for the waiver of his civil rights claims.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to

the City. The City is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.

82.    This practice of facilitating abuse by aggressively opposing Ken's Petition was so prevalent and widespread that it constituted a de facto policy for the Defendant State's Attorneys, City and County.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to

the City. The City is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.

83.    Moreover, neither the City nor County have implemented policies and procedures to    address    the    issues    raised    by    Ken's    Petition,    namely,    widespread misconduct by the Defendants in disregarding clear evidence that a constitutional violation has taken place and an innocent man had been convicted of a crime he had not committed. In this regard, the City and County lacked adequate remedial measures to avoid the type of harm inflicted on Ken.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to

the City. The City is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.

84.    The acquiescence of Devine, the City and County, through the State's Attorneys Office, continues through the present.  Devine, the City and County have continued to shield the Defendant Officers and Defendant State's Attorneys from prosecution notwithstanding the crimes they committed against Ken and others.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to

the City.  The City is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.


## COUNT  I

### V. Defendant Officers and City
### 42 U.S.C. § 1983 - Due Process

85.    Ken repeats and re-alleges paragraphs 1 through 84 above as if fully set forth herein.

ANSWER:    The City re-alleges its answers to paragraphs 1 through 84 as if fully set forth herein.


86.    As described more fully above, all of the Defendants, while acting individually, jointly and in conspiracy, as well as under color of law and within the scope of their employment, deprived Ken of his constitutional rights to a fair trial.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to

the City.  The City is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.


87.    In the manner described above, the Defendants deliberately withheld exculpatory evidence and fabricated false arrest reports, evidence, criminal complaints, provided perjured testimony, suborned perjured and attempted to conceal facts thereby misleading and misdirecting the criminal prosecution and post-conviction proceedings of Ken. Absent this misconduct in connection with Ken's arrest, prosecution, and incarceration, Ken could not and would not have been pursued, obtained, arrested and/or incarcerated.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to

the City.  The City is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.

88.     The Defendants' misconduct directly resulted in the unjust criminal conviction of Ken, thereby denying him of his constitutional right to a fair trial, fair appeal and fair post-conviction proceedings, in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

ANSWER:     The City denies the allegations in this paragraph to the extent that they pertain to

the City.  The City is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.

89.     As a result of this deprivation of his constitutional right to a fair trial, Ken suffered injuries, including, but not limited to, lost wages, loss of normal life, humiliation, fear, pain, suffering, a conviction for a crime he did not commit, incarceration and emotional distress, as more rally alleged above.

ANSWER:     The City denies the allegations in this paragraph to the extent that they pertain to

the City.  The City is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.

90.     The conduct described in this Count was objectively unreasonable and was undertaken with willful, deliberate indifference to Ken's constitutional rights.

ANSWER:     The City denies the allegations in this paragraph to the extent that they pertain to

the City.  The City is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.

WHEREFORE, the City prays that this Court enter judgment in its favor on Plaintiff's

26

Complaint, award the City costs and fees as allowed by law, and grant such further relief as this

Court deems just and proper.

## COUNT II

### V. Defendant State's Attorneys Cook County and the Office of the Cook County State's Attorneys
### <u>42 U.S.C. § 1983 - Due Process</u>

91.     Ken repeats and re-alleges paragraphs 1 through 90 above as if fully set forth herein.

ANSWER:     The City re-alleges its answers to paragraphs 1 through 90 as if fully set forth

herein.


92.     As described more fully above, all of the Defendants, while acting individually, jointly and in conspiracy, as well as under color of law and within the scope of their employment, deprived Ken of his constitutional rights to a fair trial.

ANSWER:     The City denies the allegations in this paragraph to the extent that they pertain to

the City.  The City is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.


93.     In the manner described above, the Defendants deliberately withheld exculpatory evidence, fabricated evidence, attempted to conceal facts and delayed Ken's post-conviction proceedings, thereby misleading and misdirecting the criminal prosecution, fraudulently obtained Ken's conviction and prolonged Ken's post-conviction proceedings.

ANSWER:     The City denies the allegations in this paragraph to the extent that they pertain to

the City.  The City is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.

94.    In connection with the post-conviction proceedings these Defendants acted to protect their own interests and limit their own liability by prolonging Ken's post-conviction proceedings and attempting to induce Ken to waive his civil rights.   In this regard these defendants acted outside of their role as prosecutors and instead, as de facto defense attorneys in an effort to cover-up their wrongdoing, and limit their own liability.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to

the City.  The City is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.


95.    Absent the misconduct of these defendant described above in connection with the prosecution, incarceration and defense of the post-conviction proceedings, Ken could not and would not have been pursued, obtained, arrested and/or incarcerated for over four years and placed on probation for another year and a half.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to

the City.  The City is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.


96.    The Defendants' misconduct directly resulted in the unjust and fraudulent criminal conviction of Ken, and an extended incarceration of Ken even after they obtained and/or became aware of the fact that Ken was innocent, thereby denying him of his constitutional right to a fair trial, fair appeal and fair post-conviction proceedings, in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to

the City.  The City is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.


97.    As a result of this deprivation of his constitutional right to a fair trial, Ken suffered  injuries,  including, but not limited to, lost wages, loss of normal life, humiliation, fear, pain, suffering, a conviction for a crime he did not commit, incarceration and emotional distress,

as more fully alleged above.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the

truth of allegations in this paragraph.

98.    The conduct described in this Count was objectively unreasonable and was undertaken with willful, deliberate indifference to Ken's constitutional rights.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to

the City.  The City is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.

WHEREFORE, the City prays that this Court enter judgment in its favor on Plaintiff's

Complaint, award the City costs and fees as allowed by law, and grant such further relief as this

Court deems just and proper.

## COUNT III

### V. Defendant State's Attorneys, Cook County and The Office of the Cook County State's Attorneys
### 42 U.S.C. § 1983 - Due Process
***(Brady Violations)***

99.    Ken repeats and re-alleges paragraphs 1 through 98 above as if fully set forth herein.

ANSWER:    The City re-alleges its answers to paragraphs 1 through 98 above as if fully set

forth herein.

100.    As described more fully above, all of the Defendants, while acting .individually, jointly and in conspiracy, as well as under color of law and within the scope of their

employment, deprived Ken of his constitutional rights to a fair trial.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to

the City.  The City is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.


101.    In the manner described above, the Defendants deliberately withheld exculpatory
evidence,  thereby violating their constitutional  obligations to  disclose exculpatory information
to Ken and his defense counsel.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to

the City.  The City is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.


102.    Absent the misconduct of these defendant described above in connection with the
arrest, prosecution, incarceration and defense of the post-conviction proceedings, Ken could not
and would not have been pursued, obtained, arrested and/or incarcerated for over four years and
placed on probation for another year and a half.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to

the City.  The City is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.


103.    The Defendants' misconduct directly resulted in the unjust and fraudulent
criminal conviction of Ken, and an extended incarceration of Ken even after they obtained
and/or became aware of exculpatory evidence, thereby denying him of his constitutional right to
a fair trial, fair appeal and fair post-conviction proceedings, in violation of the Due Process
Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to

the City.  The City is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.

104.    As a result of this deprivation of his constitutional right to a fair trial, Ken suffered injuries, including, but not limited to, lost wages, loss of normal life, humiliation, fear, pain, suffering, a conviction for a crime he did not commit, incarceration and emotional distress, as more fully alleged above.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

105.    The conduct described in this Count was objectively unreasonable and was undertaken with willful, deliberate indifference to Ken's constitutional rights.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to

the City.  The City is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.

WHEREFORE, the City prays that this Court enter judgment in its favor on Plaintiff's

Complaint, award the City costs and fees as allowed by law, and grant such further relief as this

Court deems just and proper.

## COUNT IV

### V. All Defendants
### 42 U.S.C. § 1983 - Conspiracy

106.    Ken repeats and re-alleges paragraphs 1 through 105 above as if fully set forth herein.

ANSWER:    The City re-alleges its answers to paragraphs 1 trough 105 as if fully set forth

herein.

31

107.    The Individual Defendants reached an agreement amongst themselves to fabricated evidence and falsely charge and  prosecute  Ken and  violate Ken's constitutional rights as described above. Moreover, the Individual Defendants conspired to prevent Ken's exoneration in connection with the post-conviction proceedings and specifically attempted to conceal the fact that prosecutorial misconduct had taken place by delaying the post-conviction proceedings and by attempting to broker a deal with Ken that would have involved waiving his civil rights.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to

the City.  The City is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.


108.    Each Defendant furthered the conspiracy to violate Ken's constitutional and civil rights by willfully and deliberately charging and convicting Ken of charges he was innocent of and concealing their wrongful conduct through, inter alia, manufacturing and withholding evidence,  thereby depriving Ken of exculpatory evidence and information to which he was lawfully entitled to and which would have led to his more timely exoneration of the false charges described above.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to

the City.  The City is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.


109.    Moreover, the Defendant State's Attorneys conspired to delay Ken's post-conviction proceedings in an effort to conceal the truth, prolong the proceedings until Ken's ultimate release and/or convince Ken to waive his civil rights in an effort to promote their own interests and prevent embarrassment.

ANSWER:     The City is without knowledge or information sufficient to form a belief as to the

truth of allegations in this paragraph.


110.    In this manner, the Individual Defendants, acting in concert with other unknown co-conspirators, have conspired by concerted action to accomplish an unlawful purpose by unlawful means.

32

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

111.    In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint unlawful activity.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

112.    As a direct and proximate result of the illicit agreement referenced above, Ken suffered injuries, including, but not limited to, lost wages, loss of normal life, humiliation,  fear, pain,  suffering,  a  conviction for a crime he did  not  commit, incarceration and emotional distress, as more fully alleged above.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

113.    The misconduct described above in this Count was taken with malice, willfulness and reckless indifference to Ken's rights.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

WHEREFORE, the City prays that this Court enter judgment in its favor on Plaintiff's Complaint, award the City costs and fees as allowed by law, and grant such further relief as this

Court deems just and proper.

## COUNT V

### V. Defendant Officers and City
### 42 U.S.C. § 1983 - Failure to Intervene

114.    Ken repeats and re-alleges paragraphs 1 through 113 above as if fully set forth herein.

ANSWER:    The City re-alleges its answers to paragraphs 1 through 113 as if fully set forth

herein.

115.    In the manner described above, during the constitutional violations described above, one or more of the Defendant Officers stood by without intervening to prevent this misconduct.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

116.    The Defendants had a duty to intervene in the unlawful conduct and committed by the other Defendant Officers.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to

the City.  The City is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.

117.    The Defendant Officers knew or should have known of the unlawful conduct.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

118.    Further, the Defendant Officers had a reasonable opportunity to prevent the harm to Gordon but failed to do so.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

119.    As a result of this failure to intervene to prevent the Defendants from violating Ken's constitutional rights, Ken suffered injuries, including, but not limited to, lost wages, loss of normal life, humiliation, fear, pain, suffering, a conviction for a crime he did not commit, incarceration and emotional distress, as more fully alleged above.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

120.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful, deliberate indifference to Ken's constitutional rights.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

WHEREFORE, the City prays that this Court enter judgment in its favor on Plaintiff's Complaint, award the City costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## COUNT VI

### V. Defendant State's Attorneys, Cook County and
### The Office of The Cook County State's Attorneys

## 42 U.S.C. § 1983 - Failure to Intervene

121.    Ken repeats and re-alleges paragraphs 1 through 120 above as if fully set forth herein.

ANSWER:    The City re-alleges its answers to paragraphs 1 through 120 as if fully set forth herein.


122.    In the manner described above, during the constitutional violations described above, one or more of the Defendants stood by without intervening to prevent this misconduct.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.


123.    The Defendants had a duty to intervene in the unlawful conduct committed by the other Defendant State's Attorneys.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.


124.    The Defendant State's Attorneys knew or should have known of the unlawful conduct.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.


125.    Further, the Defendants had a reasonable opportunity to prevent the harm to Gordon but failed to do so.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.


126.    As a result of this failure to intervene to prevent the Defendants from violating Ken's constitutional rights, Ken suffered injuries including, but not limited to, lost wages, loss of normal life, humiliation, fear, pain, suffering, a conviction for a crime he did not commit, incarceration and emotional distress, as more fully alleged above.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.


127.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful, deliberate indifference to Ken's constitutional rights.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.


WHEREFORE, the City prays that this Court enter judgment in its favor on Plaintiff's Complaint, award the City costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.


## COUNT VII

### V. All Defendants - State Law Claim - Malicious Prosecution

128.    Ken repeats and re-alleges paragraphs 1 through 127 above as if fully set forth

37

herein.

ANSWER:     The City re-alleges its answers to paragraphs 1 through 127 as if fully set forth

herein.

129.     The Defendants caused criminal prosecutions to commence against Ken.

ANSWER:     The City denies the allegations in this paragraph to the extent that they pertain to

the City.  The City is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.

130.     The Defendant Officers, employed by the City of Chicago, and the Defendant
State's Attorney's, employed by the County of Cook and the Office of the Cook County  State's
Attorney,  maliciously commenced and perpetrated criminal prosecutions against Ken without
probable cause.

ANSWER:     Upon information and belief, based on Chicago Police Department records, the

City admits that the Defendant Officers were employed by the City of Chicago.  The City is

without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in this paragraph.

131.     All such proceedings were terminated in Ken's favor, in a manner indicative of
his innocence.

ANSWER:      Upon information and belief, based upon records of the Circuit Court of Cook

County, the criminal case, number 01 CR 1930101 was terminated in Plaintiff's favor.  The City

is without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in this paragraph.

132.    The Defendants accused Ken as a perpetrator of criminal activity, knowing those accusations to be without probable cause, and knowing Ken to be innocent. Nonetheless, the Defendant Officers and Defendant State's Attorneys initiated the criminal prosecution of Ken knowing that Ken was innocent of said charges.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to

the City. The City is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.

133.    The Defendant Officers and State's Attorneys knowingly falsified evidence made false statements in complaints, reports, and orally to the Court and Grand Jury with the intent of exerting influence to institute and continue judicial proceedings in spite of the fact that they knew Ken was innocent.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

134.    The Defendant State's Attorneys and Defendant Officer's actions were taken with knowledge that Ken was innocent of the charges. The Defendant Officers statements regarding Ken's alleged guilt were made with knowledge that such statements were false and perjured. All of the Defendants fabricated evidence and/or presented false evidence to the Court in an effort to commit a fraud, and withheld exculpatory information from Ken and Ken's attorney in violation of Brady v. Maryland.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to

the City. The City is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.

135.    The misconduct described in this Count was undertaken with malice, willfulness and deliberate indifference to Ken's civil rights.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to

the City. The City is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.


136.    As a direct and proximate result, Ken suffered injuries, including, but not limited to, lost wages, loss of normal life, humiliation, fear, pain, suffering, a conviction for a crime he did not commit, incarceration and emotional distress, as more fully alleged above.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.


137.    Moreover,  Ken has been caused to incur substantial  legal  fees  in connection with the initiation and prosecution of this action.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.


WHEREFORE, the City prays that this Court enter judgment in its favor on Plaintiff's Complaint, award the City costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.


## COUNT VIII

### V. All Defendants State Law Claim - Conspiracy

138.    Ken repeats and re-alleges paragraphs 1 through 137 above as if fully set forth herein.

ANSWER:    The City re-alleges its answers to paragraphs 1 through 137 as if fully set forth herein.

139.    The Defendant Officers and Defendant State's Attorney's, acting in concert with other known and unknown co-conspirators, conspired by concerted action to accomplish an unlawful purpose by unlawful means - namely, the violation of Ken's constitutional rights as described above.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to

the City.  The City is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.


140.    In furtherance of the conspiracy, the Defendants committed overt acts and were otherwise willful participants in joint activity.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to

the City.  The City is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.


141.    The misconduct described in this Count was undertaken with malice, willfulness and deliberate indifference to Ken's rights.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to

the City.  The City is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.


142.    As a proximate result of Defendants' conspiracy, Ken suffered injuries, including, but not limited to, lost wages, loss of normal life, humiliation, fear, pain, suffering, a conviction for a crime he did not commit, incarceration and emotional distress, as more fully alleged above.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to

the City.  The City is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.

WHEREFORE, the City prays that this Court enter judgment in its favor on Plaintiff's

Complaint, award the City costs and fees as allowed by law, and grant such further relief as this

Court deems just and proper.


## COUNT IX

## V. Cook County Section 1983 Monell Claim


143.    Ken repeats and re-alleges paragraphs 1 through 142 above as if fully set forth

herein.

ANSWER:    The City re-alleges its answers to paragraphs 1 through 142 as if fully set forth

herein.


144.    Beginning as early as Ken's criminal case, the City and County, through its State's

Attorneys' Office, knew and/or should have known that their practices and policies caused their

employees to violate the civil rights of citizens, including, but not limited to Ken.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to

the City.  The City is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.


145.    Officials with final policy-making authority including Devine ratified and/or

condoned the behavior and conduct of the Defendant Officers and Defendant State's Attorneys

involved in Ken's arrest, incarceration and conviction, including, without limitation, Devine and

Stack. Moreover, these individuals allowed the continued incarceration of Ken throughout the

post-conviction proceedings in order to maintain leverage over Ken.   In furtherance of this

policy/procedure, the County authorized the Defendant State's Attorneys to offer Ken a deal

releasing him from prison in exchange for the waiver of his civil rights claims.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to

the City.  The City is without knowledge or information sufficient to form a belief as to the

42

truth of the remaining allegations in this paragraph.

146.    This practice of facilitating the abuse by aggressively opposing Ken's Petition was so prevalent and widespread that it constituted a de facto policy and of the Defendant State's Attorneys and County.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

147.    Moreover, the County has failed to implement policies and procedures to address the issues raised by Ken's Petition or avoid Ken's continued harm, namely, widespread misconduct from the Defendants by disregarding clear evidence that a constitutional violation has taken place and an innocent man had been convicted of a crime he had not committed.   In this regard, the County knew or should have known about the misconduct, yet took no steps to remedy it such that the failure to do so was deliberately indifferent.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

148.    The acquiescence of Devine, and the County, through the State's Attorneys' Office, continues through the present.  Devine, and the County have continued to shield the Defendant Officers and Defendant State's Attorneys from prosecution notwithstanding the crimes they committed against Ken and others.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

WHEREFORE, the City prays that this Court enter judgment in its favor on Plaintiff's Complaint, award the City costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

43

## COUNT X

### V. All Defendants - State Law Claim
### Intentional Infliction of Emotional Distress

149.    Ken repeats and re-alleges paragraphs 1 through 148 above as if fully set forth herein.

ANSWER:    The City re-alleges its answers to paragraphs 1 through 148 as if fully set forth

herein.


150.    The acts and conduct of the individual Defendants as set forth above were extreme and outrageous.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to

the City.  The City is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.


151.    The Defendants acted with malice and willfulness and intended to cause severe emotional distress to Ken, as is more folly alleged above.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to

the City.  The City is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.


152.    The Individual Defendants' actions and conduct did directly and proximately cause severe emotional distress to Ken, and thereby constituted intentional infliction of emotional distress.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to

the City.  The City is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.

153.    The misconduct described in this Count was undertaken with malice, willfulness and deliberate indifference to the rights of Ken.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to

the City.  The City is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.


154.    As a proximate result of Defendants' wrongful acts, Ken suffered injuries, including, but not limited to, lost wages, loss of normal life, humiliation, fear, pain, suffering, a conviction for a crime he did not commit, incarceration and emotional distress, as more folly alleged above.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.


WHEREFORE, the City prays that this Court enter judgment in its favor on Plaintiff's

Complaint, award the City costs and fees as allowed by law, and grant such further relief as this

Court deems just and proper.

## COUNT XI

### V. Defendant Officers and City
### 42 U.S.C. § 1983 - Unlawful Arrest

155.    Ken repeats and re-alleges paragraphs 1 through 154 above as if fully set forth herein.

ANSWER:    The City re-alleges its answers to paragraphs 1 through 154 as if fully set forth

herein.


156.    This Count is brought pursuant to the 42 U.S.C. § 1983  and the Constitution of the United States.

ANSWER:     The City admits the allegations contained in this paragraph.


157.    The Defendant Officers caused Ken to be arrested even though the Defendant Officers were void of any justifiable basis for the arrest and lacked probable cause for the arrest, in violation of the Fourth Amendment to the United States Constitution and Article I Section Six of the Illinois Constitution.

ANSWER:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.


158.    Specifically, the Defendant Officers procured Ken's arrest based solely on planted and/or fabricated evidence of a stolen car.

ANSWER:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.


159.    The arrest, based solely on the basis of the planted/fabricated stolen car, impugns the legality of the conviction based solely on that evidence.

ANSWER:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.


160.    The aforementioned actions of the Defendant Officers proximately caused  Ken to be deprived of his Fourth Amendment rights to be free from arrest to which probable cause as to the arrest did not exist.

ANSWER:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.


161.    As a direct and proximate result of the unlawful arrest described above, Ken suffered injuries, including, but not limited to, lost wages, loss of normal life, humiliation,  fear,

pain, suffering, a conviction for a crime he did not commit, incarceration and emotional distress, as more fully alleged above.

ANSWER:　　The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

WHEREFORE, the City prays that this Court enter judgment in its favor on Plaintiff's Complaint, award the City costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## COUNT XII

### V. Defendant Officers and City - State Law Claim False Imprisonment

162.　　Ken repeats and re-alleges paragraphs 1 through 161 above as if fully set forth herein.

ANSWER:　　The City re-alleges its answers to paragraphs 1 through 161 as if fully set forth herein.

163.　　The Defendant Officers caused Ken to be arrested even though the Defendant Officers were void of any justifiable basis for the arrest and lacked the probable cause for the arrest, in violation of the Fourth Amendment to the United States Constitution and Article I Section Six of the Illinois Constitution.

ANSWER:　　The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

164.　　Specifically, the Defendant Officers procured Ken's arrest based solely on planted and/or fabricated evidence of a stolen car.

ANSWER:　　The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

165.    The arrest, based solely on the basis of the planted/fabricated stolen car, impugns the legality of Ken's conviction based solely on that evidence.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

166.    Defendants false imprisonment of Ken continued from his arrest in July 2001 until his release.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

167.    As a result of the Defendant Officer's unlawful arrest of Ken he was restrained without reason and deprived of his freedom without cause.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

168.    The aforementioned actions of the Defendant Officers proximately caused Ken to be deprived of his right to be free from arrest to which probable cause as to the arrest did not exist.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

169.    As a direct and proximate cause of the Defendant's false imprisonment of Ken, Ken suffered injuries, including, but not limited to, lost wages, loss of normal life, humiliation,

fear, pain,  suffering,  a conviction for a crime he did not commit, incarceration and emotional distress, as more fully alleged above.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.


WHEREFORE, the City prays that this Court enter judgment in its favor on Plaintiff's Complaint, award the City costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.


## COUNT XIII

### V. All Defendants Negligence - Willful and Wanton Conduct

170.    Ken repeats and re-alleges paragraphs 1 through 169 above as if fully set forth herein.

ANSWER:    The City re-alleges its answers to paragraphs 1 through 169 as if fully set forth herein.


171.    The Defendants, owed Ken a duty to exercise reasonable care during their interactions with Ken, including Ken's restraint, detention, arrest and prosecution.

ANSWER:    The City states that Plaintiff's allegation regarding the City's duty toward Plaintiff is a vague, incomplete, and/or inaccurate recitation of the standard of care toward criminal defendants, and is therefore, denied.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

172.    The Defendants engaged in the following willful and wanton negligent conduct:

a.    Arrested the Ken without reason and without probable cause;

b.    Caused Ken to remain in a jail for an extended period of time;

c.    Failed to intervene when Ken was being restrained, arrested, prosecuted and incarcerated;

d.    Manufactured and/or fabricated false evidence;

e.    Obtained a conviction of Ken through false and perjured testimony as well as a stipulation procured by fraud which was used to commit a fraud on the Court;

f.    Failed to disclose exculpatory evidence that would have exonerated Ken to Ken and his counsel; and

g.    Acted with reckless disregard for the civil rights of Ken as described above.

ANSWER:    The City denies the allegations in this paragraph, including all the subparts to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.


173.    The City and County knew and/or should have known that their practices and policies caused their employees to violate the civil rights of citizens, including, but not limited to Ken.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.


174.    Moreover, neither the City nor County have implemented policies and procedures to address the issues raised by Ken's petition for post-conviction relief, namely, clear evidence that a constitutional violation has taken place and an innocent man has been convicted of a crime he had not committed.  In this regard the City and County lacked adequate remedial measures to avoid the type of harm inflicted on Ken.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

175.    Officials with final policy-making authority ratified and/or condoned the behavior of the Defendant Officers and Defendant State's Attorneys in affecting Ken's arrest, incarceration and conviction, including, without limitation Richard Devine and Celeste Stack.    Moreover, these individuals allowed for the continued incarceration of Ken throughout the post-conviction proceedings by not requiring that the Defendant State's Attorneys withdraw any objection to Ken's post-conviction relief. Instead, the City and/or County authorized the Defendant State's Attorneys to offer Ken a deal in exchange for his civil rights claims.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to

the City.  The City is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.


176.    Moreover, neither the City nor County have implemented policies and procedures to  address  the  issues raised  by Ken's Petition, namely,  widespread misconduct by the Defendants in disregarding clear evidence that a constitutional violation has taken place and an innocent man had been convicted of a crime he had not committed.   In this regard, the City and County lacked adequate remedial measures to avoid the type of harm inflicted on Ken.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to

the City.  The City is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.


177.    The acquiescence of Devine, the City and County, through the State's Attorneys Office, continues through the present.   Devine, the City and County have continued to shield the Defendant Officers and Defendant State's Attorneys from prosecution notwithstanding the crimes they committed against Ken and others.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to

the City.  The City is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.


178.    As a proximate result of the above-referenced conduct, Ken suffered injuries,

51

including, but not limited to, lost wages, loss of normal life, humiliation, fear, pain, suffering, a conviction for a crime he did not commit, incarceration and emotional distress, as more fully alleged above.

ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to

the City.  The City is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.


        WHEREFORE, the City prays that this Court enter judgment in its favor on Plaintiff's

Complaint, award the City costs and fees as allowed by law, and grant such further relief as this

Court deems just and proper.

## COUNT XIV

### Violation of 745 ILCS 10/9-102- V. City of Chicago and Cook County

    179.    Plaintiff re-alleges, restates and incorporates paragraphs one through 178 above as if fully set forth herein.

ANSWER:    The City re-alleges its answers to paragraphs 1 through 178 as if fully set forth

herein.


    180.    The Defendant Officers were at all times relevant to this complaint employees of the City of Chicago, Illinois, and engaged in the conduct complained of in the course and scope of their employment and while they were on duty.

ANSWER:    Upon information and belief, based on CPD records, the City admits that

Defendants Officer Doerge, Officer Baltazar, and Sergeant O'Connor were employees of the

City of Chicago at all times relevant to this complaint.  The City further admits, upon

information and belief, based on CPD records, that Defendants Officer Doerge, Officer Baltazar,

and Sergeant O'Connor acted in the course and scope of their employment and while they were

on duty at all times relevant to this Complaint.  The City is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

181.    The Defendant State's attorneys were at all times relevant to this complaint employees of the County of Cook, Illinois and the Office of the Cook County State's Attorney's, and engaged in the conduct complained of in the course and scope of their employment and while they were on duty.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

182.    Pursuant to 745 ILCS 10/9-102:

A local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages (and may pay any associated attorney's fees and costs) for which it or an employee while acting within the scope of his employment is liable in the manner provided in this Article.

ANSWER:    The City admits that plaintiff has accurately quoted a portion of 745 ILCS 10/9-

102, but denies that plaintiff has completely and accurately stated the City's liability under

Illinois law.

183.    The City of Chicago is the employer and principal of the Defendant Officers.

ANSWER:    Upon information and belief, based on CPD records, the City admits that

Defendants Officer Doerge, Officer Baltazar, and Sergeant O'Connor are employed by the City

of Chicago.   The City is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.

184.    The County of Cook, Illinois and the Office of the Cook County State's Attorneys

53

is the employer and principal of the Defendant State's Attorneys.

ANSWER:      The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph.


185.    The aforesaid acts of Defendant Officers were in the scope of their employment as Officers with the Police Department for the City of Chicago and under color of law and therefore the Defendant, the City of Chicago, as principal is liable for the actions of its agents under 745 ILCS 10/102.

ANSWER:      Upon information and belief, based on CPD records, the City admits that

Defendants Officer Doerge, Officer Baltazar, and Sergeant O'Connor were acting within the

scope of their employment as Chicago Police Officers and under the color of state law at all

times relevant to this Complaint.  The City states that plaintiff's allegation that the City, as

principal, is liable for the actions of its agents under 745 ILCS 10/102 is a vague, incomplete,

and/or incorrect statement of the nature of the City's liability under Illinois law; therefore, that

allegation is denied.  The City is without knowledge or information sufficient to form a belief as

to the truth of the remaining allegations in this paragraph.


186.    The aforesaid acts of Defendant State's Attorney's were in the scope of their employment as State's Attorney's for the County of Cook, Illinois and the Office of the Cook County State's Attorneys, and under color of law and therefore the Defendant, the City of Chicago, as principal is liable for the actions of its agents under 745 ILCS 10/102.

ANSWER:      The City denies it is liable for the actions of the Defendant State's Attorneys.  The

City further denies that the Defendant State's Attorneys are agents of the City under 745 ILCS

10/102.  The City is without knowledge or information sufficient to form a belief as  to the truth

of the remaining allegations in this paragraph.

54

WHEREFORE, the City prays that this Court enter judgment in its favor on Plaintiff's Complaint, award the City costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## COUNT XV

### Respondeat Superior V. City of Chicago, Cook County and the Office of the Cook County State's Attorney

187.    Plaintiff re-alleges, restates and incorporates paragraphs one through 186 above as if fully set forth herein.

ANSWER:    The City re-alleges its answers to paragraphs 1 through 186 as if fully set forth herein.

188.    The Defendant Officers were employees of the City of Chicago, and engaged in the conduct complained of in the course and scope of their employment while they were on duty.

ANSWER:    Upon information and belief, based on CPD records, the City admits that Defendants Officer Doerge, Officer Baltazar, and Sergeant O'Connor were employees of the City of Chicago at all times relevant to this Complaint. The City further admits, upon information and belief, based on CPD records, that Defendants Officer Doerge, Officer Baltazar, and Sergeant O'Connor acted in the course and scope of their employment and while they were on duty at all times relevant to this Complaint. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

189.    The Defendant State's Attorneys were employees of the County of Cook and the Office of the Cook County State's Attorney, and engaged in the conduct complained of in the course and scope of their employment while they were on duty.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

190.    The acts of the Defendant Officers and Defendant State's Attorneys were in the scope of their employment as officers with the City of Chicago and State's Attorneys of the County of Cook and the Office of the Cook County State's Attorney, respectively, were willful and wanton, and therefore the Defendants, the City of Chicago and County of Cook, as principals are liable for the actions of their agents under the doctrine of *respondeat superior*.

ANSWER:    Upon information and belief, based on CPD records, the City admits that Defendants Officer Doerge, Officer Baltazar, and Sergeant O'Connor were acting within the scope of their employment as Chicago Police Officers at all times relevant to this Complaint. The City states that plaintiff's allegation that the City, as principal, is liable for the actions of its agents under the doctrine of *respondeat superior* is a vague, incomplete, and/or incorrect statement of the nature of the City's liability under Illinois law; therefore, that allegation is denied.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

WHEREFORE, the City prays that this Court enter judgment in its favor on Plaintiff's Complaint, award the City costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1.    The Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act") does not require the City to pay any tort judgment or settlement for

any damages when its employee or agent was acting outside the scope of his or her employment. 745 ILCS 10/9-102 (2008).

    2.    Under the Illinois Tort Immunity Act, a public employee serving in a position involving the determination of policy or exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when action in the exercise of such discretion even though abused.  745 ILCS 10/2-201 (2008).

    3.    To the extent any employee or agent of the City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct.  745 ILCS 10/2-202 (2008).

    4.    Under the Tort Immunity Act, the City is not required to pay punitive or exemplary damages in any action brought directly or indirectly against it to the injured party or a third party.  745 ILCS 10/2-102 (2008).

    5.    The City is not liable for any injury caused by the act or omission of another person.  745 ILCS 10/2-204 (2008).

    6.     Under the Illinois Tort Immunity Act, a public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acts maliciously and without probable cause. 745 ILCS 10/2-208.

    7.    Neither the City nor a public employee is liable for failure to provide police protection service no for failure to provide adequate police protection or service, failure to prevent the commission of crimes, failure to detect or solve crimes, and failure to identify or apprehend criminals.  745 ILCS 10/4-102 (2008).

5.     To the extent that plaintiff failed to mitigate his damages, any verdict or judgment awarded to plaintiff must be reduced by application of the principle that plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to plaintiff by the jury in this case.

6.     To the extent any injuries or damages claimed by plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of plaintiff, any verdict or judgment obtained by plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this case.

7.     The City is not liable to plaintiff if its employees or agents are not liable to the plaintiff.  745 ILCS 10/2-109 (2006).

8.     The statue of limitations for any claim under Illinois state law that Plaintiff is attempting to plead is one year.  745 ILCS 10/8-101.  Plaintiff's state law claim of civil conspiracy, Count VII of Plaintiff's complaint,, False Imprisonment, Count XII of Plaintiff's complaint, and Negligence, Count XIII of Plaintiff's complaint, clearly fall within the ambit of the Tort Immunity Act.    In addition, to the extent Plaintiff's respondeat superior claim and Indemnification claim are based on Plaintiff's state law claims, those too are barred by the statute of limitations.  A cause of action sounding in tort, such as a civil conspiracy claim, accrues at, and limitations begin to run from, the date on which there is a wrongful invasion of personal or property rights, regardless of the time when the full extent of the injury or damages sustained is ascertained.   Austin v. House of Vision, 101 Ill.App.2d 251, 255, 243 N.E.2d 297, 299 (1st Dist. 1968).  Plaintiff alleges that the alleged acts of conspiracy by the defendants was the alleged false arrest and Brady violation.  Again, those alleged unlawful acts allegedly

58

occurred at the time of the arrest (July 25, 2001) and at trial (April 25, 2002).  Plaintiff became

aware of the alleged <u>Brady</u> violation at the latest on February 23, 2004, when plaintiff's criminal

trial attorney filed plaintiff's Petition for Post-Conviction Relief.  Because plaintiff waited until

January 2008 to file his complaint, plaintiff's state law claims of conspiracy, false imprisonment,

and negligence are time-barred by the one-year statute of limitations.  <u>See</u>, <u>e.g.</u>, <u>Luciano v.

Waubonsee Community College</u>, 245 Ill.App.3d 1077, 1086 (2nd Dist. 1993); <u>Kelly v. Myler</u>,

149 F.3d 641, 645 (7th Cir. 1998).

     9.     The statute of limitations for Plaintiff's federal claims of Unlawful Arrest and

False Arrest is timed barred and should be dismissed.  The status of limitation for Plaintiff's

Section 1983 claims arising in Illinois is two years.  <u>Ashafa v. City of Chicago</u>, 146 F.3d 459,

461 (7th Cir. 1998).  The question when a section 1983 claim accrues is governed by federal law.

<u>Wilson v. Garcia</u>, 471 U.S. 261, 268-71 (1985).  Under federal law, a cause of action accrues and

the limitations period begins running when the plaintiff learns of an illegal act, not when its

consequences are felt.  <u>See</u> <u>Chardon v. Fernandez</u>, 454 U.S. 6, 8 (1981) (per curiam); <u>Delaware

State College v. Ricks</u>, 449 U.S. 250, 258 (1980).  Thus, section 1983 claims accrue "when the

<u>plaintiff knows or should know that his or her constitutional rights have been violated."</u>  Wilson

<u>v. Giesen</u>, 956 F.2d at 740.  <u>Accord</u>, <u>Kelly v. City of Chicago</u>, 4 F.3d 509, 511 (7th Cir. 1993).

     10.     To the extent Plaintiff's complaint fails to allege a specific municipal policy

which gave rise to the alleged harm, the City of Chicago is not liable under Section 1983.  <u>See

McTigue v. City of Chicago</u>, 60 F.3d 381, 382 (7th Cir. 1995).  Plaintiff must show that the

municipal policy or custom and usage proximately caused te alleged unconstitutional conduct for

a municipality to be held liable, and that usually requires more than a single incident of

unconstitutional conduct.  <u>Calusinski v. Kurger</u>, 24 F.3d 931, 936 (7th Cir. 1994).

59

11.    The City of Chicago is immune from liabilty under a theory of willful and wanton conduct under the Tort Immunity Act regarding discretionary training, supervision, and control of police officers.  Taylor v. City of Chicago, 1997 WL 51445 (N.D. Ill ).

12.    To the extent Plaintiff has failed to allege that the City of Chicago's conduct has "been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of human decency," plaintiff's claim for intentional infliction of emotional distress shall be dismissed.  Oates v. Discovery Zone, 116 F.3d 1161, 1174 (7th Cir. 1997).

13.    Subsequent remedial measures are irrelevant to determination of liability of a municipality or its employees.   Calusinski v. Kurger, 24 F.3d 931, 936 (7th Cir. 1994).


### JURY DEMAND

The City requests a trial by jury.




Respectfully submitted,

MARA S. GEORGES,
CORPORATION COUNSEL
CITY OF CHICAGO

By:    /s/Rita Moran
Rita Moran
Assistant Corporation Counsel

30 N. LaSalle St., Suite 1020
Chicago, Illinois 60602
(312) 744-4939

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, certifies that, on July 1, 2008, a copy of the Defendant

City of Chicago's Answer, Defenses and Jury Demand to Plaintiff's Amended Complaint was

electronically filed pursuant to the rules of the CM/ECF system.


Juliet E. Boyd
Christopher J. Stasko
Richardson, Stasko, Boyd & Mack, LLC
20 South Clark, Suite 500
Chicago, Illinois 60603


Stephen L. Garcia
Cook County State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602

Scott J. Jebson
Assistant Corporation Counsel
30 North LaSalle Street, Suite 1400
Chicago, Illinois 60602


                                                 s/ Rita Moran
                                                 Rita Moran
                                                 Assistant Corporation Counsel