IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENNETH GORDON, )<br>        Plaintiff, )<br>)<br>vs. )<br>)<br>RICHARD DEVINE, ET AL.,. )<br>)<br>        Defendants. ) | NO.   08 C 377<br><br>JUDGE ASPEN |

**DEFENDANTS DOERGE, BALTAZAR AND O'CONNOR'S
MOTION TO DISMISS VARIOUS COUNTS OF PLAINTIFF'S
AMENDED COMPLAINT AT LAW**

Defendants Roberto Baltazar, Mark O'Connor and Andrew Doerge (Chicago police officers), by one of their attorneys, Scott Jebson, Chief Assistant Corporation Counsel for the City of Chicago, respectfully move to dismiss counts V, VIII, X, XI, XII, and XIII pursuant to Fed. R. Civ. P. 12(b)(6), and in support thereof, the defendants state:

**INTRODUCTION**

Plaintiff has filed an action against the defendants under 42 U.S.C. § 1983 and state tort law, attacking the lawfulness of his arrest and his confinement prior to dismissal of the criminal charges against him.  Plaintiff's complaint contains fifteen counts: Count I is a due process claim pursuant to 42 U.S.C. § 1983 against defendant Chicago police officers and the City of Chicago; Count II is a due process claim pursuant to 42 U.S.C. § 1983 against the Cook County defendants; Count III is also a due process claim pursuant to 42 U.S.C. § 1983 against the Cook County Defendants; Count IV is a conspiracy claim pursuant to 42 U.S.C. § 1983 against all defendants; Count V is a failure to intervene claim pursuant to 42 U.S.C. § 1983 against the defendant Chicago police officers and the City of Chicago; Count VI is a failure to intervene

claim pursuant to 42 U.S.C. § 1983 against the Cook County Defendants; Count VII is a malicious prosecution claim pursuant to state law against all the defendants; Count VIII is a conspiracy claim pursuant to state law against all the defendants; Count IX is a Monell claim against the Cook County Defendants; Count X is an intentional infliction of emotional distress claim pursuant to state law against all the defendants; Count XI is an unlawful arrest claim pursuant to 42 U.S.C. § 1983 against the defendant Chicago police officers; Count XII is a state law false imprisonment against the defendant Chicago police officers and the City of Chicago; Count XIII is a "Negligence – Willful and Wanton Conduct" claim pursuant to state law against all the defendants; Count XIV is an indemnification claim pursuant to state law against the City and the County; and Count XV is a respondeat superior claim pursuant to state law against the City and the County defendants.

    The federal claim arising from plaintiff's arrest -- alleged unlawful arrest (Count XI) -- accrued at the time of his arrest on July 25, 2001, and federal claims for conspiracy (Count IV) and failure to intervene (Count V) accrued at the time of his arrest, or shortly thereafter. Those alleged constitutional violations in no way depended on the future course of the criminal proceedings against plaintiff in state court -- he was entitled to recover for his claims under the Fourth Amendment and/or Fourteenth Amendment regardless of whether the state criminal prosecution was successful. Yet, plaintiff waited until 2008 to file suit. By then, the claims were untimely.

    Additionally, plaintiff's state law tort claims for conspiracy (Count VIII), for false imprisonment (Count XII) and "Negligence – Willful and Wanton"(Count XIII) are also time barred.

## STATEMENT OF FACTS

As it must, the defendants take the following well-pleaded facts of the complaint [1] as true for purposes of this motion to dismiss:

On July 25, 2001, plaintiff was on his way to start a new job as a helper loading trucks. (Complaint ¶ 19). On that date, at approximately 4:30 a.m., the Defendant Officers (the complaint does not identify which ones) stopped plaintiff while he was driving his automobile at or around 931 N. Kilpatrick, and arrested him for possession of a stolen motor vehicle. (Complaint ¶¶ 20, 23). Plaintiff alleges that the defendants did not have probable cause to arrest plaintiff. (Complaint ¶ 21). The defendant police officers prepared a false complaint and false police report in which they stated, either individually or on behalf of the alleged complaining witness, that plaintiff was in possession of a stolen vehicle. (Complaint ¶ 23). Plaintiff was arrested for allegedly possessing a stolen vehicle belonging to "Arthur Johnson." Plaintiff was never in possession of the car listed on the arrest report. (Complaint ¶ 23). Based on the false complaint and police report prepared by the defendant officers and approved by the Cook County State's Attorney's Office, the State filed a criminal complaint against plaintiff on July 26, 2001. (Complaint ¶ 24). The criminal complaint purportedly contained the signature of "Arthur Johnson."

Although the State purported that Author Johnson signed the criminal complaint described above, the complainant's name section indicated that the complainant was "Arthur Johnson/Todd Johnson." (Complaint ¶ 26). Neither Todd Johnson nor Arthur Johnson signed the criminal complaint, authorized the Chicago Police Department to sign the criminal complaint

---

[1] Please see as Docket number 58 a copy of plaintiff's amended complaint.

3

on their behalf, or ever owned the vehicle claimed to be stolen by plaintiff. (Complaint ¶¶ 27, 28). On August 13, 2001, at the grand jury proceedings, the Defendant State's Attorney asked defendant officer Doerge if he spoke with the owner of the allegedly stolen vehicle, Arthur Johnson, and officer Doerge intentionally and falsely answered, "yes", and officer Doerge knowingly and falsely testified that Arthur Johnson told him that he did not give plaintiff permission or authority to possess his vehicle. (Complaint ¶¶ 32. 33, 34). On August 16, 2001, based on the grand jury proceedings, the criminal complaint against plaintiff was superseded by an indictment, which charged plaintiff with possession of a stolen vehicle and possession of burglary tools with the intent to commit a motor vehicle theft. (Complaint ¶¶ 29, 30).

     On April 8, 2002, the defendant States Attorney filed an answer to discovery in plaintiff's criminal matter intentionally and falsely indicating that the State may call "Arthur 'Todd' Johnson" as a witness, in spite of the fact that no one named Arthur Todd Johnson existed, and that both a representative of Bionic Auto Parts and Sales and a representative of Tech. Credit Union might be called to testify. (Complaint ¶¶ 45, 46). Defendant States Attorney obtained the names of Bionic Auto Parts and Sales and a representative of Tech. Credit Union from the Illinois Secretary of State, and never turned over these documents to plaintiff's criminal defense attorneys, nor turned over any automobile records of the alleged stolen car, despite the representation to the criminal court that they would. (Complaint ¶¶ 47-49).

     On April 25, 2002, plaintiff's criminal matter was set for a bench trial. (Complaint ¶ 50). Just prior to the bench trial on April 25, 2002, outside of the courtroom, defendant Assistant State's Attorney Shearer ("ASA Shearer") intentionally and falsely informed plaintiff's criminal

defense attorney that the owner of the vehicle, Todd Johnson, was on "phone hold" and was willing and available to testify at trial that day, and that the owner of the vehicle had no criminal background. (Complaint ¶ 51). Defendant ASA Shearer made these representations in order to induce plaintiff's criminal defense attorney to enter into a stipulation that Todd Johnson was the owner of the vehicle, and that at no time did he authorize plaintiff to use the vehicle. (Complaint ¶¶ ¶¶ 52-55).

Plaintiff's criminal defense attorney spoke with the individual ASA Shearer identified as Todd Johnson on the phone, and that individual told plaintiff's criminal defense attorney that he was Todd Johnson, that he was the owner of the vehicle, and that the vehicle was in perfect condition at the time the car was stolen. (Complaint ¶ 52). Based on the false representations made by ASA Shearer and by the individual on the phone who identified himself as Todd Johnson, the owner of the vehicle, plaintiff's criminal defense attorney agreed to stipulate to the ownership/lack of consent at plaintiff's criminal trial. (Complaint ¶ 53). ASA Shearer entered the stipulation into the criminal Court Record indicating that he had spoken with the owner of the vehicle, Todd Johnson, and that if called to testify, Todd Johnson would state that he was the owner of the vehicle, that the vehicle was in working condition and that he had not given plaintiff permission to use his vehicle. (Complaint ¶ 54).

On April 25, 2002, plaintiff was found guilty of possession of a stolen vehicle and not guilty on the charge of possession of burglary tools with the intent to commit a motor vehicle theft. (Complaint ¶ 67). On May 23, 2002, plaintiff was sentenced to nine years of incarceration at the Illinois Department of Corrections. (Complaint ¶ 68).

According to plaintiff, at the time that the stipulation was entered at the criminal trial

regarding ownership of the vehicle, and at all relevant times prior to the bench trial on April 25, 2002, all the defendants had knowledge that at the time of plaintiff's arrest, neither Todd Johnson nor Arthur Johnson owned the vehicle that was alleged to be stolen by plaintiff.  (Complaint ¶ 55).  Plaintiff alleges that according to the records from the Illinois Secretary of State, which the plaintiff claims the defendants had possession of, the owner of the vehicle on the date of plaintiff arrest was Go America Auto Insurance, Inc.  (Complaint ¶ 55).

On February 23, 2004, plaintiff filed his Petition for Post-Conviction Relief, alleging violations of his civil rights through prosecutorial misconduct by the Illinois State's Attorney's Office and violation of Brady v. Maryland.  (Complaint ¶ 69).  On June 14, 2007, Judge Vincent Gaughan granted plaintiff's Petition for Post-Conviction Relief, dismissed the indictment against plaintiff and vacated his conviction and sentence.  (Complaint ¶ 75).  On January 16, 2008, plaintiff filed this civil suit.

## STANDARD OF REVIEW

Courts generally should dismiss a complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," Hishon v. King & Spalding, 467 U.S. 69, 104 S. Ct. 2229, 2232 (1984).  A court, however, is "not required 'to ignore any facts set forth in the complaint that undermine the plaintiff's claim or assign any weight to unsupported conclusions of law.'" City National Bank of Florida v. Checkers, Simon & Rosner, 32 F.3d 277, 281 (7th Cir. 1994) (citations omitted).

## ARGUMENT

**I.      Plaintiff's Federal Claim for Unlawful Arrest is Time-Barred.**

The statute of limitations that applies to section 1983 claims arising in Illinois is two

years.  Ashafa v. City of Chicago, 146 F.3d 459, 461 (7th Cir. 1998).  The question when a section 1983 claim accrues is governed by federal law.  Wilson v. Garcia, 471 U.S. 261, 268-71 (1985).  Under federal law, a cause of action accrues and the limitations period begins running when the plaintiff learns of an illegal act, not when its consequences are felt.  See Chardon v. Fernandez, 454 U.S. 6, 8 (1981) (per curiam); Delaware State College v. Ricks, 449 U.S. 250, 258 (1980).  Thus, section 1983 claims accrue "when the plaintiff knows or should know that his or her constitutional rights have been violated."  Wilson v. Giesen, 956 F.2d at 740.  Accord, Kelly v. City of Chicago, 4 F.3d 509, 511 (7th Cir. 1993).

      Plaintiff's claim in Count XI alleges an unreasonable seizure in violation of the Fourth Amendment.  Specifically, plaintiff alleges in Count XI (unlawful arrest) that he was arrested without probable cause, which is an unreasonable seizure within the meaning of the Fourth Amendment.  See, e.g., Hayes v. Florida, 470 U.S. 811, 815-16 (1985).  Applying the rule that a claim accrues when the plaintiff knows or should have known that his rights were violated, the Seventh Circuit has long held that a claim for unreasonable seizure "accrues at the time of the arrest or search."  Perez v. Sifel, 57 F.3d 503, 505 (7th Cir. 1995) (per curiam).  Indeed, this has long been the rule, even if criminal charges are brought against the plaintiff and remain pending during the limitations period.  See, e.g., Wilson v. Giesen, 956 F.2d at 740-41; Rinehart v. Locke, 454 F.2d 313, 315 (7th Cir. 1971).

      These principles make clear that plaintiff's claim of unlawful arrest accrued at the time the alleged violation occurred.   Plaintiff was present at the time of arrest and questioning and was aware that these events were unfolding.  Plaintiff has never contended that he did not know and could not have known that his rights were being violated during his arrest.  His unlawful

arrest claim accordingly accrued at the time of the arrest on July 25, 2001. Nevertheless, plaintiff did not file suit until January 2008. His claim was filed after the applicable statute of limitations had run and, therefore, was untimely.

Plaintiff may argue that Heck v. Humphrey, 114 S. Ct. 2364 (1994), allows him to overcome these limitations problems. Specifically, plaintiff may argue that, under Heck, his unlawful arrest claim did not accrue until the criminal charges against him were dismissed. This argument, if presented, would be contrary to law.

In Heck v. Humphrey, the Supreme Court held that section 1983 claims that would have the effect of rendering the plaintiff's conviction or sentence invalid do not accrue until the plaintiff's conviction has been vacated. See 114 S. Ct. at 2372. The Court reasoned that when, in order to prevail on a section 1983 challenge, a plaintiff would have to "negate an element of the offense of which he had been convicted," a section 1983 claim goes to the validity of a criminal conviction and cannot properly be raised in a section 1983 action. See id. at 2372 n.6. Accordingly, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Id. at 2372. "But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should . . . proceed . . . ." Id. (emphasis in original).

Heck does not bar the claim at issue here. Plaintiff could have filed claims for unlawful arrest claim on the next day after they occurred in 2001. Heck bars only claims that necessarily impugn the validity of a charge or conviction. The claim at issue here does not fall into that category. The fact that the case against an arrestee was initiated by an unreasonable search or

8

seizure does not mean that the charges -- or a subsequent conviction -- are invalid. If the prosecution can adduce sufficient evidence not tainted by the Fourth Amendment violation, then it can sustain both the charges and an ensuing conviction. In Gerstein v. Pugh, 420 U.S. 103 (1975), the Court made the point quite clearly: [T]he established rule [is] that illegal arrest or detention does not void a subsequent conviction." Id. at 119. The Court reiterated in United States v. Crews, 445 U.S. 463 (1980), that "[a]n illegal arrest, without more, has never been viewed . . . as a defense to a valid conviction." Id. at 474. And in Haring v. Prosise, 462 U.S. 306 (1983), the Court held that a prisoner's action to recover for illegal search and seizure was not barred by his plea of guilty to possessing items found in the search because the validity of the conviction "is simply irrelevant to the legality of the search under the Fourth Amendment or to Prosise's right to compensation from state officials under § 1983." Id. at 316. Indeed, in Heck itself, the Court offered as an example of the type of claim that would not impugn the validity of a conviction "a suit for damages attributable to an allegedly unreasonable search . . . even if the challenged search produced evidence that was introduced in a state criminal trial . . . ." 114 S. Ct. at 2372 n.7. This is "[b]ecause of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful." Id. (emphasis in original) (citations omitted).

  The Seventh Circuit has also concluded that any section 1983 claim for damages resulting from a false arrest is not barred by Heck and accrues immediately after the arrest, because such alleged violations of the Fourth Amendment would not necessarily impugn the validity of a conviction. See Copus v. City of Edgerton, 151 F.3d 646, 648-49 (7th Cir. 1998); Gonzalez v. Entress, 133 F.3d 551, 553 (7th Cir. 1998); Washington v. Summerville, 127 F.3d 552, 559;

Booker v. Ward, 94 F.3d 1052, 1056 (7th 1996). In explaining those holdings, the Seventh Circuit reasoned that "wrongful detentions [are] actionable under state law and the fourth amendment no matter what happens to the criminal prosecution" (i.e., that the injury of being detained illegally is compensable regardless of whether the plaintiff is later convicted or even prosecuted). See, e.g., Gonzalez, 133 F.3d at 553.

In Gonzalez, after being acquitted of murder charges, Gonzalez brought a section 1983 action, alleging that the police violated his Fourth and Fifth Amendment rights by arresting him without probable cause, and by using excessive force to illegally obtain information from him and to force him to exhibit himself in a line-up. Id. at 552, 555. The District court dismissed plaintiff's complaint as time-barred, and the Seventh Circuit affirmed, holding that the Illinois two year statute of limitations began to run when the events in question allegedly occurred, rather than when plaintiff was eventually cleared of the charges arising from his arrest. Id. at 552-53, 555.

In Booker v. Ward, 94 F.3d 1052 (7th Cir. 1996), Booker brought a Fourth Amendment claim against detectives who had allegedly arrested him without probable cause. See id. at 1056. Booker had been convicted, but the Illinois Appellate Court held that he had been arrested without probable cause, leading to the suppression of his confession and eventually an order of *nolle prosequi* at the request of the prosecution. See id. at 1054. But Booker brought suit more than two years after his arrest, and so he argued that under Heck his section 1983 claim did not accrue until his conviction was vacated. Id. at 1056. The court rejected that reading of Heck:

> [A] wrongful arrest claim, like a number of other Fourth
> Amendment claims, does not inevitably undermine a
> conviction; one can have a successful wrongful arrest claim and

> still have a perfectly valid conviction. Although in this case the
> Illinois Appellate Court's conclusion that Booker's confession
> was the inadmissible product of an unlawful arrest ultimately
> resulted in the dismissal of murder charges against Booker, in
> many cases the prosecutor will have other evidence that will
> support a retrial. As it happens, here the prosecutor did not
> have such other evidence to produce against Booker. But there
> is nothing necessary or inevitable about that result.

Id. (citations omitted). Accordingly, because Booker did not bring suit within two years of his arrest, "the two-year statute of limitations bar[red] his suit." Id. at 1057.

As Booker explains, the inquiry dictated by Heck is whether a section 1983 claim "necessarily" implies the invalidity of a conviction, not whether success on the claim would taint some of the evidence offered as part of the prosecution's case. And as Booker requires, Heck does not call for a case-by-case inquiry into the impact of the plaintiff's section 1983 claim based on the evidence against him; rather, Heck asks if that claim is inherently inconsistent with a valid charge or conviction. As Booker holds, because the prosecution may be able to convict an individual even if evidence derived from an arrest without probable cause is suppressed, this type of Fourth Amendment claim is not dependent on the outcome of the criminal case.

Plaintiff accordingly could have brought the section 1983 claim attacking his arrest in a timely fashion prior to the termination of his criminal proceedings. He did not. Indeed, he filed his unlawful arrest claim well after the two-year limitations period had run, and they are therefore time-barred. Therefore, plaintiff's federal claim for unlawful arrest should be dismissed.

**II.    Plaintiff's Section 1983 Conspiracy Claim and Failure to Intervene Clam are Time-Barred.**

Plaintiff's conspiracy claim under section 1983 as set out in count IV of his complaint is also time-barred. A civil conspiracy, such as the one alleged by plaintiff, "accrues 'when the

11

plaintiff becomes aware that he is suffering from a wrong from which damages may be recovered in a civil action.'" Wilson v. Giesen, 956 F.2d at 740 (quoting Scherer v. Balkema, 840 F.2d 437, 440 (7th Cir.), cert. denied, 486 U.S. 1043 (1988)).  A plaintiff can only recover for overt acts that occur within the limitations period.  See Scherer, 840 F.2d at 440.  And "characterizing the defendants' wrongful acts as having been committed in furtherance of a 'continuing' conspiracy should not postpone accrual of damage claims based on individual wrongful acts." Id.  Here, as explain above, plaintiff's federal claims for the alleged unreasonable seizure accrued when he was arrested, or, at the latest when plaintiff learned of the alleged Brady violation, either of which was more than two years before he filed this suit.  Therefore, plaintiff's section 1983 conspiracy claim in count II of his complaint should be dismissed as time-barred.

Moreover, plaintiff's failure to intervene claim in count V should be dismissed as time-barred.  Plaintiff is alleging that the defendant officers failed to intervene in plaintiff's alleged wrongful arrest, and alleged Brady violations.  Since this cause of action accrued at the time of the arrest and/or at the time of his knowledge of the alleged Brady violations, plaintiff failure to intervene claim is time-barred.

**III.    Plaintiff's State Law Claim for Civil Conspiracy and False Imprisonment are time-barred by the Applicable Statute of Limitations**

The Illinois' Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act") provides as follows:

> No civil action may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued.  For purpose of this Article, the term "civil action" includes any action, whether based upon the common law or statutes or Constitution of this State.

745 ILCS 10/8-101.

Plaintiff's state law claim of civil conspiracy (Count VIII) and false imprisonment (Count XII) clearly fall within the ambit of the Tort Immunity Act. A cause of action sounding in tort, such as a civil conspiracy claim and false imprisonment claim, accrues at, and limitations begin to run from, the date on which there is a wrongful invasion of personal or property rights, regardless of the time when the full extent of the injury or damages sustained is ascertained. Austin v. House of Vision, 101 Ill.App.2d 251, 255, 243 N.E.2d 297, 299 (1st Dist. 1968). Plaintiff's false imprisonment claim is based on being arrested without probable cause, which accrued at the time of the arrest, July 25, 2001. And plaintiff alleges that the alleged acts of conspiracy by the defendants was the alleged false arrest and Brady violation. Again, those alleged unlawful acts allegedly occurred at the time of the arrest (July 25, 2001) and at trial (April 25, 2002). Plaintiff became aware of the alleged Brady violation at the latest on February 23, 2004, when plaintiff's criminal trial attorney filed plaintiff's Petition for Post-Conviction Relief. Because plaintiff waited until January 2008 to file his complaint, plaintiff's civil conspiracy claim and false imprisonment claim are time-barred by the one-year statute of limitations. See, e.g., Luciano v. Waubonsee Community College, 245 Ill.App.3d 1077, 1086 (2nd Dist. 1993); Kelly v. Myler, 149 F.3d 641, 645 (7th Cir. 1998).

**IV.     Plaintiff's Claim for "Negligent-Willful Wanton Conduct" does not exist as a viable cause of action in Illinois, and even if it did, it would be time-barred by the one-year statute of limitations.**

Plaintiff entitles Count XIII of his complaint as "Negligent - Willful and Wanton Conduct." There is no such cause of action in Illinois. In fact, such a claim does not make sense.

Negligent conduct and willful and wanton conduct are two completely different types of conduct, one being more culpable than the other. Additionally, the defendant officers (and the City) are immune from negligent actions under section 2-202 of the Illinois Tort Immunity Act. 745 ILCS 10/2-202. Section 2-202 of the Illinois Tort Immunity Act provides that "[a] public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct." 745 ILCS 10/2-202. Therefore, plaintiff's reference to negligence, negligent conduct, or a duty of "reasonable care" should be stricken. Moreover, Illinois courts have consistently held that there is no separate and independent tort of willful and wanton misconduct in the common law in Illinois. Sparks v. Starks, 367 Ill.App.3d 834, 856 N.E.2d 575 (1st Dist. 2006). Even if there were such an independent cause of action under the Illinois common law, that claim would be barred by the statute of limitations. As such, for the reasons stated above, Count IX should be dismissed.

## **CONCLUSION**

This Court should grant this motion to dismiss counts V, VIII, X, XI, XII, and XIII of plaintiff's amended complaint because plaintiff failed to commence this litigation within the appropriate statute of limitations. This Court should also dismiss Count XIII as there is no viable cause of action in Illinois for "Negligence - Willful and Wanton Conduct" (both of these arguments will be moot if those counts are dismissed as being time barred).

Wherefore, defendants Roberto Baltazar, Mark O'Connor and Andrew Doerge respectfully request that this Court enter an order dismissing counts V, VIII, X, XI, XII, and XIII of plaintiff's amended complaint, pursuant to Fed. R. Civ. P. 12(b)(6), and any other relief this

Court deems just.

                                       Respectfully submitted,

                                       /s/ Scott Jebson
                                      SCOTT JEBSON
                                      Chief Assistant Corporation Counsel

30 North LaSalle Street
Suite 1400
Chicago, Illinois  60602
312/744-6959
Atty. No. 6225243