IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH GORDON, | ) | |
| Plaintiff, | ) | |
| | ) | NO.  08 C 377 |
| vs. | ) | |
| | ) | JUDGE ASPEN |
| RICHARD DEVINE, ET AL.,. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS DOERGE, BALTAZAR AND O'CONNOR'S
REPLY IN SUPPORT OF THEIR MOTION TO
DISMISS VARIOUS COUNTS OF PLAINTIFF'S
AMENDED COMPLAINT AT LAW**

Defendants Roberto Baltazar, Mark O'Connor and Andrew Doerge (defendant police officers), by one of their attorneys, Scott Jebson, Chief Assistant Corporation Counsel for the City of Chicago, for their reply in support of their motion to dismiss counts IV,[1] V, VIII, XI, XII, and XIII pursuant to Fed. R. Civ. P. 12(b)(6), states as follows[2]:

---

[1] Defendant police officers mistakenly did not include in the heading of their motion or in their prayer for relief that they were moving to dismiss count IV (section 1983 conspiracy claim) of plaintiff's amended complaint.  However, defendant police officers clearly set out in their motion arguments in favor of dismissing count IV and requested that it should be dismissed, and continue to request dismissal of that count.  It was simply an inadvertent error on the part of the undersigned not to put in the heading or prayer for relief that the defendant police officers were requesting dismissal of count IV.  Plaintiff essentially acknowledges such an error in that in his response brief plaintiff sets out arguments why count IV should not be dismissed.  The undersigned apologizes to the Court and counsel for this mistake.

[2] Plaintiff points out the defendant police officers requested dismissal of count X (state law intentional infliction of emotional distress claim) in their motion but do not set forth an argument as to why it should be dismissed.  Defendant police officers are not moving to dismiss count X, and the inclusion of count X in the heading and the prayer for relief was an inadvertent error, and the undersigned apologizes to the Court and counsel for this mistake.

I.    **PLAINTIFF'S FEDERAL CLAIMS IN COUNTS IV, V AND XI ARE TIME BARRED**

As stated in their original motion, the federal claim arising from plaintiff's arrest -- alleged unlawful arrest (Count XI) -- accrued at the time of his arrest on July 25, 2001, and federal claims for conspiracy (Count IV) and failure to intervene (Count V) accrued at the time of his arrest, or shortly thereafter.   Those alleged constitutional violations in no way depended on the future course of the criminal proceedings against plaintiff in state court -- he was entitled to recover for his claims under the Fourth Amendment and/or Fourteenth Amendment regardless of whether the state criminal prosecution was successful.  Yet, plaintiff waited until 2008 to file suit.  By then, the claims were untimely.

As the defendant police officers anticipated, plaintiff argues in his response brief that under Heck v. Humphrey, 114 S. Ct. 2364 (1994), his unlawful arrest, failure to intervene and federal conspiracy claims did not accrue until the criminal charges against him were dismissed. The defendant police officers went into great detail as to why this argument must fail in their original motion.  Therefore, the defendant police officers will do their best not to rehash arguments already raised in their original motion.  Instead, defendant police officers will focus on the case law plaintiff attempts to rely on in support of his argument that the above-mentioned causes of actions did not accrue until the criminal charges were dismissed.

The case which plaintiff primarily relies on in his response brief is Wiley v. City of Chicago, et al., 361 F.3d 994 (7th Cir. 2004).   However, plaintiff's reliance on Wiley is misplaced, as that case is clearly distinguishable from the present case.   In Wiley, plaintiff was arrested and prosecuted for possession of narcotics.  Plaintiff in Wiley claimed the defendant

officers planted drugs on him and therefore, was arrested without probable cause. The plaintiff

in Wiley then filed a section 1983 claim against the defendant police officer who arrested him

and the City more than two years after his arrest. Defendants moved to dismiss plaintiff's claim

arguing that because plaintiff waited more than two years after his arrest to file his federal claim,

that claim was time-barred. The plaintiff claimed that under Heck, his federal claim did not

accrue until the criminal charges against him were dismissed. The Seventh Circuit in Wiley

agreed with plaintiff. However, the Wiley court went to great lengths to first point out that in

most cases (i.e., the general rule) a civil rights claims of false arrest or wrongful arrest arising out

of the Fourth Amendment begin to accrue at the time of the arrest regardless of subsequent

criminal proceedings. Specifically, the Seventh Circuit in Wiley held:

> "Following Heck, this court has often held that civil rights claims of
> false or wrongful arrest arising out of the Fourth Amendment begin to
> accrue at the time of the arrest regardless of subsequent proceedings.
> [citations omitted]. The rationale behind this approach is that a wrongful
> arrest claim does not necessarily undermine a conviction; 'one can have a
> successful wrongful arrest claim and still have a perfectly valid conviction.'
> [citations omitted] Therefore, generally speaking, claims for wrongful arrest
> may be brought immediately because 'the injury of being detained illegally
> is compensable regardless of whether the plaintiff is convicted or even
> prosecuted.'"

361 F.3d at 996-97.

The Wiley Court then stated that there may be limited times where a successful section

1983 challenge to an unlawful arrest claim would indeed impugn the validity of the plaintiff's

conviction, and in those case, the unlawful arrest claim would not accrue until the criminal

charges against plaintiff were dismissed. The Wiley Court found that the facts of that case fell

into this limited exception where the section 1983 cause of action for an unlawful arrest did not

3

accrue until the criminal charges were dismissed. <u>Id</u> at 997-98. Specifically, the <u>Wiley</u> court

stated, "if Wiley's attack on his arrest would challenge the only evidence supporting a potential

conviction, then his claim did not begin to accrue until the charges were dismissed in July 2002."

<u>Id</u>.

     Unlike the plaintiff's claim in <u>Wiley</u>, the plaintiff's unlawful arrest claim in this case

does not challenge the only evidence supporting a potential conviction.   Here, plaintiff was

arrested for allegedly possessing a stolen vehicle, in violation of 625 ILCS 5/4-103(a)(1)[3], which

states:

> **"4-103. Offenses relating to motor vehicles and other vehicles--Felonies.**
>
> (a) Except as provided in subsection (a-1), it is a violation of this Chapter for:
>
>> (1) A person not entitled to the possession of a vehicle or essential part of a
>> vehicle to receive, possess, conceal, sell, dispose, or transfer it, knowing it to have
>> been stolen or converted; additionally the General Assembly finds that the
>> acquisition and disposition of vehicles and their essential parts are strictly
>> controlled by law and that such acquisitions and dispositions are reflected by
>> documents of title, uniform invoices, rental contracts, leasing agreements and bills
>> of sale. It may be inferred, therefore that a person exercising exclusive
>> unexplained possession over a stolen or converted vehicle or an essential part of a
>> stolen or converted vehicle has knowledge that such vehicle or essential part is
>> stolen or converted, regardless of whether the date on which such vehicle or
>> essential part was stolen is recent or remote.

     Again, unlike the plaintiff in <u>Wiley</u>, the plaintiff's unlawful arrest claim in the present

case does not challenge the *only* evidence supporting a potential conviction.   Importantly, the

only basis of plaintiff's unlawful arrest claim is that he was arrested for possession a stolen

---

[3]  See attached as exhibit "A" a copy of the criminal complaint, which is referenced
throughout plaintiff's amended complaint.

vehicle belonging to "Arthur Johnson", and that Arthur Johnson did not own the vehicle at any time. In other words, the only complaint plaintiff has regarding his unlawful arrest claim is that the vehicle that he was in when he was arrested was not owned by "Arthur Johnson." Even accepting that "Arthur Johnson" did not own the vehicle in question at the time of plaintiff's arrest, that does not mean that the prosecution would not be able to convict the plaintiff of being in possession of a stolen motor vehicle. Nowhere in the criminal statute cited above does it state that a individual violates criminal statute 625 ILCS 5/4-103(a)(1) if they possess a vehicle owned by "Arthur Johnson" without his permission. All the prosecution has to prove to convict the plaintiff is that he was not entitled to possess the vehicle he was in at the time of the arrest and that the plaintiff knew the vehicle was stolen. In other words, unlike the claim in Wiley that the police officers planted drugs on the plaintiff, the plaintiff in this case is not claiming the defendant officers in this case "planted the car on plaintiff", i.e., that the police officers placed the plaintiff in a stolen car against his will. Rather, what plaintiff is complaining about is that the stolen car that he was in when he was arrested was never owned by "Arthur Johnson." As Booker v. Ward, 94 F.3d 1052 (7th Cir. 1996) explains, the inquiry dictated by Heck is whether *the plaintiff's section 1983 claim* "necessarily" implies the invalidity of a conviction, not whether success on the plaintiff's claim would taint some of the evidence offered as part of the prosecution's case. The bottom line is that the basis for plaintiff's section 1983 wrongful arrest claim (that the vehicle he was in was never owned by "Arthur Johnson") would not undermine the constitutionality of a conviction for that crime. Plaintiff accordingly could have brought the section 1983 claim attacking his arrest in a timely fashion prior to the termination of his criminal proceedings. He did not. Therefore, plaintiff's federal claim for unlawful arrest should be

5

dismissed.

Additionally, for the same reasons above, plaintiff's conspiracy claim under section 1983 as set out in count IV of his amended complaint is also time-barred. A civil conspiracy, such as the one alleged by plaintiff, "accrues 'when the plaintiff becomes aware that he is suffering from a wrong from which damages may be recovered in a civil action.'" Wilson v. Giesen, 956 F.2d at 740 (quoting Scherer v. Balkema, 840 F.2d 437, 440 (7th Cir.), cert. denied, 486 U.S. 1043 (1988)). A plaintiff can only recover for overt acts that occur within the limitations period. See Scherer, 840 F.2d at 440. And "characterizing the defendants' wrongful acts as having been committed in furtherance of a 'continuing' conspiracy should not postpone accrual of damage claims based on individual wrongful acts." Id. Here, as explain above, plaintiff's federal claims for the alleged unreasonable seizure accrued when he was arrested, or, at the latest when plaintiff learned of the alleged Brady violation, either of which was more than two years before he filed this suit. Therefore, plaintiff's section 1983 conspiracy claim in count IV of his amended complaint should be dismissed as time-barred.[4]

Moreover, plaintiff's failure to intervene claim in count V should be dismissed as time-barred. Plaintiff is alleging that the defendant police officers failed to intervene in plaintiff's alleged wrongful arrest, and alleged Brady violations. Since this cause of action accrued at the time of the arrest and/or at the time of his knowledge of the alleged Brady violations, plaintiff failure to intervene claim is time-barred.

---

[4] Plaintiff's argument in his response brief that his federal conspiracy claim constitutes a continuing violation is a non-starter, and contrary to the law. The very case plaintiff cites throughout his brief, Wiley v. City of Chicago, reiterates that the Seventh Circuit has rejected the approach of a continuing violation.

## II.   PLAINTIFF'S STATE LAW CLAIM FOR CIVIL CONSPIRACY AND FALSE IMPRISONMENT ARE TIME-BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS

It is undisputed that under the Illinois Tort Immunity Act, plaintiff had one year to file his state law claims for civil conspiracy (count VIII) and false imprisonment (XII).  Plaintiff seems to argue that because the defendants are not contesting the timeliness of his state law malicious prosecution claim that the false imprisonment claim and civil conspiracy claim must be timely. Plaintiff fails to realize that state law claims for false imprisonment, civil conspiracy and malicious prosecution are all separate claims, which have different elements to their causes of actions.   In other words, just because plaintiff's state law claim for malicious prosecution may be timely, does not mean that his state law claims for false imprisonment and civil conspiracy are timely.

A cause of action sounding in tort, such as a civil conspiracy claim and false imprisonment claim, accrues at, and limitations begin to run from, the date on which there is a wrongful invasion of personal or property rights, regardless of the time when the full extent of the injury or damages sustained is ascertained.  Austin v. House of Vision, 101 Ill.App.2d 251, 255, 243 N.E.2d 297, 299 (1st Dist. 1968).   Plaintiff's false imprisonment claim is based on being arrested without probable cause, which accrued at the time of the arrest, July 25, 2001. And plaintiff alleges that the alleged acts of conspiracy by the defendants was the alleged false arrest and Brady violation.  Again, those alleged unlawful acts allegedly occurred at the time of the arrest (July 25, 2001) and at trial (April 25, 2002).  Plaintiff became aware of the alleged Brady violation at the latest on February 23, 2004, when plaintiff's criminal trial attorney filed

plaintiff's Petition for Post-Conviction Relief. Because plaintiff waited until January 2008 to file

his complaint, plaintiff's civil conspiracy claim and false imprisonment claim are time-barred by

the one-year statute of limitations. See, e.g., Luciano v. Waubonsee Community College, 245

Ill.App.3d 1077, 1086 (2nd Dist. 1993); Kelly v. Myler, 149 F.3d 641, 645 (7th Cir. 1998).

**III.    Plaintiff's Claim for "Negligent-Willful Wanton Conduct" (Count XIII) does not exist as a viable cause of action in Illinois, and even if it did, it would be time-barred by the one-year statute of limitations.**

Plaintiff continues to mix apples and oranges. Negligent conduct and willful and wanton

conduct are two completely different types of conduct, one being more culpable than the other.

Even the Illinois Pattern Jury Instructions define these two standards differently. The Illinois

Pattern Jury Instructions defines "Negligence" as follows:

> "When I use the word 'negligence' in these instructions, I mean the
> failure to do something which a reasonably careful person would do,
> or the doing of something which a reasonably careful person would
> not do, under circumstances similar to those shown by the evidence.
> The law does not say how a reasonably careful person would act
> under those circumstances. That is for you to decide."

Illinois Pattern Jury Instructions (2006), 10.01.

Meanwhile, the Illinois Pattern Jury Instructions define willful and wanton conduct as

follows:

> "When I use the expression 'willful and wanton conduct' I mean a
> course of action which [shows actual or deliberate intention to harm]
> [or which, if not intentional, ] [shows an utter indifference to or
> conscious disregard for (a person's own safety) (and) (the safety of
> others) ].

Illinois Pattern Jury Instructions (2006), 14.01 (brackets and parentheses in original).

8

As shown above, negligent conduct and willful and wanton conduct are two completely different standards. Yet plaintiff continues to want to combine the two. Importantly, the defendant police officer are immune from negligent actions under section 2-202 of the Illinois Tort Immunity Act. 745 ILCS 10/2-202. Therefore, plaintiff's reference to negligence, negligent conduct, or a duty of "reasonable care" should be stricken. Moreover, Illinois courts have consistently held that there is no separate and independent tort of willful and wanton misconduct in the common law in Illinois. Sparks v. Starks, 367 Ill.App.3d 834, 856 N.E.2d 575 (1st Dist. 2006). Even if there were such an independent cause of action under the Illinois common law, that claim would be barred by the statute of limitations. As such, for the reasons stated above, Count XIII should be dismissed.

## CONCLUSION

This Court should grant this motion to dismiss counts IV, V, VIII, XI, XII, and XIII of plaintiff's amended complaint because plaintiff failed to commence this litigation within the appropriate statute of limitations. This Court should also dismiss Count XIII as there is no viable cause of action in Illinois for "Negligence - Willful and Wanton Conduct" (both of these arguments will be moot if those counts are dismissed as being time barred).

Wherefore, defendants Roberto Baltazar, Mark O'Connor and Andrew Doerge respectfully request that this Court enter an order dismissing counts IV, V, VIII, XI, XII, and XIII of plaintiff's amended complaint, pursuant to Fed. R. Civ. P. 12(b)(6), and any other relief this

Court deems just.

Respectfully submitted,

_/s/ Scott Jebson_____

SCOTT JEBSON

Chief Assistant Corporation Counsel

30 North LaSalle Street

Suite 1400

Chicago, Illinois  60602

312/744-6959

Atty. No. 6225243

FELONY

CCCR-N662-100M-10/18/00 (03420215)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

The People of Illinois
Plaintiff

EX 1A

COMPLAINT FOR PRELIMINARY EXAMINATION
61135885

v.

NO. _____

KENNETH W GORDAN
Defendant

AURTHOR JOHNSON _____ complainant, now appears before
(Complainant's Name Printed of Typed)

The Circuit Court of Cook County and states that

KENNETH W GORDAN           916 HARVEY OAK PRK IL 60302 has, on or about
(defendant)                (address)

JULY 25 2001          at          KILPATRICK
(date)                           (place of offense)

committed the offense of UNLAWFUL POSSESSION OF STOLEN MOTOR VEHICLE in that he/she
WHILE NOT BEING ENTITLED TO BE IN POSSESSION OF SAID VEHICLE
POSSESSED A 1995 BUICK REG# 544NEV KNOWING IT TO HAVE
BEEN STOLEN,

in violation of   625      ILCS            5 /4-103 (a) i
(Chapter)                    (Act)              (Section)

FILED
JUL 2 6 2001

DOROTHY BROWN
CLERK OF CIRCUIT COURT

_Aurtho Johnson_
(Complainant's Signature)

CHARGE CODE

16747 S PAXTON
(Complainant's Address)        (Telephone No.)

STATE OF ILLINOIS }
COOK COUNTY      } ss.

AURTHOR JOHNSON/TODD JOHNSON
(Complainant's Name Printed or Typed)

Being first duly sworn, P.O DEERGE #16110 on oath, deposes and says the he/she read the foregoing
complaint by him/her subscribed and that the same is true.

_Aurthor Johnson_
(Complainant's Signature)

Subscribed and sworn to before me          JULY          25          2001
                                    DOROTHY BROWN BY
                                       (Judge or Clerk)

Have examined the above complaint and the person presenting the same and have heard evidence thereon, and am satisfied that there
probable cause for filling same. Leave is given to file said complaint.

Summons Issued,
  or                Judge _____                          Judge's No. _____

Warrant Issued,
  or                Bail set at, _____

Bail set at _____                    Judge _____        Judge's No. _____

### CLERK OF THE CIRCUIT COURT OF COOK COUNTY

CIO

COURT FILE COPY